IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIN JOHNS, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>PAYCOR, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>) Hon.<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b), Defendant Paycor, Inc. ("Paycor") removes this action from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois. As set forth below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) because minimal diversity exists, and the amount placed in controversy by the putative class members' claims exceeds $5,000,000, exclusive of interest and costs.

## CLAIMS ASSERTED AND RELIEF SOUGHT

1. Plaintiff Kellin Johns ("Plaintiff"), in his Complaint, purports to state a number of claims against Paycor on behalf of a putative class, alleging that Paycor intentionally and negligently violated various provisions of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

2. Paycor is a payroll processing company, offering payroll processing and related solutions to clients throughout the country. Plaintiff alleges that Paycor "designs and manufactures fully-integrated time and attendance products and services," including "biometric time keeping devices" that "require scans of users' biometric data" to track the work hours of individual employees. (*See* Complaint at ¶¶ 1-3, attached hereto as **Exhibit A**, alongside copies

of all process, pleadings, and orders served upon Paycor in accordance with 28 U.S.C. § 1446(a)).

3. Plaintiff seeks a variety of relief on behalf of the putative class in a number of forms, including declaratory, injunctive, and "other equitable relief," "reasonable attorneys' fees," "pre- and post-judgment interest," and—most critically—"statutory damages of $5,000 for each intentional" BIPA violation, and $1,000 for "each negligent violation" pursuant to 740 ILCS 15/20.  (*Id.* at Prayer for Relief.)  He seeks this relief not only for himself, but also on behalf of a putative class of individuals, defined as:

> All individuals working in the State of Illinois who had their fingerprints, hand geometry, or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant during the applicable statutory period.

(*Id.* at ¶ 61.)

4. Plaintiff asserts three counts of alleged negligent and/or willful violations of BIPA.  In Count I, Plaintiff alleges that Paycor failed to institute, maintain, and adhere to a publicly-available retention schedule for the retention and destruction of biometric identifiers and biometric information in violation of 740 ILCS § 14/15(a).  (*Id.* at ¶¶ 72-29.)  In Count II, Plaintiff alleges Paycor failed to obtain written consent and release before it obtained biometric identifiers or information from himself and the putative class, as required by 740 ILCS § 14/15(b).  (*Id.* at ¶¶ 81-89.)  Finally, in Count III, Plaintiff alleges that Paycor disclosed his biometric identifiers and information in violation of Section 14/15(d) of BIPA.  (*Id.* at ¶¶ 91-98.)

## THIS COURT'S JURISDICTION UNDER CAFA

5. CAFA provides for United States District Courts original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" where "any member of a class

of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. ¶ 1332(d)(1). These requirements are satisfied here.

## I.     This Matter is a "Class Action."

6.      A "class action" for purposes of CAFA is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  As noted, Plaintiff seeks to bring three BIPA claims on behalf of "[a]ll individuals working in the State of Illinois who had their fingerprints, hand geometry, or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant during the applicable statutory period." (Compl. at ¶ 61.)  He brings these claims under 735 ILCS 5/2-801 *et seq.*, Illinois' statutory mechanism for class actions. (*Id.* at ¶ 59.)

## II.    Minimal Diversity Exists.

7.      Plaintiff is a citizen of the State of Illinois.  (Compl. at ¶ 19.)

8.      Paycor is not a citizen of Illinois.  Rather, Paycor is incorporated under the laws of the State of Delaware, and has its principal place of business in Ohio.  (Declaration of Robert Whitworth, attached hereto as **Exhibit B**, at ¶ 2.)

9.      Accordingly, the minimal diversity required by CAFA exists.  *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965066 (7th Cir. 2016) (minimal diversity necessary for CAFA existed where class representatives were Illinois citizens, while Defendant was incorporated in Delaware, with its principal place of business in Arizona.)

## III.   The Amount in Controversy, Aggregated Across All Putative Class Claims, Also Satisfies the $5,000,000 Minimum Threshold.

10.     Under CAFA, the putative class members' claims "shall be aggregated" for

determining the amount in controversy.  *See* 28 U.S.C. § 1332(d)(6).  Here, the allegations of the Complaint, the declaration of Paycor employee Robert Whitworth, and other undisputed facts demonstrate that $5,000,000 amount in controversy threshold is met.

11. Plaintiff alleges that the "total number of putative class members exceeds fifty (50) individuals." (Compl. at ¶ 63.)  He also claims that he worked at no fewer than *six* Club Fitness, Inc. locations in Illinois, specifically, Alton, Wood River, Granit City, Collinsville, Fairview Heights, and Belleville.  (*Id.* at ¶ 47.)  From October 2015 through March 2016, Paycor processed payroll relating to at least 50 Club Fitness employees at the five Illinois locations who used the time clocks at those locations.  (Whitworth Decl. at ¶¶ 4-6; *see also* Compl. ¶ 61.)

12. With respect to each of these locations, Plaintiff alleges that "Paycor provided Club Fitness with time and attendance hardware and software," including time clocks.  (Compl. at ¶ 48.)  Moreover, Plaintiff alleges that these time clocks feature a "reader" which "scans the worker's fingerprints or hand geometry to clock in and out of work shifts and meal breaks" and "require scans of users' biometric data in order for those users to clock in and out of work."  (*Id.* at ¶¶ 2-3.)

13. Paycor allegedly "collected and managed the biometric data of [Plaintiff] and other Club Fitness employees," (*Id.* at ¶ 48), and has engaged in "systematic" BIPA violations which, he contends, are ongoing. (*Id.* at ¶¶ 38, 86, 96.)  According to Plaintiff, Paycor has violated BIPA as to *each* putative class member by, among other things, collecting biometric data without notice and consent.  (*See* Count II.)

14. Paycor's records indicate the number of times each Club Fitness employee used a time Clock to "clock in" or "clock out" of work. (Whitworth Decl. at ¶ 4.)  The total number of these "clock in" and "clock out" punches made by employees at Illinois Club Fitness locations is

no less than 1,100 during the time period Paycor performed services for Club Fitness.  (*Id.* at ¶ 6.)

15. Plaintiff alleges each such "clock in"/"clock out" punch constitutes a separate intentional and/or reckless violation of BIPA (Compl. at ¶¶ 2-3, 37, 86, 96), and he seeks, on behalf of himself and the putative class, "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)[.]"  (*Id.* at ¶ 79, 89, 98, Prayer for Relief.)  Therefore, the total amount in controversy—aggregated across the claims the putative class members claims—exceeds $5,000,000 ($5,000 multiplied by 1,100 punches equals $5,500,000 as claimed relief in Count II).  This satisfies CAFA's amount in controversy threshold.  *See* 28 U.S.C. § 1332(d)(2); *Spivey v. Vertrue*, 528 F.3d 982, 983 (7th Cir. 2008) (removing CAFA defendant need only show that recovery in excess of the $5,000,000 jurisdictional minimum is "not legally impossible."); *see also Peatry v Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019 (denying motion for remand "where BIPA and the complaint can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members clocked in and out of work.")

## PROCEDURE FOR REMOVAL

16. Paycor was served with the Complaint in this matter on February 11, 2020.  Paycor is filing this notice within 30 days of the date of service.  As such, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

17. Removal to this Court is proper because the United States District Court for the Southern District of Illinois is the District Court of the United States for the district and division embracing the Circuit Court of Madison County, Illinois.  28 U.S.C. § 93(a)(1).

- 5 -

18. A copy of all process, pleadings, and orders served upon Paycor are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

19. Paycor is filing notice of the removal of this action with the Circuit Court of Madison County in accordance with 28 U.S.C. § 1446(d).

Dated: March 11, 2020                                     Respectfully submitted,

                                                 */s/ Michael Galibois*

                                                 Michael O'Neil (No. 6201736)
                                                 Michael B. Galibois (No. 6272257)
                                                 Karlin E. Sangdahl (No. 6313895)
                                                 REED SMITH LLP
                                                 10 South Wacker Drive, 40th Floor
                                                 Chicago, IL 60606-7507
                                                 T: (312) 207-1000
                                                 F: (312) 207-6400
                                                 michael.oneil@reedsmith.com
                                                 mgalibois@reedsmith.com
                                                 ksangdahl@reedsmith.com

                                                 *Counsel for Defendant Paycor, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 11, 2020, a true and accurate copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties. Parties may access this filing through the Court's CM/ECF system.

/s/ Michael Galibois

Michael Galibois
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
T: (312) 207-1000
F: (312) 207-6400

*Counsel for Defendant Paycor, Inc.*