# EXHIBIT B

Case 3:20-cv-00264-DWD   Document 45-2   Filed 11/12/20   Page 1 of 4   Page ID #248

## IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| KELLIN JOHNS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUB FITNESS OF ALTON, LLC, CLUB FITNESS OF COLLINSVILLE, LLC, CLUB FITNESS OF FAIRVIEW HEIGHTS, LLC, CLUB FITNESS OF GRANITE CITY, LLC, CLUB FITNESS OF WOOD RIVER, LLC, CUST SERV CF, LLC and CLUB FITNESS, INC.<br><br>Defendants. | Case No. 2018 L 000080<br><br>FILED<br>OCT 14 2020<br>CLERK OF CIRCUIT COURT #47<br>THIRD JUDICIAL CIRCUIT<br>MADISON COUNTY, ILLINOIS |

### FINAL APPROVAL ORDER AND FINAL JUDGMENT

On October 2, 2020, the Court heard Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. The Court finds that there is a bona fide legal dispute between the Parties as to whether Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 720 ILCS 14/1, *et seq.* by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to develop and

adhere to a publicly available retention schedule and guidelines for permanently destroying biometric data.

2. The Court grants final approval of the settlement memorialized in the Class Action Settlement Agreement ("Settlement Agreement") and filed with the Court.

3. The Court finds that the settlement is fair, reasonable and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of Plaintiff's case on the merits weighed against Defendants' defenses, and the complexity, length and expense of further litigation, support approval of the settlement; (b) the Settlement Amount of $750,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the settlement expressed by Class Counsel and counsel for Defendants, all of whom have significant experience representing parties in complex class actions, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Class Members supports approval of the settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

4. The Court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff and the Class Members as provided in the Settlement Agreement.

5. The Notice of Proposed Settlement of Class Action Lawsuit (collectively, "Notice Materials"), sent to the Class Members by the Settlement Administrator via first class mail and email adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, their right to request exclusion from the

settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing.

6. Rust Consulting ("Rust") is administering the settlement pursuant to the Settlement Agreement, with the assistance of Class Counsel and Defendants' counsel. Rust shall make a Settlement Payment to each member of the Settlement Class who did not timely opt out of the settlement, as well as to the Named Plaintiff, in accordance with the provisions of the Settlement Agreement.

7. This Court hereby dismisses the case in its entirety with prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law.

8. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

Date: 13 October 2020

_____
CIRCUIT JUDGE

3