IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIN JOHNS and JUAN BARRON, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>    v.<br><br>PAYCOR, INC.,<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-00264-DWD<br>)<br>) Hon. David W. Dugan<br>)<br>)<br>)<br>) |

## DEFENDANT PAYCOR, INC.'S MOTION TO STAY

Defendant Paycor, Inc. ("Paycor") hereby moves this Court to stay all proceedings in this lawsuit pending decisions by (i) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No 20-3202, (ii) the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562, and (iii) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.[1]

A stay of this case is proper pending resolution of the appeals in *Cothron*, *Tims*, and *Marion*. The appeals in those cases each address issues that are fundamental to this case: statute of limitations and accrual of claims. The outcomes of these appeals could result in dismissal of Plaintiffs' claims. At a minimum, they will dramatically shape this lawsuit by controlling the size of the putative class. The most prudent course for this Court would be to stay this case in its entirety pending the resolution of these appeals so that this lawsuit can be litigated under the most recent and accurate state of the law for BIPA claims.

---

[1] The *Cothron*, *Tims*, and *Marion* orders granting leave to appeal are attached hereto as, respectively, Exhibits A, B, and C.

1

**FACTUAL BACKGROUND**

Plaintiffs' First Amended Complaint alleges various violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, related to Plaintiffs' use of time clocks to clock in and out of work at their former place of employment, Club Fitness. Plaintiffs allege that Club Fitness required them to clock in and out using a scan of their fingers. (Dkt. 40 at ¶ 51.) Plaintiffs further allege that through their use of said time clocks, Paycor, a timekeeping technology and payroll services provider who at one point provided the time clocks used by Club Fitness, improperly collected and used Plaintiffs' biometric data without complying with the requirements of BIPA. (*Id.* at ¶¶ 73-100.)

The appeals are summarized next.

***Tims and Marion.*** On April 23, 2020, the Illinois Appellate Court for the First Judicial District granted a petition for interlocutory appeal under Illinois Supreme Court Rule 308 in *Tims* to determine whether BIPA claims are governed by a one-year or five-year statute of limitations. *See* Ex. B. Shortly thereafter, the Illinois Appellate Court for the Third Judicial District granted a Rule 308 petition in *Marion* to address whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. *See* Ex. C. Both cases are fully briefed.

***Cothron***. On November 9, 2020, the Seventh Circuit Court of Appeals granted a petition in *Cothron* brought pursuant to 28 U.S.C. § 1292(b) that will address the following crucial issue:

> Whether a private entity violates Sections 15(b) or 15(d) of [BIPA] only when it is alleged to have first collected or to have first disclosed ['biometric data'] of an individual without complying with those Sections, or whether a violation occurs under Sections 15(b) or 15(d) each time that a privacy entity allegedly collects or discloses the individual's biometric data.

*Cothron v. White Castle Sys., Inc.*, No. 1:19-cv-00382, Defendant White Castle System, Inc.'s Motion to Amend Ruling to Certify Question for Appeal, ECF No. 135, at 1 (N.D. Ill. Aug. 17,

2020). Briefing in *Cothron* is scheduled to be completed by May 2021. *Cothron v. White Castle Sys., Inc.*, No. 20-3202, ECF No. 13 (7th Cir. Mar. 2, 2021).

## ARGUMENT

This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). As explained below, the outcome of the above appeals will be binding on, or at least critically persuasive to, this Court's resolution of key legal issues in this case. The Court therefore should exercise its discretion to stay the case until the issues presented by the above appeals are decided.

### I. A one- or two-year statute of limitations would bar the claims of the Plaintiffs in this case.

Most importantly, if the First District and the Third District hold that BIPA claims are governed by a one-year statute of limitations (or if the Third District concludes that such claims are subject to a two-year statute of limitations), Plaintiffs' BIPA claims would be time-barred.[2] Plaintiffs' case centers on Paycor's alleged failure to obtain their consent before it allegedly collected their biometric data and allegedly disclosed it to third parties. But Plaintiffs allege that

---

[2] A decision on the statute of limitations by the Illinois Appellate Courts would likely bind this Court. *See Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) ("The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision . . . would likely be binding here.") (citing *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015)).

Club Fitness used Paycor devices that collected Plaintiffs' biometric data from "September 2015 through April of 2016[.]" (Dkt. 40 at ¶ 50.)

Plaintiff Johns filed the initial complaint in this case in the Circuit Court of Madison County on January 29, 2020 (Dkt. 1-1), and Plaintiff Barron joined the suit through a First Amended Complaint filed on October 29, 2020, 2020 (Dkt. 40). Accordingly, even if the Seventh Circuit holds in *Cothron* that each scan on a time clock constitutes a separate violation, and so a BIPA violation does not accrue upon the first use of the device that allegedly collects biometrics, Plaintiffs' final scan on a Paycor device in April of 2016 occurred significantly more than two years prior to filing.

A court assessing a motion to stay should consider whether staying the proceedings has the potential to save time, money, and effort for everyone concerned and, if so, weigh such benefits against potential hardships the stay will impose on the opponent. *Landis*, 299 U.S. at 254. Granting a stay is particularly appropriate where doing so will "avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). As other district courts have already concluded, staying a case in which a defendant could seek dismissal of a plaintiff's BIPA claims on statute-of-limitations grounds pending the appeals courts' decisions in *Cothron*, *Tims*, and *Marion* will preserve time and resources the parties would otherwise expend drafting and arguing motions, conducting discovery, and litigating potential discovery disputes, and will also preserve time the Court would devote to resolving those motions and disputes. *See, e.g., Donets v. Vivid Seats LLC*, No. 1:20-cv-03551, ECF No. 37 at 4 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.).[3]

---

[3] A court in the Central District recently ruled on a similar motion requesting a stay pending various BIPA appeals by staying discovery but not consideration of a fully briefed motion to dismiss. *See Brandenberg v. Meridian Senior Living, LLC*, No. 20-cv-03198, ECF No. 19 at 5 (N.D. Ill. Mar. 1, 2021). Paycor would not oppose this Court adopting a similar approach and considering Paycor's pending motion to

This same principle holds true here. As noted above, if the Illinois Appellate Courts hold that either the one-year or the two-year statute of limitations applies to BIPA claims, Plaintiffs' claims will be untimely and must be dismissed. In that case, any effort and expense spent on litigating Plaintiffs' claims while the appeals were pending would be wasted.

**II.     The pending appeals will also impact whether class certification is appropriate.**

The outcome of the appeals will also bear heavily on the issue of class certification, which is imminent in this case. Plaintiffs must disclose their expert on class certification issues by March 23, 2021, and the current deadline for Plaintiffs to file a motion for class certification is June 14, 2021. (Dkt. 54.) The appeals in *Cothron*, *Tims*, and *Marion* all have the potential to vastly impact the size of the class, as their combined outcome could limit or even eliminate the putative class's timely claims. Efforts to conduct adequate class discovery and litigate the issue of class certification make little sense while so many unanswered legal questions are being considered by the Illinois Appellate Courts and the Seventh Circuit that will directly impact any class Plaintiffs could try to certify. This alone warrants a stay. *See Donets*, No. 1:20-cv-03551, ECF No. 37 at 4 (holding stay appropriate pending outcome in *Cothron* even if it will not dispose of the case because of the potential impact on class size); *Bell v. SDH Servs. W., LLC*, No. 1:20-cv-01381, ECF No. 22 at 3 (N.D. Ill. Aug. 27, 2020) (Ellis, J.) (granting a stay pending *Tims* because a ruling "could streamline discovery and class certification proceedings").

On the other hand, temporarily staying this case will not prejudice Plaintiffs or the other putative class members. Indeed, as Plaintiffs acknowledge in their Complaint, Paycor has not provided timekeeping or payroll services to the employer for whom they worked since 2016.

---

dismiss—which is fully briefed and raises issues that are not under consideration in any of the appeals discussed in this motion—while staying all other activity in the case.

Moreover, initial fact discovery is complete; depositions have been taken and documents produced. Thus, there is little risk of memories fading over time due to a stay, and the next issues to receive the parties' focus will largely be legal ones. Given the strong efficiencies that will be gained from clarifications in the law, the benefits of a stay strongly outweigh any costs of one.

Numerous federal courts evaluating recent motions to stay BIPA cases agree. *See*, *e.g.*, *Donets*, No. 1:20-cv-03551, ECF No. 37 at 4 (concluding that plaintiff's "concerns do not justify denying [defendant's] request for a stay, taking into account the economies to be gained from staying this litigation" and granting a stay pending *Cothron*, *Marion*, and *Tims*); *see also Varnado v. W. Liberty Foods*, No. 20-CV-2035, 2021 WL 545628, at *2 (N.D. Ill. Jan. 5, 2021) (Coleman, J.) (staying a BIPA case pending the appeal in *Tims* because "[defendant's] concerns do not outweigh the judicial economy of staying these proceedings under the circumstances"); *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *3 (N.D. Ill. Oct. 23, 2020) (Aspen, J.) (noting that "courts have concluded that stays are appropriate considering countervailing interests weighing in favor of a stay" and granting stay pending *Tims*); *Bell*, No. 1:20-cv-03181, ECF No. 22 at 3 ("[T]he ruling in *Tims* could streamline discovery and class certification proceedings. In light of these considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay.").[4]

In addition, the risk of prejudice is particularly slight here, where Plaintiffs previously settled a separate BIPA case against their former employer for the same allegations on which they premise their claims here. (Dkt. 45-3.) The settlement provided significant compensation for both Plaintiff Johns and Plaintiff Barron. *Id.* at 8 (noting that the settlement would provide class members "net individual payments of approximately $795.00."); *see also* Barron Dep. at 43:18-

---

[4] Numerous Illinois trial courts have also granted stays pending current BIPA appeals.

23 (Ex. D). Further, Plaintiffs no longer work at Club Fitness, where they allege any improper collection or use of their data occurred, and Club Fitness no longer uses Paycor devices in any event. (Dkt. 40 at ¶¶ 48-50.) As such, there is no concern over any continued or ongoing collection or use of Plaintiff's data by Paycor. Put simply, there is no reason why Plaintiffs' claims here cannot wait to be resolved until after the various appellate courts have an opportunity to clear up some of the legal uncertainty surrounding Plaintiffs' BIPA claims.

## CONCLUSION

For the reasons discussed above, Paycor respectfully requests that the Court enter an order staying all proceedings pending decisions by the Seventh Circuit Court of Appeals in *Cothron v. White Castle Sys., Inc.*, No. 20-3202; the Illinois Appellate Court for the First Judicial District in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562; and the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.

Dated: March 17, 2021

Respectfully submitted,

**PAYCOR, INC.**

By: */s/ Matthew C. Wolfe*
      One of Its Attorneys

Melissa A. Siebert (IL Bar No. 6210154)
Matthew C. Wolfe (IL Bar No. 6307345)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: 312.704.7700
Facsimile: 312.558.1195
masiebert@shb.com
mwolfe@shb.com

*Attorneys for Defendant Paycor, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on **March 17, 2021**, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record. Parties may access this filing through the Court's system.

                                                               /s/     Matthew C. Wolfe