IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLIN JOHNS and JUAN BARRON,** Individually and on behalf of others similarly situated**.** ) ) ) ) | |
| **Plaintiffs,** ) ) | Case No. 20-cv-00264-DWD |
| vs. ) ) | |
| **PAYCOR, INC.** ) | |
| **Defendant.** ) | |

## ORDER STAYING CASE

**DUGAN, District Judge:**

Before the Court is the Defendant Paycor, Inc.'s Motion to Stay (Doc. 55) all proceedings in this matter pending decisions by the Seventh Circuit Court of Appeals in *Cothron v White Castel System, Inc*. No. 20-3202, the Illinois Appellate Court for the First Judicial District in *Tims v Black Horse Carriers*, Case No. 1-20-0562, and the Illinois Appellate Court for the Third Judicial Circuit in *Marion v. Ring Container Techs, LLC,* No. 3-20-0184. Paycor argues that "[t]he outcomes of these appeals could result in dismissal of Plaintiffs' claims" because the issues raised in them "are fundamental to this case: statute of limitations and accrual of claims". (Doc. 55, p. 1) In response, the Plaintiffs argue that "likelihood of success for the appellants in *Tims* and *Marion* is low," then point to several cases throughout the district courts in Illinois and Illinois state circuit courts where applicability of the one- year and two-year statutes of limitations have been rejected. (Doc. 60, p. 4) Plaintiffs go on to argue that Paycor has not met its burden of establishing that staying this matter is justified.

1

## LEGAL STANDARDS

"District Courts have the power to control their own dockets, including the discretion to stay proceedings." *Roberson v. Maestro Consulting Servs. LLC,* No. 20-CV-00895-NJR, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021) (Citing *Munson v. Butler,* 776 F. App'x 339, 342 (7th Cir. 2019)( "It is true that a district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues.") The Court is vested with "broad discretion" to decide whether a stay is justified. *Clinton v Jones*, 520 U.S. 681, 706 (1997). When deciding whether to grant a stay, a court should "balance the competing interests of the parties and the interest of the judicial system" by considering the following three factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley*IEOR v. Teradata Operations, Inc.,* No. 17 C 7472, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019).

## DISCUSSION

Plaintiffs claim that Paycor violated the Illinois Biometric Information Privacy Act ("BIPA"), 40 ILCS § 14/1, *et. seq.* Specifically Plaintiffs allege in their First Amended Complaint that Paycor is an employee timekeeping technology and payroll services provider, and that Plaintiffs' biometric data was obtained and collected through their use of time clocks related to their employment. In response, Paycor filed a Motion to Dismiss

(Doc. 44) alleging generally that Plaintiffs fail to properly allege a claim under BIPA. In that motion, Paycor does not raise the issue of statute of limitations or claim accrual. Rather, Paycor raises those issue for the first time in its Motion to Stay.

As noted above, Paycor now contends that this matter should be stayed pending the outcome of two Illinois Appellate Courts' decisions. In both *Tims* and *Marion,* the pertinent issue presented is whether BIPA claims are subject to the one-, two- or five-year statutes of limitations. It appears that that issue, once decided, may serve to control the statute of limitations and guide the parties in this litigation. [1]

Further, presently before the Seventh Circuit Court of Appeals in the *Cothron* case is the question whether the final violation in a series of violations of the BIPA determines when a claim accrues for statute of limitations purposes. There, the Plaintiff claims that the statue of limitations did not begin to run on any portion of her claim until the occurrence of the final violation, that is, the last time her fingerprint was collected and disseminated by her employer. *Cothron v. White Castle Sys., Inc.,* 477 F. Supp. 3d 723, 729 (N.D. Ill. 2020).  Here, Paycor asserts that Plaintiff Johns' and Plaintiff Barrons' final scan on a Paycor device occurred as late as April 2016, nearly four years prior to filing suit. Thus, the determination by the Seventh Circuit Court of Appeals in *Cothron*, in conjunction with the decisions in *Tims* and *Marion*, could play some significant part in

---

[1] Several district courts, including this district court, have stayed proceedings pending decisions in *Tims, Marion* and *Cothron*. See *Varnado v W. Liberty Foods*, No. 20-CV-2035, 2021 WL 545628, *2 (N.D., Ill., Jan.5, 2021); *Vaughan v Biomat USA, Inc.,* 2020 WL 6262359 at *3 (N.D. Ill. Oct. 23, 2020); Roberson v. Maestro Consulting Services, LLC, 2021 WL 1017127 (S.D. Ill. Mar. 17, 2021)

determining the rights of the parties in this case, as well as the many similarly situated potential parties in this and other BIPA litigations.

The stage of development of a case should also be examined to assess the propriety of a stay. Before this Court is the Plaintiffs' Motion for Class Certification (Doc. 61) which was filed prior to the deadline of June 14, 2021 set by the Scheduling Order. (Doc. 54). Paycor is presently required to respond by July 8, 2021. Thus, this case has reached a point in its development where the parties and this Court would be otherwise committed to expending significant resources addressing the question of certification. Part of the process of certification under Fed. R. Civ. P. Rule 23 necessarily involves establishing the adequacy of the class representatives and the typicality of their claims. That process will be affected to a presently unknown degree by the forthcoming decisions in the *Tims*, *Marion* and *Cathron* cases. To proceed with the certification process while awaiting the forthcoming decisions would subject the parties and this Court to the expenditure of effort and resources that may prove to be partially or wholly unnecessary and, therefore, wasteful. Accordingly, these considerations would suggest that a pause in the proceedings at this juncture is appropriate.

The Plaintiffs also argue that "Paycor's only goal here is to delay and gain a tactical litigation advantage". (Doc. 60, p.2) Plaintiffs do not specifically describe how a stay will necessarily prejudice them or why a stay under these circumstance amounts to a tactical litigation advantage for Paycor. Should circumstances change significantly such that a recognizable prejudice threatens the Plaintiffs during the stay of this matter, the Plaintiffs are free to seek this Court's consideration. And, even if it is Paycor's goal to delay, it

remains under the present circumstances that notions of judicial economy weigh in favor of a stay of this matter.

## CONCLUSION

The Motion to Stay (Doc. 55) is **GRANTED**. All proceedings and deadlines in this matter are **STAYED** pending the resolution of *Cothron v White Castel System, Inc.* No. 20-3202, *Tims v Black Horse Carriers*, Case No. 1-20-0562, *Marion v. Ring Container Techs, LLC*, No. 3-20-0184. The parties are **ORDERED** to file a status report within 14 days of each decision. Defendant's Motion to Dismiss (Doc. 44) is **DENIED without prejudice** and with leave to refile once this stay is lifted. Plaintiff's Motion for Rule 23 Class Certification (Doc. 61) is also **DENIED without prejudice** and with leave to refile once the stay is lifted.

IT IS SO ORDERED.

Dated: May 11, 2021

David W. Dugan
U.S. District Judge