UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLIN JOHNS and JUAN BARRON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PAYCOR, INC.,**<br><br>*Defendant.* | Case No. 3:20-cv-00264-DWD<br>Judge David W. Dugan |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION FOR CONTINUED STAY**

Plaintiffs Kellin Johns and Juan Barron ("Plaintiffs") respectfully submit their response to Defendant Paycor, Inc.'s, ("Paycor") Motion for Continued Stay under *Colorado River*.

**INTRODUCTION**

Disappointed that after a two-year stay, *none* of the BIPA appeals forming the basis for its first Motion to Stay came out in its favor, Paycor again seeks to delay facing Plaintiffs' claims on the merits. This time, Paycor seeks a stay based on another BIPA case pending against it in Illinois state court—*Ragsdale et al. v. Paycor Inc.* ("*Ragsdale*"). Paycor argues that the *Ragsdale* case is a basis for staying this case under *Colorado River* abstention principles, but its Motion only makes, at best, a cursory attempt to establish the prerequisites for abstention, and simply points out that both cases assert claims under BIPA. But this case and the *Ragsdale* state court case are not parallel—the *Ragsdale* case involves a Paycor timekeeping solution that is much different than the one at issue here, and the *Ragsdale* plaintiffs have explicitly represented that their case will not intersect with the Paycor solution at issue here. Thus, there is no basis for this Court to conclude that there is any likelihood, let alone a substantial likelihood, that the *Ragsdale* action will dispose

1

of Plaintiffs' claims here. Further, even if the cases were parallel, the majority, if not all, of the Seventh Circuit's additional factors weigh heavily against abstention. In short, this Court has a "virtually unflagging obligation" to exercise its jurisdiction over Plaintiffs' claims and abstention from exercising that jurisdiction "is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976). Paycor does not – and cannot – show that the exception applies here.

## BACKGROUND

An understanding of the procedural history of this case and *Ragsdale* is required, as that history demonstrates this case is not only more advanced, but also that Paycor is primarily seeking to delay this case further because it presents stronger claims.

### *The State Court Case – Ragsdale/Bolds*

On October 17, 2017, Plaintiff Martin Ragsdale filed a complaint in the Circuit Court of Cook County, Illinois against Paramount of Oak Park Rehabilitation & Nursing Center, LLC and Atied Associates, LLC, alleging violations of BIPA arising from his use of a biometric timeclock. (**Exhibit A**, Plaintiffs' Motion for Leave to File Second Consolidated Amended Complaint, ¶ 1). On February 13, 2018, Plaintiff Alea Bolds filed a complaint against Arro Corporation alleging BIPA violations arising from her use of a biometric timeclock. (*Id*. at ¶ 2) After discovering Paycor provided the biometric timeclocks to their respective workplaces, Ragsdale and Bolds amended their complaints to name Paycor as a defendant on January 16, 2020, and March 27, 2019, respectively. (*Id*. at ¶¶ 3-5). On January 22, 2021, Paycor filed a motion to consolidate the Ragsdale and Bolds cases, which was granted on January 29, 2021. (*Id*. at ¶ 8). On May 11, 2022, the state court plaintiffs filed an amended consolidated complaint adding Dale Cully as an additional plaintiff. (*Id*. at ¶ 17). Paycor sought and was granted multiple litigation stays until the Illinois

2

Supreme Court decision issued its decisions in *Tims v. Black Horse Carriers, Inc.* and *Cothron v. White Castle Systems, Inc.* (*Id*. at ¶¶ 7-18).

On July 24, 2023, Paycor filed a motion for summary judgment. In its motion, Paycor contends that Ragsdale and Bolds used Attendance on Demand "AOD" timeclocks – specifically, GT Timeclocks that were "white labeled" by Paycor. (**Exhibit B**, Paycor's Motion for Summary Judgment, p. 3). Paycor further states that Cully's employer used a different Paycor service, called "Perform Time", and a different type of timeclock, but also that Cully's employer never used the optional finger-scan feature. (*Id*. at 3-4, 10). Paycor argues that Ragsdale and Bolds cannot maintain claims against it because Paycor never collected or stored their biometrics, and argues that summary judgment should be entered against Cully because he never had his biometric information taken at all. In response, the state court plaintiffs filed a motion for leave to amend the complaint and withdraw Cully as a named plaintiff. (**Exhibit A**). Further, the state court plaintiffs represented that with Cully's removal, they did not intend for any putative or certified class in their case to include users of Paycor's Perform Time service. (**Exhibit A, ¶ 26**)**.** The court denied the motion but granted Plaintiffs' oral motion to dismiss Cully with prejudice. (**Exhibit C**, Nov. 15, 2023 Court Order).

### *The Federal Case – Johns/Barron*

On January 29, 2020, Plaintiff Kellin Johns filed this case against Paycor in the Circuit Court of Madison County alleging violations of BIPA arising out of his use of a biometric timeclock during his employment at Club Fitness. (Dkt**.** No. 1, Exhibit 1). On March 13, 2020, Paycor filed a notice of removal. (Dkt. No. 1) On October 29, 2020, Johns filed an amended complaint naming Juan Barron as a plaintiff for BIPA violations arising out of his employment at Club Fitness. (Dkt. No. 40).

The parties engaged in substantial class and merits discovery, and Plaintiffs moved for class certification (Dkt. 61), before the case was ultimately stayed on May 11, 2021, pending several BIPA cases on appeal. This discovery revealed that Club Fitness used Paycor's own proprietary timekeeping solution - Perform Time – as well as its Perform Time biometric timeclocks, and those timeclocks collected employee biometric identifiers and information – namely, their fingerprints. (**Exhibit D**, Dahdaly Dep., 138:4 – 140:1) and (**Exhibit E**, Paycor Contract). Dahdaly also testified about the three different timekeeping systems offered by Paycor. Perform Time is a timekeeping product developed by Paycor. (**Exhibit D**, 31:10-23). It includes hardware and software components, and functions with a fingerprint scan. Notably, with respect to its Perform Time solution, Paycor itself hosts, stores and manages the employee biometric information generated from the fingerprint scans. (**Exhibit D**, 107:10-108:5)

On the other hand, Dahdaly testified that the AOD timeclocks at issue in the state court case are white labeled products that Paycor sells as AOD's partner. (**Exhibit D**, 32:8 – 35:24). In other words, Paycor resells AOD's technology as part of a solution called Time on Demand. *Id*. But according to Dahdaly, Paycor does not host or have access to AOD's software or the data collected throught the Time on Demand solution. *Id*. Further, Dahdaly identified another third-party solution named Ready Clock; it is almost an identical setup to AOD, though the applicable third-party partner is SwipeClock. (**Exhibit D**, 38:8 – 39:7).

## ARGUMENT

Abstention is not appropriate in this case because the suits are not parallel. Abstention is a doctrine which allows a District Court to decline or postpone jurisdiction over a case. *Colorado River Water*, 424 U.S. at 817. It is the exception, not the rule. *Id*. It is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id*. The

4

"clearest of justifications" must be present for a federal court to stay a proceeding pending completion of a state action. *Id.* at 819.

To determine whether a stay is appropriate under the *Colorado River* doctrine, the district court must undertake a two-part inquiry. First, the court must determine whether "the concurrent state and federal actions are actually parallel. Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir.2004). Even if the actions are parallel, the court should carefully balance the advantages and disadvantages of granting a stay, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

In this case, the actions are not parallel, so this Court should deny Defendant's Motion on that basis alone. That is because the cases involve different timekeeping systems, hardware and software (and thus different facts, legal issues, and evidence), and also because the state court plaintiffs have made clear that their case will not resolve Plaintiffs' claims here. And even assuming the state and federal cases were parallel, it is clear there are no exceptional circumstances justifying abstention.

1. **The actions are not parallel because the outcome of the *Ragsdale/Bolds* state court case will not affect the *Johns/Barron* federal case.**

The cases are not parallel because any outcome in the state court case will not dispose of the federal court case. "A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum, thus making it likely that judgment in one suit will have a res judicata effect in the other suit." *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1230 (7th Cir. 1979); *Lavite v. Dunstan*, 2018 WL 1535491, at *5 (S.D. Ill. Mar. 29, 2018). While the parties nor the suit need to be identical, the

5

"primary question" is whether there is a substantial likelihood that the state court litigation will dispose of "all claims" presented in the federal case. *Id.* (*citing Day Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir.1998) (*quoting Lumen Construction, Inc. v. Brant Construction Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1985)). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss." *AAR Intern.*, 250 F.3d at 518 (quotation marks omitted); *see also TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir.2005).

Here, considering that abstention is an "extraordinary and narrow" exception to the Court's duty to exercise its jurisdiction, the Court should find that the actions are not parallel for multiple reasons. *Colorado River*, 424 U.S. at 817. First, the state court case will not dispose of this case because the cases involve significantly different Paycor timekeeping offerings, including timeclocks, hardware, software, storage and third parties. On the one hand, Perform Time, the Paycor timekeeping solution at issue here, is Paycor's flagship solution. (**Exhibit D**, 31:10-23). Paycor has admitted that it developed the Perform Time hardware and software and stores and has access to the biometric data collected through that service, including Plaintiffs' biometric data. *Id*. Conversely, the *Ragsdale* state court case involves plaintiffs who were subject to a different Paycor timekeeping solution, Time on Demand, where Paycor "white labels" and sells timeclocks provided by a third party, AOD, and where the biometric data is stored on AOD's servers, not a Paycor database. (**Exhibit A**, ¶ 26; **Exhibit D**, 32:8 – 35:24; 137:9-22). Paycor did not assist in developing the software or hardware for AOD's biometric timeclocks, and Paycor claims that it lacks access to the data stored through the "Time on Demand" service. (**Exhibit D**, 32:8 – 35:24). In fact, Paycor has moved for summary judgment in the state court case on that basis, pointing the

finger at AOD for storing the state court plaintiffs' biometrics. (**Exhibit B** at 7 (arguing the state court plaintiffs' biometrics were stored on AOD's servers and that such data "does not pass through Paycor's servers or networks"). Thus, the liability issues in the state and federal cases are materially different. Here, Paycor has admitted that it collected Barron's biometric information and stored that data itself through its Perform Time timeclocks. (**Exhibit D**, 134:8-16). This is not true for the state court case, where Paycor denies it collected, captured, possessed, or received the state court plaintiffs' biometric information. (**Exhibit B**, p. 6-11). Indeed, it is possible Paycor never collected or possessed their biometric information for purposes of BIPA because Paycor does not have access to the data stored by AOD timeclocks. (**Exhibit D**, 32:8 – 35:24). In addition, the Perform Time timeclocks at issue here store fingerprints, while the AOD timeclocks store handprints.

The state court case lacks a named plaintiff who used a Perform Time biometric timeclock or whose biometrics were collected by Paycor through its Perform Time solution. (**Exhibit C** (dismissing, with prejudice, the state court plaintiff who alleged he was subject to Perform Time). Rather, the named plaintiffs in the state court case only used an AOD timeclock and were subject to Paycor's Time on Demand solution. Thus, any judgment for or against the state court plaintiffs will not be dispositive of, or even relevant to, the federal Plaintiffs' BIPA claims related to the Perform Time solution. Any ruling on Paycor's pending motion for summary judgment in state court will have no bearing whatsoever on the federal Plaintiffs' ability to pursue their claims relating to Perform Time.

It is also worth noting that Defendant declined the opportunity to consolidate the *Johns* and *Ragsdale* cases. If Defendant believed there were common questions of fact or law between the state and federal cases, as it is now arguing, it could have moved to consolidate the cases years

7

ago, when this matter was initially filed in state court. Il. Sup. Ct. R. 384. This mechanism allows the Illinois Supreme Court to consolidate cases in different judicial circuits when it determines that "consolidation would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions…" *Id*. Instead, Paycor chose removal to this federal court while letting the *Ragsdale* case remain pending in Cook County. This suggests that Paycor believed the timekeeping systems and related facts at issue in the *Johns* and *Ragsdale* cases were different.

Lastly, the cases are not parallel because the state court plaintiffs are not adequate class representatives for Perform Time timeclock users like Plaintiffs here. A class representative is not adequate if they are subject to unique defenses that would defeat their claim that would not defeat the claims of the remaining class members. *Randall v. Rolls-Royce*, 637 F.3d 818, 824 (7th Cir. 2011). The state court plaintiffs are inadequate class representatives for any potential Perform Time claims because they never alleged to have used Paycor's Perform Time System. In fact, the state court plaintiffs have made explicitly clear that they will not seek certification of a class that includes Perform Time users such as Plaintiffs here. (**Exhibit A**, ¶ 26). Thus, the state court plaintiffs could not serve as, and have no intention of serving as, class representatives for any class of Perform Time users. And if Plaintiffs here will not be members of any class certified in the state court case, that case cannot "dispose of all claims presented" in this case. *AAR International, Inc.* 250 F.3d at 518 (internal quotations omitted).

In sum, it is clear that Plaintiffs and the state court plaintiffs are not substantially the "same parties" for abstention purposes. They were subject to different Paycor timekeeping solutions which work much differently, meaning the factual and legal issues being litigated here and in the state court case are significantly different. And by their own statements, the *Ragsdale* state court

8

plaintiffs will not seek certification of a class including Plaintiffs here, such that the state court case will demonstrably *not* dispose of Plaintiffs' claims here. Thus, this case and the *Ragsdale* case are not parallel. Considering the Seventh Circuit's direction that "any substantial doubt" regarding a state court proceeding's ability to dispose of federal claims weighs against abstention, and that staying a case where there is any such doubt would constitute a "serious abuse of discretion," the Court should deny Paycor's Motion on this basis alone. *AAR Intern*., 250 F.3d at 518.

2. **Even if the actions were parallel, the factors for abstaining are not met.**

Even assuming the state and federal cases are parallel, *arguendo*, the factors weigh strongly against abstention. *Tyrer v. City of South Beloit, Ill*., 456 F.3d 744, 751 (7th Cir.2006) ("The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it"). If the cases are parallel, the court considers the following non-exclusive factors:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained in the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*AXA Corp. Solutions v. Underwriters Reinsurance Corp*., 347 F.3d 272, 278 (7th Cir.2003). The decision to abstain is made by carefully balancing the above factors; the "weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Board of Educ. of Valley View Community Unit Sch. Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1321 (7th Cir.1983).

The first factor – the property at issue – is not implicated, as there is no property. Nearly every other factor is either neutral or weighs in denying the stay. The second factor – convenience

9

of the forum – weighs in favor of denying the stay because Defendant chose this forum. Plaintiff Johns originally filed his complaint in the Circuit Court of Madison County. (Dkt. No. 1, Exhibit 1). As explained above, Paycor could have sought consolidation in state court under Ill. Sup. Ct. R. 384 but instead chose to remove this case to federal court. Paycor chose to litigate in this forum – it cannot now reverse course and claim that state court is now more convenient.

The third factor – avoiding piecemeal litigation – weighs in favor of denying the stay because there is no risk of piecemeal litigation. As discussed above, the state court case only involves plaintiffs who were subject to Paycor's Time on Demand service, and those plaintiffs have represented that their case will not involve Perform Time, the Paycor solution at issue here. For this reason, any judgment for or against the state court plaintiffs will not affect the federal plaintiffs. Therefore, there is no risk of piecemeal litigation. Moreover, as discussed above, liability is much clearer in the federal case than in the state court case. *See* (**Exhibit D**, 134:8-16); (**Exhibit B**, p. 6-11). So, piecemeal litigation might arise if this court stays this matter because the state court case could be dismissed at summary judgment if those plaintiffs cannot establish that Paycor collected their biometrics. This has already been established in this federal case, so delaying risks seemingly inconsistent results and piecemeal litigation.

The fourth factor – the order in which jurisdiction was obtained – weighs in favor of denying the stay because Plaintiff Johns filed his complaint, the first to assert claims by a Perform Time user, on January 30, 2020; while the state court case did not assert any claims by a Perform Time user, Dale Cully until May 11, 2022. Thus, Johns filed first in relation to Paycor's Perform Time biometric clock.

The fifth factor – the source of law – admittedly weighs in favor of Defendant. However, the fact that BIPA is an Illinois law has little relevance when the cases are not parallel. The sixth

factor – the adequacy of the state court's action ability to protect the federal plaintiff's right – demonstrates this concern. For the same reasons that the cases are not parallel, as discussed above, the state court action will not protect Plaintiffs' rights here—Paycor's Perform Time solution is not at issue in the state court case, and the state court plaintiffs have made clear that they have no intention of including Perform Time users like Plaintiffs in any class certified there. (**Exhibit A**, ¶ 26).

The seventh factor – the relative progress of the cases – weighs heavily in favor of denying the stay. This federal case has been litigated extensively. Plaintiffs here have already moved for class certification, briefed a complex motion to dismiss and a motion to stay, and have engaged in significant discovery including a lengthy deposition regarding both class and merits issues (*See* **Exhibit D**). In contrast, while the state court case has been pending longer, there have been multiple amended complaints filed, and discovery has been disrupted by Paycor's multiple requests for stays and motions for summary judgment (**Exhibit A**, ¶¶ 6-22). In other words, this case is further advanced than the state court case in many respects. Discovery here has revealed that Plaintiffs' claims are significantly stronger than in the state court case, and thus, it is hardly surprising that Paycor seeks further delay in this case when it has stonewalled the state court plaintiffs' class discovery efforts with its summary judgment motions. (**Exhibit F**, Sept. 12, 2023 Order).

The eighth factor - the presence of concurrent jurisdiction – weighs in favor of denying abstention. While concurrent jurisdiction exists, Defendant itself chose to litigate this matter in federal court. Notably, concurrent jurisdiction also exists in the state court case where removal was available because the named plaintiffs are Illinois residents and Paycor is an Ohio and Delaware resident. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016).

Paycor did not remove the *Ragsdale* case. Instead of seeking efficiency, Paycor chose to delay this litigation by removing it to federal court, and now not attempting to stay it pending the weaker state court case. Paycor should not be allowed to benefit from its gamesmanship.

In the same vein, the ninth factor – the availability of removal – weighs heavily in favor of denying the stay. Again, Paycor chose to let the *Ragsdale* action remain in state court, while removing this case to federal court. The fact that this case and *Ragsdale* are not in the same court system was entirely Paycor's choice.

The tenth factor – the vexatious or contrived nature of the federal claim – clearly weighs in favor of Plaintiff. Defendant does not assert that Plaintiffs' claims are frivolous.

Accordingly, the vast majority, if not all, of the factors weigh in favor of denying abstention. When weighing the factors heavily in favor of exercising jurisdiction and noting that abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" there should be no dispute that abstention is not appropriate here. *Moses*, 460 U.S. at 16; *Colorado River*, 424 U.S. at 817.

## CONCLUSION

For the foregoing reasons, Plaintiffs Johns and Barron respectfully request that the Court deny Defendant Paycor's Motion for Continued Stay.

Date:   November 30, 2023                    Respectfully Submitted,

*/s/ Ryan F. Stephan*

Ryan F. Stephan
James B. Zouras
Justin M. Caparco
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*

12

rstephan@stephanzouras.com
jzouras@stephanzouras.com
jcaparco@stephanzouras.com

Brandon M. Wise
**PIEFFER WOLF CARR KANE CONWAY & WISE**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
314.833.4825
bwise@peifferwolf.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on November 30, 2023, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                                 */s/ Ryan F. Stephan*