# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KELLIN JOHNS and JUAN BARRON,**
individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

**PAYCOR, INC.,**

*Defendant.*

Case No. 3:20-cv-00264-DWD
Judge David W. Dugan

## JOINT STATUS REPORT

Pursuant to this Court's May 8, 2024 Order (D.E. 99), Plaintiffs Kellin Johns and Juan Barron, together with Defendant Paycor, Inc., hereby submit the following Joint Status Report. The Parties have not been able to agree on a remaining case schedule and thus submit separate proposals below:

### Fact Discovery Completed to Date

1. Prior to the stay entered on May 11, 2021 (D.E. 65), the Parties exchanged the following written discovery:

    a. On September 18, 2020, both Parties exchanged Fed. R. Civ. P. 26(a) initial disclosures;

    b. On November 9, 2020, Plaintiff Johns submitted objections and responses to Defendant's first set of interrogatories and document requests, as well as a document production totaling 497 pages;

    c. On November 20, 2020, Defendant submitted objections and responses to Plaintiff Johns' first set of interrogatories and documents requests, objections to the topics in Plaintiff's 30(b)(6) Deposition Notice, and 21 documents totaling 109 pages;

      d.    On December 9, 2020, Plaintiff Juan Barron submitted objections and responses to Defendant's interrogatories and document requests, as well as a document production totaling 9 pages.

2.    On January 14, 2021, Defendant's designated F.R.C.P. 30(b)(6) witness, Mitry Dahdaly was deposed. On January 11, 2021, Plaintiff Juan Barron was deposed. On March 4, 2021, Plaintiff Kellin Johns was deposed.

### **Remaining Case Scheduling**

### *Plaintiffs' Position*

3.    On May 11, 2021, this Court granted a stay of case proceedings and denied both Defendant's Motion to Dismiss Plaintiffs' operative First Amended Class Action Complaint and Plaintiffs' Motion for Class Certification "without prejudice and with leave to refile once the stay is lifted." (Dkt. 65). Absent order of Court, Plaintiffs do not intend to submit a second amended complaint. Accordingly, Plaintiffs propose the following:

      a.    Defendant shall file an answer, or otherwise plead, to Plaintiffs' operative First Amended Class Action Complaint within 14 days, or by June 12, 2024.

      b.    Plaintiffs shall file a renewed motion for class certification within 21 days, or by June 19, 2024.

4.    Plaintiffs state that additional and outstanding fact discovery, including written, Electronically Stored Information ("ESI"), and oral discovery, as well as expert discovery, if necessary, remains. Plaintiffs anticipate the need to take 4 to 5 depositions of Defendant's witnesses. Accordingly, Plaintiffs propose the following fact discovery schedule:

      a.    The Parties shall exchange supplemental Rule 26(a) initial disclosures within 21 days, or by June 19, 2024.

      b.    The Parties shall exchange proposed ESI custodians and search terms within 28 days, or by June 26, 2024.

      c.    All written and oral fact discovery, including ESI, shall be completed by November 1, 2024.

5. Plaintiffs respectfully suggest the Parties meet and confer to submit a joint proposed expert discovery schedule, if necessary, within 14 days of the close of fact discovery.

## *Defendant's Position*

### Amendments to Pleading

1. On May 8, 2024, the Court denied Paycor's Motion for a stay pursuant to the *Colorado River* doctrine based in part on Plaintiffs' representation that this case solely involves claims involving their employers' use of Perform Time clocks and thus did not overlap with other pending cases (Dkt. 99, p. 8). This representation caused the Court to conclude "this case is not parallel to the state proceedings," and that the legal issues and factual circumstances "materially differ" from the state court proceedings as they are limited to finger-scan timekeeping-based claims. (*Id*. at 10, 13). Plaintiffs should be required to amend their Complaint to allege a class and other allegations consistent with these representations on or before June 12, 2024. Defendant's proposed briefing schedule is below.

### Fact Discovery Remaining

2. Defendants respectfully submit that additional and outstanding fact discovery, including written, Electronically Stored Information ("ESI"), and oral discovery, as well as expert discovery relevant to dispositive motion practice, remains to be undertaken.

3. Defendant anticipates the need to take 2 to 3 depositions of fact witnesses, and expert depositions. Defendant thereby proposes the following fact discovery schedule:

   a. The Parties shall exchange supplemental Rule 26(a) initial disclosures by June 20, 2024, after the filing of a Third Amended Complaint.

   b. The Parties shall exchange proposed ESI custodians and search terms by July 30, 2024.

      c. All written and oral fact discovery, including ESI, shall be completed by December 18, 2024.

4. Defendant's position is that expert discovery must be completed prior to dispositive motion practice. This discovery is necessary for responding to class certification and for Defendant's planned summary judgment motion. Defendant's proposed expert discovery schedule is as follows:

      a. Plaintiffs' expert disclosures: <u>February 12, 2025</u>

      b. Defendant's expert disclosures: <u>March 12, 2025</u>

      c. Plaintiffs' expert depositions: <u>April 9, 2025</u>

      d. Defendant's expert depositions: <u>May 7, 2025</u>

**Proposed Briefing Schedules**

5. Defendant shall file an amended motion to dismiss Plaintiffs' Third Amended Complaint by July 12, 2024.

6. Plaintiffs shall file an amended or renewed motion for class certification following the close of expert discovery, on or before June 25, 2025.

7. Defendant shall file any motion for summary judgment on or before June 25, 2025.

**Status of Settlement Discussions**

8. The Parties have not engaged in any settlement discussions. The Parties request a settlement conference prior to the close of fact discovery.

Date:   May 29, 2024          Respectfully Submitted,

                            By: <u>*/s/ Catherine Mitchell Duffy*</u>

                            Ryan F. Stephan
                            James B. Zouras
                            Catherine Mitchell Duffy
                            Justin Caparco
                            **STEPHAN ZOURAS, LLC**

222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
jcaparco@stephanzouras.com

Brandon M. Wise
**PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
314-833-4825
bwise@peifferwolf.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS**

By:*/s/ Melissa A. Siebert*

Melissa A. Siebert
Christopher S. Hennessy
**COZEN O'CONNOR**
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
312-474-4491
msiebert@cozen.com
chennessy@cozen.com

**ATTORNEYS FOR DEFENDANT**