# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Kellin Johns and Juan Barron**, individually and on behalf of all others similarly situated, | ) ) ) ) ) Case No. 3:20-cv-00264-DWD ) ) ) Judge David W. Dugan ) ) ) ) |
| *Plaintiffs*, | |
| v. | |
| **Paycor, Inc.**, | |
| *Defendant.* | |

## PAYCOR'S MOTION FOR AN EXTENSION TO THE DEADLINE TO RESPOND TO PLAINTIFFS' CLASS CERTIFICATION MOTION

Defendant Paycor, Inc. ("Paycor"), through its attorneys, respectfully requests that this Court grant it a thirty-day extension to the deadline to file its Response to Plaintiffs' Motion for Class Certification, which would move that deadline from September 17, 2024 to October 17, 2024, and in support of this Motion states:

1. On July 3, 2024, Plaintiffs filed their Motion for Class Certification. (Dkt. 103).

2. On July 19, 2024, this Court ordered Paycor to respond to the Motion for Class Certification within sixty days, i.e. by September 17, 2024. (Dkt. 109).

3. Paycor has expended a considerable amount of time and effort gathering the information needed for its response to the Class Certification Motion. This has included reviewing voluminous records to identify customers with Illinois-based employees who are paid hourly, who may be union members, and who may have implemented BIPA-compliant consents. This analysis is needed so that Paycor can identify a reasonable grouping of customers from whom to request additional information relevant to the Class Certification Motion. This was a particularly time-

1

consuming process, which Paycor just recently completed, as Paycor's systems are not designed to identify potential subpoena recipients or putative class members in this action.

4. While it has completed the first step in this time consuming process, Paycor needs additional time to gather information from its customers about their collection of written consent from their employees who used the timekeeping devices to determine whether that consent included Paycor, whether any of those customers' employees were union members whose claims against their employer and Paycor are preempted by federal labor law, and whether those Paycor customers had publicly available BIPA policies which encompassed Paycor within their terms.

5. While Paycor anticipates receiving some of this information through informal requests to its customers, it may have to issue subpoenas to certain current and former customers who have not responded to these requests. Before Paycor can issue these subpoenas, to protect its customers it needs a protective order addendum limiting the use of any information produced in response to those subpoenas to this litigation, so its customers are not themselves sued under BIPA. Paycor has sent three emails and left a voicemail with Plaintiffs' counsel asking whether they would agree to amend the protective order to include this necessary protection and have yet to hear back. This has delayed Paycor's issuance of those subpoenas.

6. The above information is critical to Paycor's opposition to class certification. For example, the claims of unionized employees whose unions have agreed to broad management rights clauses are per se preempted by federal labor law. *See Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646 (7th Cir. 2021) (a broad management rights clause in a CBA preempts BIPA claims). Plaintiffs, who are non-unionized employees of Club Fitness, are not adequate representatives of unionized employees and are not similarly situated to those unionized workers, who may constitute a significant portion of the class.

7. Additionally, BIPA policies and BIPA-compliant consents that arguably include Paycor create predominance and commonality issues. Paycor deserves the right to oppose class certification using information that is not readily available to it, must be obtained through its third-party customers, and which could defeat or limit class certification.

8. Moreover, Paycor plans to file a motion for summary judgment concurrently with its response to the motion for class certification based on recent decisions holding that the purported finger scan data may not fall within BIPA. *See Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117 (9th Cir. 2024) (purported biometric templates are not biometric information that falls under BIPA); *G.T. v. Samsung Elecs. Am. Inc.*, No. 21 CV 4976, 2024 WL 3520026 (N.D. Ill. July 24, 2024) (data that is not itself capable of identifying an individual falls outside of BIPA). Submitting this summary judgment motion concurrently will permit this Court to consider whether these recent decisions – *G.T. v. Samsung* was decided after Paycor filed its motion to dismiss – preclude this lawsuit and moot Plaintiffs' class certification motion.

9. To gather the information required for this summary judgment motion, Paycor needs to conduct further analysis of the functional capabilities of the timekeeping devices, finger scan attachments, and the data each uses and stores to make the same arguments that were dispositive in *Zellmer*. *See Zellmer,* 104 F.4th at 1121 (using internal "expert" description of how templates are generated to obtain summary judgment).

10. Finally, in-house counsel for Paycor has been on family leave for several weeks and will not return until after Labor Day, which has delayed progress on the response.

11. This extension is brought in good faith and not for purposes of harassment or delay.

12. Granting this Motion will not require this Court to postpone the trial date scheduled for April 14, 2025 or materially delay the progress of this case.

3

13. This is the last extension that Paycor will request to the deadline to file a Response to Plaintiffs' Class Certification Motion.

14. Over the past few days, Paycor's counsel sent three emails to and left a voicemail with Plaintiffs' counsel to see if they oppose to this Motion and have not heard back.

WHEREFORE, Defendant Paycor, Inc. respectfully requests that this Court move the deadline to file its Response to Plaintiffs' Motion for Class Certification from September 17, 2024 to October 17, 2024, and grant any other relief that it finds to be just and equitable.

Dated: August 23, 2024

Respectfully submitted,

By:   /s/*Matthew DiCianni*
One of Defendant's Attorneys

Melissa Siebert
Chris Hennessy
Matthew DiCianni
Cozen O'Connor
123 N. Wacker Dr. Suite 1800
Chicago, IL 60606
Telephone: 312-382-3119
msiebert@cozen.com
mdicianni@cozen.com
**Attorneys for Defendant Paycor, Inc.**

## CERTIFICATE OF SERVICE

I, Matthew DiCianni, an attorney, hereby **MOTION FOR AN EXTENSION TO THE DEADLINE TO RESPOND TO PLAINTIFFS' CLASS CERTIFICATION MOTION** to be electronically filed. Notice of this filing will be sent to all parties registered on this Court's CM/ECF system. Parties may access this filing through the Court's system.

*/s/ Matthew DiCianni*