# EXHIBIT F

IN THE THIRD JUDICIAL CIRCUIT
COUNTY OF MADISON COUNTY, STATE OF ILLINOIS
CHANCERY DIVISION

FILED
FEB 20 2020
CLERK OF CIRCUIT COURT #19
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| KELLIN JOHNS, individually, and on behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Case No. 2018 L 000080 |
| ) | |
| v. ) | |
| ) | |
| CLUB FITNESS OF ALTON, LLC, CLUB ) | |
| FITNESS OF COLLINSVILLE, LLC, CLUB ) | |
| FITNESS OF FAIRVIEW HEIGHTS, LLC, ) | |
| CLUB FITNESS OF GRANITE CITY, LLC, ) | |
| CLUB FITNESS OF WOOD RIVER, LLC, ) | |
| CUST SERV CF, LLC and CLUB FITNESS, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Kellin Johns ("Johns" or "Plaintiff"), by and through his attorneys, brings this Second Amended Class Action Complaint ("Complaint") individually and on behalf of all others similarly situated against Defendants Club Fitness of Alton, LLC, Club Fitness of Collinsville, LLC, Club Fitness of Fairview Heights, LLC, Club Fitness of Granite City, LLC, Club Fitness of Wood River, LLC, Cust Serv CF, LLC, and Club Fitness, Inc. (collectively, "Club Fitness" or "Defendants"), its subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's and the proposed Class' sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.     Club Fitness operates fitness centers and gyms located throughout the State of Illinois and in this Circuit.

2.     When Club Fitness hires an employee, he or she is enrolled in an employee database. During Plaintiff's tenure with the company, it used two different biometric timekeeping providers and three different sets of biometric timekeeping devices: first, ADP LLC until 2015; next, Paycor, Inc., until 2016; and, finally, through an ADP LLC until 2018.[1] Club Fitness uses these biometric employee databases to monitor the time worked by each of its employees, including salaried employees.

3.     While most retail establishments use conventional methods for tracking time worked (such as ID badge swipes or punch clocks), Club Fitness employees were required to have their fingerprints scanned by a biometric timekeeping device.

4.     Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Club Fitness – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

5.     Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – hand geometry is a unique, permanent biometric identifier associated with each employee. This exposes Defendants' employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Yahoo, eBay, Equifax, Uber, Home Depot, MyFitnessPal, Panera, Whole Foods, Chipotle, Omni Hotels & Resorts, Trump Hotels,

---

[1] From 2018 until approximately the time Club Fitness was served with Plaintiff's original Class Action Complaint, Defendants utilized biometric timekeeping devices supplied by Paycom Software, Inc.

Facebook/Cambridge Analytica, and Suprema data breaches or misuses – employees have **_no_** means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this highly personal and private information.

6.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

7.      An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and facial photographs – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

8.      In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

9.      In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent. Drew

Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches*, The Washington Post (July 7, 2019), *available at* https://www.washingtonpost.com/technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition-searches/?noredirect=on&utm_term=.da9afb2472a9.

10.     This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

11.     In August 2019, it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database. *Major Breach Found in Biometrics System Used by Banks, UK Police and Defence Firms*, The Guardian (Aug. 14, 2019), *available at* https://www.theguardian.com/technology/2019/aug/14/major-breach-found-in-biometrics-system-used-by-banks-uk-police-and-defence-firms.

12.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

13.     Notwithstanding the clear and unequivocal requirements of the law, Club Fitness disregarded its employees' statutorily protected privacy rights and unlawfully collected, stored, disseminated, and used their biometric data in violation of BIPA. Specifically, Club Fitness violated BIPA because it did not and continues not to:

a.   Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

b.   Develop and adhere to a written, publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA;

c.   Receive a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

d.   Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate fingerprint data to a third party, as required by BIPA.

14.   Each Defendant improperly disclosed Club Fitness employees' fingerprint data amongst themselves; to out-of-state third-party vendors Paycor, Inc., and ADP, LLC, and to other, currently unknown third parties including but not limited to third parties that host biometric data in their data center(s).

15.   Defendants are directly liable for and had actual knowledge of the BIPA violations alleged herein.

16.   Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

**PARTIES**

17.   Plaintiff Kellin Johns is a natural person and a citizen of the State of Illinois.

18.   Defendant Club Fitness, Inc. is a Missouri Corporation that was registered to do business in Illinois and does conduct business within the State of Illinois, including this Circuit.

19.     Defendant Club Fitness of Alton, LLC, is an Illinois limited liability company that is organized and existing under the laws of the State of Illinois. Club Fitness of Alton, LLC is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

20.     Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in the State of Illinois.

21.     Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in the State of Illinois.

22.     Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois.

23.     Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in the State of Illinois.

24.     Defendant Cust Serv CF, LLC is a limited liability company organized and existing under the laws of the State of Missouri. Cust Serv CF, LLC operates payroll activities on behalf of all Club Fitness locations doing business in Illinois.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because they conduct business transactions in Illinois and committed the statutory violations alleged herein in Madison County and throughout Illinois.

26.     Venue is proper in Madison County because Defendants conduct business transactions in Madison County. Venue is additionally proper because Plaintiff resides in Madison County.

## FACTUAL BACKGROUND

I.    **The Biometric Information Privacy Act.**

27.    In the early 2000s, major national corporations started using Chicago and other

locations in Illinois to test "new applications of biometric-facilitated financial transactions,

including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS

14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this

then-growing yet unregulated technology. *See* 740 ILCS 14/5.

28.    In late 2007, a biometrics company called Pay by Touch, which provided major

retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer

transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because

suddenly there was a serious risk that millions of fingerprint records – which, like other unique

biometric identifiers, can be linked to people's sensitive financial and personal data – could now

be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate

protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who

had used that company's fingerprint scanners were completely unaware that the scanners were not

actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the

now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown

third parties.

29.    Recognizing the "very serious need [for] protections for the citizens of Illinois

when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House

Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

30.    Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the

prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent

violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

31.    BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

a.    Informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

b.    Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

c.    Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS 14/15(b).

32.    BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

33.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

34.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or

biometric information without first obtaining consent for that disclosures. *See* 740 ILCS 14/15(d)(1).

35.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

36.    The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual has no recourse and is at heightened risk for identity theft and left without any recourse.

37.    BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics. BIPA also protects individuals' rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed, allowing individuals to make a truly informed choice. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

38.    Biometric identifiers and/or information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.    Defendants Violate the Biometric Information Privacy Act.

39.    When employees are hired, Club Fitness required them to have their biometric identifiers, such as their fingerprints, scanned to enroll them in each Defendant's ADP or Paycor employee database(s).

40.    Each Defendant uses an employee time tracking system that requires employees to use their biometric identifiers, such as their fingerprint, as a means of authentication. In accordance with each Defendant's policy, all of its hourly employees and some salaried employees are required to use their biometric identifiers, such as their fingerprint, to clock-in and clock-out, recording their time worked.

41.    Each Defendant failed and continues to fail to inform its employees that it discloses or disclosed their biometric data, including fingerprint data, amongst themselves, to ADP LLC, to Paycor, and/or to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform its employees of the purposes and duration for which it collects their sensitive biometric data; and fails to obtain written releases from employees before collecting their biometric identifiers, including their fingerprint data.

42.    Each Defendant failed to develop and adhere to a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric identifiers, including fingerprint data, when the initial purpose for collecting or obtaining their biometric identifiers is no longer relevant, as required by BIPA.

43.    The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as recent data breaches, highlight why such conduct – where individuals are aware that they are providing a fingerprint but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to

understand when providing biometric identifiers such as a fingerprint who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Each Defendant disregarded these obligations and instead unlawfully collected, stored, used, and disseminated employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

44.    Each Defendant failed to institute retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and did not inform Plaintiff about whether or not each Defendant would destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the employee's last interaction with the company.

45.    Plaintiff and others similarly situated are not told what might happen to their biometric data if and when each Defendant merges with another company, or, worse, if and when each of Defendants' businesses fold, or when the other third parties that have received employees' biometric data's businesses fold.

46.    Because each Defendant neither publishes a BIPA-mandated data retention policy nor discloses the purposes for their collection of biometric data, Club Fitness employees have no idea the extent to whom each Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data at the time of collection. Moreover, Plaintiff and others similarly situated were not told what might happen to their biometric data in the event of a merger or a bankruptcy.

47.    These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

48.    By and through the actions detailed above, each Defendant disregarded Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.    Plaintiff Kellin Johns' Experience**

49.    Plaintiff worked for Club Fitness as a regional manager of six Illinois locations from 2013 to 2017, including Alton, Wood River, Granite City, Collinsville, Fairview Heights, and Belleville.

50.    As a condition of his employment, Plaintiff was required to scan his fingerprint so each Defendant could use it as an authentication method to track his time.

51.    When Defendants first required Plaintiff to use biometric timekeeping, they utilized a biometric timekeeping device manufactured by ADP LLC.

52.    Defendants phased out the first ADP device in 2015 and shipped the biometric timekeeping devices back to ADP without determining whether the data stored on the devices had been deleted.

53.    From at least 2015 until sometime in 2016, Defendants required Plaintiff and putative class members to use Paycor, Inc's biometric timekeeping devices.

54.    When Defendants ceased using Paycor's biometric timeclocks, representative from Paycor retrieved the devices.

55.    Defendants made no effort to ensure the data stored on those devices was deleted prior to returning the devices to Paycor.

56.    Defendants resumed using ADP as their biometric timekeeping provider, this time with updated biometric timeclocks.

57.    Each Defendant stored Plaintiff's fingerprint data in its ADP and Paycor employee databases.

58.     Plaintiff was required to scan his fingerprint each time he began and ended his workday.

59.     Plaintiff has never been informed of the specific limited purposes or length of time for which any Defendant collected, stored, used and/or disseminated his fingerprints.

60.     At no time during his employment was Plaintiff ever informed of any biometric data retention policy developed by any Defendant, nor has he ever been informed of whether any Defendant will ever permanently delete his fingerprints.

61.     Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect or store his fingerprints.

62.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by each Defendant's <u>multiple</u> violations of BIPA alleged herein.

63.     No amount of time or money can compensate Plaintiff if his biometric data is compromised by the lax procedures through which each Defendant captured, stored, used, and disseminated his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data to any Defendant if he had known that each Defendant would retain such information for an indefinite period of time without his consent.

64.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

65.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by each Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

66.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on his own behalf and as a representative of all other similarly situated individuals pursuant to BIPA, 740 ILCS 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

67.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15.

68.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, for the following class of similarly situated employees under BIPA:

> All in individuals working for any Defendant in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by one or more of the Defendants during the applicable statutory period.

69.     This action is properly maintained as a class action under 735 ILCS 5/2-801 because:

    A.     The class is so numerous that joinder of all members is impracticable;

    B.     There are questions of law or fact that are common to the class;

C.  Plaintiff's claims are typical of the claims of the class; and,

D.  Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

70.  The total number of putative class members exceeds fifty (50) individuals. The exact number of class members may easily be determined from Club Fitness' payroll records.

### Commonality

71.  There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by each Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.  Whether any Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information;

B.  Whether any Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, storing, and disseminating their biometric identifiers or biometric information;

C.  Whether any Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, store, and disseminate Plaintiff's and the Class' biometric identifiers or biometric information;

D.  Whether any Defendant has disclosed or re-disclosed Plaintiff's and the Class' biometric identifiers or biometric information;

E.  Whether any Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class' biometric identifiers or biometric information;

F.  Whether any Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

G.    Whether any Defendant complies with any such written policy;

H.    Whether any Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

I.    Whether any Defendant used Plaintiff's and the Class' fingerprints to identify them; and

J.    Whether any Defendant's violations of BIPA were committed negligently; and

K.    Whether any Defendant's violations of BIPA were committed intentionally or recklessly.

72.    Plaintiff anticipates that Defendants will raise defenses that are common to the class.

### Adequacy

73.    Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Named Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

### Typicality

74.    The claims asserted by Plaintiff are typical of the class members he seeks to represent. The Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

75.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS 5/2-801.

## Predominance and Superiority

76.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

77.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule

78.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically,

those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

80.     Each Defendant failed to comply with these BIPA mandates.

81.     Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

82.     Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

83.     Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

84.     Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

85.     Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

86.     Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

87.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

88.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS 14/10.

89.    Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

90.    Each Defendant failed to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

91.    Each Defendant failed to institute retention schedules and guidelines for permanently destroying Plaintiff's and the Class' biometric data and has not and will not destroy Plaintiff's or the Class' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

92.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

93.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

95.     Each Defendant fails to comply with these BIPA mandates.

96.     Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

97.     Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

98.     Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

99. Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

100. Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

101. Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

102. Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

103. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

104. Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

105. Upon information and belief, from at least 2015 until sometime in 2016, each Defendant systematically and automatically collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information using a separate biometric timekeeping device provided by ADP LLC without first obtaining the written release required by 740 ILCS 14/15(b)(3).

106. Each Defendant failed to inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, purchased,

received through trade, or otherwise obtained, and each Defendant failed to inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

107.    By collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

108.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

109.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

110.    BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject...in

writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

111.    Each Defendant fails to comply with these BIPA mandates.

112.    Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

113.    Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

114.    Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

115.    Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

116.    Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

117.    Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

118.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

119.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

120.    Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

121.    Upon information and belief, from approximately 2016 until approximately 2017, each Defendant systematically and automatically collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information using a separate biometric timekeeping device provided by Paycor, Inc. without first obtaining the written release required by 740 ILCS 14/15(b)(3).

122.    Each Defendant failed to inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, purchased, received through trade, or otherwise obtained, and each Defendant failed to inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

123.    By collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

124.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for <u>each</u> intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for <u>each</u> negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## FOURTH CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

125.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

126.    BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] *first*: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

127.    Each Defendant fails to comply with these BIPA mandates.

128.    Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

129.    Defendant Club Fitness of Alton, LLC is a limited liability company registered to
conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740
ILCS 14/10.

130.    Defendant Club Fitness of Collinsville, LLC is a limited liability company that
conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740
ILCS 14/10.

131.    Defendant Club Fitness of Fairview Heights, LLC is a limited liability company
that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740
ILCS 14/10.

132.    Defendant Club Fitness of Granite City, LLC is a limited liability company that
conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA.
*See* 740 ILCS 14/10.

133.    Defendant Club Fitness of Wood River, LLC is a limited liability company that
conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740
ILCS 14/10.

134.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business
in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

135.    Plaintiff and the Class are individuals who have had their "biometric identifiers"
collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS §
14/10.

136.    Plaintiff's and the Class' biometric identifiers were used to identify them and,
therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

26

137.    Upon information and belief, from approximately 2017 until approximately 2018, each Defendant systematically and automatically collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information using a separate biometric timekeeping device provided by ADP LLC without first obtaining the written release required by 740 ILCS 14/15(b)(3).

138.    Each Defendant failed to inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, purchased, received through trade, or otherwise obtained, and each Defendant failed to inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

139.    By collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

140.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**FIFTH CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information
Before Obtaining Consent**

141.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

142.    BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

143.    Each Defendant fails to comply with this BIPA mandate.

144.    Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

145.    Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

146.    Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

147.    Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

148.    Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

149.    Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

150.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

151.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

152.    Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

153.    Upon information and belief, from at least 2015 until sometime in 2016, each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class' biometric identifiers and/or biometric information to ADP LLC without first obtaining the consent required by 740 ILCS 14/15(d)(1).

154.    By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

155.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS §

14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SIXTH CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

156.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

157.    BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

158.    Each Defendant fails to comply with this BIPA mandate.

159.    Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

160.    Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

161.    Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

162.    Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

163.    Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

164.    Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

165.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

166.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

167.    Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

168.    Upon information and belief, from approximately 2016 until sometime in 2017, each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class' biometric identifiers and/or biometric information to Paycor, Inc., without first obtaining the consent required by 740 ILCS 14/15(d)(1).

169.    By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

170.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by

requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**SEVENTH CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

171.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

172.    BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

173.    Each Defendant fails to comply with this BIPA mandate.

174.    Defendant Club Fitness, Inc. is a corporation registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

175.    Defendant Club Fitness of Alton, LLC is a limited liability company registered to conduct business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

176.    Defendant Club Fitness of Collinsville, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

177.    Defendant Club Fitness of Fairview Heights, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

178.    Defendant Club Fitness of Granite City, LLC is a limited liability company that conducts business in the State of Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

179.    Defendant Club Fitness of Wood River, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

180.    Defendant Cust Serv CF, LLC is a limited liability company that conducts business in Illinois and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

181.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by any Defendant, as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

182.    Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

183.    Upon information and belief, from approximately 2017 until sometime in 2018, each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class' biometric identifiers and/or biometric information to ADP LLC without first obtaining the consent required by 740 ILCS 14/15(d)(1).

184.    By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class' biometric identifiers and biometric information as described herein, each Defendant violated

Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

185.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Kellin Johns respectfully requests that this Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Kellin Johns as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B.    Declaring that Defendants' actions, as set forth above, violate BIPA;

C.    Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D.    Declaring that Defendants' actions, as forth out above, were intentional and/or reckless;

E.    Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use, and disseminate biometric identifiers or biometric information in compliance with BIPA;

F.    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H.    Awarding such other and further relief as equity and justice may require.

Date:    February 6, 2020                         Respectfully Submitted,

                                                  /s/ Haley R. Jenkins
                                                  Ryan F. Stephan
                                                  James B. Zouras
                                                  Haley R. Jenkins
                                                  STEPHAN ZOURAS, LLP
                                                  100 N. Riverside Plaza
                                                  Suite 2150
                                                  Chicago, Illinois 60606
                                                  312.233.1550
                                                  312.233.1560 f
                                                  rstephan@stephanzouras.com
                                                  jzouras@stephanzouras.com
                                                  hjenkins@stephanzouras.com

                                                  Brandon M. Wise
                                                  Paul A. Lesko
                                                  PEIFFER WOLF CARR & KANE, APLC
                                                  818 Lafayette Ave., Floor 2
                                                  St. Louis, MO 63104
                                                  314-833-4825
                                                  bwise@pwcklegal.com
                                                  plesko@pwcklegal.com

                                                  ATTORNEYS FOR PLAINTIFF
                                                  AND THE PUTATIVE CLASS