```
                   IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF ILLINOIS


KELLIN JOHNS, et al,        )
                            )
          Plaintiffs,       )
                            )
v.                          )  No. 20-CV-264
                            )  East St. Louis, Illinois
PAYCOR, INC.,               )
                            )  STATUS CONFERENCE
          Defendant.        )




                        TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE DAVID W. DUGAN
                              JULY 18, 2024

APPEARANCES:

FOR THE PLAINTIFF:    CATHERINE MITCHELL DUFFY

FOR THE DEFENDANT:    CHRISTOPHER SEAN HENNESSY




                          Erikia Schuster, RPR
                            IL CSR #084-00
                           750 Missouri Avenue
                        East St. Louis, IL  62201
                              618-482-9226
                    Erikia_Schuster@ilsd.uscourts.gov
```

*Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.*

1        COURTROOM DEPUTY: We are now on the record in case
2   number 20-CV-264, Kellin Johns, et al. versus Paycor for a
3   status conference. Will the parties please identify
4   themselves for the record?
5        MS. DUFFY: Good afternoon, Your Honor. Catherine
6   Mitchell Duffy on behalf of the Plaintiffs.
7        MR. HENNESSY: Good afternoon, Your Honor.
8   Christopher Hennessy on behalf of the Defendant.
9        THE COURT: Good to see you both. This is really a
10  follow-up from our last meeting I think around June 18th, I
11  believe, and there was a question that -- actually, I
12  instructed the parties to meet and confer. That was one
13  aspect, and I believe also the Defendant, Mr. Hennessy, I
14  think wanted to delve into the possibility of an expert for
15  class certification purposes.
16       Let's go to that first, have you made a decision in
17  that regard, Mr. Hennessy?
18       MR. HENNESSY: Well, yes, I think with discovery
19  generally and the expert, and I'm happy to explain all that to
20  the Court in whatever order you want me to address these
21  issues.
22       THE COURT: I'm really interested in whether -- I
23  think you wanted some time to make that decision for us to
24  kind of schedule things.
25       MR. HENNESSY: Correct. Right. And we have the

1  motion for class certification and there's a few issues with
2  respect to the motion.  As it relates to the issue of experts,
3  one of the questions has to do with the information that was
4  in fact allegedly captured by the devices, which I understand
5  the assertion within the motion for class action for
6  certification is that the information that was collected was,
7  in fact, biometric information.  I don't think that it's that
8  clear and in fact there have been some rulings from some
9  courts recently, including the *Zellner* opinion out of
10 California, I think it was the Ninth Circuit perhaps that what
11 is described as being collected here isn't necessarily
12 classified as biometric information, and so that would be
13 potentially the expert-related issue associated with motion
14 for class certification.
15          THE COURT:  So back to my original inquiry a month
16 ago and today, you are to be using an expert for this, right?
17          MR. HENNESSY:  Yes.
18          THE COURT:  Have you retained one?
19          MR. HENNESSY:  I think so.
20          THE COURT:  We're trying to schedule things here.
21 Let's move on to this issue of discovery.  Have you met and
22 conferred?
23          MS. DUFFY:  Your Honor, if I may just briefly
24 interject, I don't think that particular issue goes to class
25 certification.  I was under the impression that we were to

1  meet and confer over this issue of expert discovery with
2  regard to our class certification motion that we filed about
3  two weeks ago.  We have not heard anything from defense on
4  that issue since so I honestly showed up today presuming that
5  that was not going to be a problem as far as wanting an expert
6  for the class certification decision.  I understand that there
7  might be expert discovery necessary for the merits, but I
8  don't think that that is appropriate yet and that was just my
9  two cents on that particular issue.
10          THE COURT:  I think you're right.  The only issue,
11 Mr. Hennessy, is -- you wanted additional time to make that
12 consideration, and I granted that period of time so that we
13 could then meet again and you were going to meet in the
14 interim and discuss, look at my order from that date,
15 Document 102, directed to meet and confer on a proposed
16 scheduling and discovery deadlines that contemplates the bench
17 trial dates that I gave you.  Has there been no meet and
18 confer since June 18th?  Am I understanding you correctly, Ms.
19 Duffy?
20          MS. DUFFY:  That's right, Judge.  We have not met and
21 conferred on discovery as far as the merits go.  Again, and
22 apologies if that fell on Plaintiff in some regard.  I was
23 under the impression that we were to meet and confer over
24 potential expert discovery in the event that they determined
25 they wanted that for class certification.  They also just

1  filed their renewed motion to dismiss or amended motion to
2  dismiss, I apologize if I misstate the title of that, but it
3  came in yesterday and I did review it briefly.  It does seem
4  to be similar to what was filed back in 2020.  So my approach
5  for today was to necessarily -- to same track these -- the
6  briefing on these motions, and then I thought that maybe
7  discovery would flow from the hearing dates or those decision
8  dates on that.
9            But if I misunderstood, I can take partial
10 responsibility for that, I apologize, but that was where my
11 head was at after the last status hearing with Your Honor.
12           THE COURT:  Well, again, I know this case is old and
13 it is not due to anyone's fault maybe other than the Illinois
14 Supreme Court in its due course, but it is set for trial now
15 on April 14th so I'm working toward that date.  And by my
16 calculation that is a little more than about maybe eight,
17 nine months away before the trial is going to commence.
18           So again, that is part of the reason that I wanted
19 you to meet and confer, but I still, Mr. Hennessy, I guess I'm
20 a little bit unclear on this.  My recollection and my notes
21 indicate that the last time we met you were going to
22 contemplate using an expert in this, and that's fine if you
23 wanted additional time.  I did that, but no communication has
24 been conveyed to the Plaintiff about scheduling depositions,
25 anything like that at all; is that accurate?

1          MR. HENNESSY:  That is accurate, and I apologize for
2     that, Your Honor.  And back to the issue of the expert, I
3     acknowledge and the manner in which Plaintiff characterized it
4     that the expert that I'm describing could potentially be more
5     of the merits issue versus a class certification issue.  I
6     understand completely.  I know one of the questions that came
7     up was about experts and if Your Honor's inclination is that
8     what I'm describing to you sounds more like the merits of it
9     and that in and of itself should be unrelated certification,
10    understood completely.
11         THE COURT:  You define the scope, not me, of your
12    expert, and I understood it to mean that you were looking --
13    and I may be mistaken on this, but I'm looking at my notes and
14    the last order and you wanted additional time I understand for
15    an expert regarding the class certification, but you're
16    telling me now that's not an issue now; is that true?
17         MR. HENNESSY:  Right.  What I'm saying the expert
18    that we would have -- I mean, because class certification
19    obviously doesn't decide the merits.  They are separate
20    issues.  The expert I'm describing we think potentially -- let
21    me take a step back for a second.  Paycor's role in this is
22    the provider of something that is used by employers.  In other
23    words, we aren't the employer of the punitive class and so our
24    role in this is different than say, for example, if we were
25    the employer.  We would understand how we used the clock, what

| | |
|---|---|
| 1 | we did, can sense things like that.  So we're at a bit of a |
| 2 | disadvantage, significant disadvantage is the sense that the |
| 3 | implementation of the clocks was at our customer level and so |
| 4 | the scope of the class could very well be impacted depending |
| 5 | on the manner in which those ultimate customers use the |
| 6 | clocks, what they actually did, which hasn't been developed in |
| 7 | the record and that could then also tie into whether the |
| 8 | different clocks that were identified in the exhibits to the |
| 9 | motion for class certification were used a manner that is the |
| 10 | collection of biometric information and therefore properly |
| 11 | within the class.  So there -- and as I understand it, if I |
| 12 | recall from the joint status report that was filed, as I |
| 13 | understand it I thought that Plaintiff's position was that |
| 14 | discovery was essentially complete.  I could be mistaken.  I |
| 15 | don't want to put words in there.  And so I know one of the |
| 16 | topics to discuss today is the discovery that would have to be |
| 17 | completed and that we believe would have to be completed prior |
| 18 | to responding to the motion of class certification, but I |
| 19 | don't want to get off afield of the point of the experts. |
| 20 |           THE COURT:  Maybe we can attack it from that angle, |
| 21 | and Ms. Duffy, have you completed discovery for your purposes |
| 22 | in the class cert, not merits, but -- |
| 23 |           MS. DUFFY:  No.  Not on a merits or evidence-based |
| 24 | presumption.  We have not completed discovery. |
| 25 |           THE COURT:  Have you done any discovery on class |

1  cert?
2          MS. DUFFY:  Yes.  I mean, that's why we filed our
3  motion and I think the issues are being conflated.
4          THE COURT:  Are you done with your discovery as to
5  the class cert?  You're satisfied?
6          MS. DUFFY:  Yes, Judge.
7          THE COURT:  I think that's what Mr. Hennessy was
8  pointing to, was it not?
9          MR. HENNESSY:  Yes.
10         THE COURT:  Okay.  In response, do you have any
11 further discovery due, Mr. Hennessy, on the class cert?
12         MR. HENNESSY:  Yes.
13         THE COURT:  And that would entail what?
14         MR. HENNESSY:  That would relate to the information
15 from the actual employers, the customers of Paycor that
16 implemented the clocks on a number of different points
17 including, for example, whether the end user, the employer
18 implemented consent that included Paycor within it, which has
19 occurred, does occur but we don't know whether that has
20 occurred and that would relate to the scope of the class,
21 whether certain employers should be included even if they had
22 one of the clocks.
23         THE COURT:  Are you presently engaged in that
24 discovery effort to address that scope?  Have you done any
25 discovery on this from the Plaintiff?

1          MR. HENNESSY:  This would be discovery from third
2    parties I think, Your Honor.
3          THE COURT:  That's what I'm trying to drive at.  I
4    don't run your case.  We are talking about her discovery.  Are
5    you doing any discovery as to the Plaintiff?  Have you done
6    interrogatories, request for production, depositions, anything
7    at all directed to the Plaintiff?
8          MR. HENNESSY:  You'll have to forgive me, Your Honor,
9    I'm not sure what exactly did occur prior to this case being
10   stayed.  I know that there was some discovery.  How much of it
11   might have included the Plaintiffs, I apologize.  I just don't
12   know.
13         MS. DUFFY:  Your Honor, I can answer.
14         THE COURT:  Any information you can give me, Ms.
15   Duffy, I'm all for.
16         MS. DUFFY:  I apologize.  I don't mean to do so,
17   Judge.  Prior to the stay and also prior to us previously
18   filing your motion for class cert because the second named
19   Plaintiff came in a little bit later.  He was issued written
20   discovery, both Plaintiffs were issued and responded to
21   written discovery requests, but only one of the Plaintiffs was
22   deposed.  So presumably, again, going to merits-based and
23   evidence-based discovery, the other Plaintiff would still need
24   to be deposed by the Defendant if they so choose, and I
25   think -- I just think that the issues are being conflated.  I

1  think when Mr. Hennessy talks about whether an end user or a
2  customer implemented consent, I think those questions still
3  can be answered after class certification.
4       In other words, that answer whether or not it was
5  implemented goes to everyone who could be in the class, right?
6  So I'm a little confused by their position at this point, but
7  I don't know.
8       MR. HENNESSY:  And so -- can I answer a question?  We
9  have not --
10       THE COURT:  Mr. Hennessy, Mr. Hennessy, listen for a
11 minute.  I'm trying to find out where you are in this process
12 of discovery which ought to be pretty simple, and I
13 understand -- let me ask you this:  Are you going to do any
14 more discovery directed toward the Plaintiff alone, apart from
15 third party discovery?  Are you planning any further discovery
16 regarding class cert?
17       MR. HENNESSY:  I don't believe that there would be
18 discovery directed to the Plaintiff on the issue of class
19 certification.
20       THE COURT:  Okay.  So the next step is you want to do
21 some discovery regarding class certification as to third
22 party, I assume vendors or users, that sort of thing, true?
23       MR. HENNESSY:  Yes.
24       THE COURT:  And you think that is necessary before we
25 can get to the class certification issue?

1              MR. HENNESSY:  Yes.

2              THE COURT:  And how much time are you anticipating

3   needing this, because I see what Ms. Duffy is driving at.

4   There seems to be maybe a conflation or a commonality -- I

5   don't use that term lightly in talking about these sorts of

6   cases, but there seems to be something in common between

7   merits and certification that I think you're driving at.  I'm

8   not fully clear on it, but maybe I don't need to be.  What I'm

9   asking, though, is how much time is it going to be necessary

10  for you to address this discovery as to third parties with in

11  mind that I'm driving towards this class certification motion?

12  So tell me that.  How much time?

13             MR. HENNESSY:  I would say given the fact that we're

14  talking about discovery from third parties and not discovery

15  from parties, which always takes longer, honestly, 90 days.

16             THE COURT:  What have you been doing in the last

17  30 days toward that?

18             MR. HENNESSY:  I was only responding with respect to

19  -- I mean, I received the class certification motion and the

20  notes -- the evaluation that I did that I thought we would be

21  discussing today was having seen the class certification

22  motion and the positions that are taken within that motion

23  what, if anything, do I think that we need in response to

24  that?  So I didn't -- I didn't have that until two weeks ago.

25             THE COURT:  So you haven't done anything at all

1   regarding discovery as to third party?  Is that an accurate
2   statement?
3            MR. HENNESSY:  That is correct, and in the last two
4   weeks I have not done anything with respect to discovery to
5   third parties, that is correct.
6            THE COURT:  You haven't done anything at all, right?
7   Because you are telling me you didn't know it was going to be
8   in the motion for certification, true?
9            MR. HENNESSY:  Correct.
10           THE COURT:  It just strikes me as odd because we
11  talked a month ago in June and you told me you needed an
12  expert, and I guess I'm a little bit unclear on how you would
13  know you would need an expert or think that you would need an
14  expert, but have done nothing with it.
15           So my problem is this thing is getting dragged out
16  even further, and I think the case needs to move forward, and
17  I just see it being dragged down a little bit through
18  something that really as you both know that you have
19  obligations to commence discovery and get on with it.
20           So I'm not inclined to give you a full 90 days.  I'm
21  looking at a trial date of April of 2025.  There's a major
22  motion pending, obviously a motion to dismiss and now there's
23  a motion for certification.  That takes time to address.  Both
24  of those take time to address.  That may well take 90 days in
25  and of itself to just address the motion to dismiss given our

```
 1  workload.  And then, of course, you would have to have time to
 2  respond to the motion for certification.  Even if I gave you
 3  60 days, I could very easily see that the motion for
 4  certification not be resolved until four months, five months
 5  away is the way I'm calculating this, and you haven't even
 6  done any discovery yet.  I don't know how we can accomplish
 7  the trial date by that date, but at the same time I don't want
 8  to keep pushing it back.
 9           Ms. Duffy, do you want to weigh in on this?
10           MS. DUFFY:  Sure.  I mean, I'll just repeat myself in
11  that I've never experienced a situation where expert or third
12  party vendor discovery -- vendors who are their own vendors,
13  right?  I mean, presumably when we issued our initial
14  discovery request, they were talking to these vendors about
15  this information at this point years ago.  None of that we've
16  been privy to or received in the discovery that has been
17  exchanged.
18           I think our position is that class certification is
19  relatively simple here and based on the standard and the rules
20  it should be determined rather quickly when filed at this
21  juncture in the case.  Our position would be that there should
22  be no more discovery with regards to our class certification
23  motion.  And I will say that if they do get discovery or
24  additional discovery for class cert, anything new we would
25  have to have an opportunity to explore if there's new people,
```

1  new declarations and things like that.  And that's with
2  respect to class certification.
3          So I think our position was that if we same tracked
4  these two motions as far as briefing goes while simultaneously
5  continuing written fact discovery, we would be in a position
6  to get a lot of things done by that trial date.  That is just
7  where I see this case going because there was significant
8  discovery that was exchanged prior to the stay, though it just
9  wasn't complete, obviously, because we kind of got cut.  So
10 that would be our suggestion is to move forward with briefing
11 on these motions and continue that written fact discovery and
12 any additional depositions and try and get those done
13 obviously before mid fall, winter, if possible.
14         THE COURT:  Here is what I'm going to do.  I'm going
15 to give you 60 days, Mr. Hennessy, to address discovery.  At
16 the same time, we'll do the briefing schedule obviously for
17 the motion to dismiss, that will be obviously calculable by
18 both, by reason of local rules and my procedures.  That
19 shouldn't be a problem.  The same way with regard to the
20 motion for class certification, but I am going to wait that
21 60-day period and give you an opportunity to address that
22 discovery that you want to do with the expert and/or third
23 party, and then we're going to meet again about that time.
24 Maybe about two months out.  I'll give you a date here in a
25 moment, about 70 days out.  That will give you an opportunity

1  to finish up your discovery and digest a little bit.  And then
2  what the purpose of that hearing is going to be is I need to
3  know what has been accomplished, if anything, whether it is
4  still an issue for the purposes of class certification because
5  I need to address the motion to dismiss and then the class
6  cert as soon as possible.
7        I'm going to set our next conference and we'll do it
8  by Zoom on September 25, 2024, at three o'clock.  We'll do it
9  by Zoom, the same way, and again, the purpose of that is to
10 check in to see where Mr. Hennessy is on his discovery, since
11 there's really no issue -- since there are really not any
12 merits of discovery going on yet, right?  I know --
13       MS. DUFFY:  Yeah.
14       THE COURT:  So I think that would address all of the
15 issues that I can think of.  That will give Mr. Hennessy a
16 little more time to work quickly and find out why he needs
17 this information and get an expert involved if that's the
18 case, but I'm also going to direct the parties that once Mr.
19 Hennessy has completed with discovery if it is before that
20 60 days to notify the Plaintiff, let her know or counsel know
21 as well that you're not going to pursue any more discovery.
22       I'm just trying to get all of this done in a very
23 short period of time, and I'm really concerned about when I
24 set aside a trial date that is going to take as long as I
25 think this might take in April of 2025, getting those big

```
 1   blocks of time is not that easy to do.  That's the reason I
 2   guess why I am being a little bit particular about protecting
 3   those dates for everybody as much as possible, okay?
 4            So you don't need to meet and confer.  I've given you
 5   the deadline for the discovery by Mr. Hennessy.  Regarding the
 6   information that you get, Mr. Hennessy, from your third
 7   parties, you'll share that, obviously, with Plaintiffs?
 8            MR. HENNESSY:  I mean, yes, and obviously -- under
 9   the rules there's notice of intent to -- notice before issuing
10   subpoenas, yes, understood, Your Honor.  It is not -- yes.
11            THE COURT:  I'm trying to make sure we don't delay
12   any further, I guess --
13            MR. HENNESSY:  I understand.  I understand.  I
14   appreciate that, Your Honor.
15            THE COURT:  -- is the thing.  I find that once we get
16   behind the curve it is very difficult to get out ahead of it.
17            I'm going to direct that you respond to the motion of
18   certification because I think it's fair that you have your
19   discovery before I direct you to respond to the motion for
20   certification in that 60 days once you've completed discovery
21   so that would be the same date, the date you completed
22   discovery, the 60 days and we'll give you the exact date for
23   that and also to respond in full to the motion for class
24   certification.  All right, Mr. Hennessy?
25            MR. HENNESSY:  60 days to complete the discovery and
```

```
 1  then the response is due at the conclusion of that same
 2  60 days?
 3            THE COURT:  Yes, sir.
 4            MR. HENNESSY:  Okay.
 5            THE COURT:  Anything else that we need to discuss?
 6  We'll put this in the form of an order, obviously, and send it
 7  out.  Ms. Duffy?
 8            MS. DUFFY:  Just one clarification, Judge, for the
 9  motion to dismiss briefing do you want us to respond to that
10  in whatever the next -- it might be 28 or 30 days based on the
11  local rules.
12            THE COURT:  Do it pursuant to local rules, yes.  So I
13  need to address that in case there's some issue.  I don't know
14  if there is or not, but if there is an issue and it needs to
15  be dismissed and amended then we need to obviously get that
16  accomplished too.
17            MS. DUFFY:  Sure.
18            THE COURT:  Let's do that and then we'll meet again
19  in September as I gave you the date and we'll see where things
20  stand at that point in time.  If anything comes up in the
21  interim, if there's a problem, if there's something you want
22  clarification on, please send an e-mail or call chambers and
23  we will get together as soon as possible so that we can ferret
24  that out.  Again, all in the interest of keeping the trial
25  date if possible.
```

```
1              MR. HENNESSY:  Understood, Your Honor.
2              MS. DUFFY:  Yes, understood.
3              THE COURT:  All right.  Very good.  Thank you, both.
4    I appreciate it.  Have a good weekend.
5              MS. DUFFY:  Thank you, Your Honor.  You too.
6              (The status hearing was concluded at 3:28 p.m.)
7
8                         REPORTER'S CERTIFICATE
9                      *   *   *   *   *   *   *
10     I, Erikia T. Schuster, RPR, Official Court Reporter for the
11   U.S. District Court, Southern District of Illinois, do hereby
12   certify that I reported with mechanical stenography the
13   proceedings contained in pages 1-18, and that the same is a
14   full, true, correct and complete transcript from the record of
15   proceedings in the above-entitled matter.
16
17   /S/ Erikia T. Schuster              10/3/2024
     IL CSR, RPR
18
```