IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIN JOHNS and JUAN BARRON, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>  v.<br><br>PAYCOR, INC.,<br><br>                      Defendant. | Case No. 3:20-cv-00264-DWD<br><br>Hon. David W. Dugan |

**DEFENDANT'S MOTION TO STRIKE NEW ARGUMENTS AND EVIDENCE IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF CLASS CERTIFICATION**

Defendant, Paycor Inc. ("Paycor"), by its undersigned counsel, hereby moves to strike certain portions of the reply brief in support of class certification filed by Plaintiffs, Kellin Johns and Juan Barron, as those portions contain new evidence and new arguments not previously raised. In support thereof, Paycor states as follows:

**INTRODUCTION**

Plaintiffs filed their reply in further support of class certification on January 10, 2025. (Dkt. 148). Plaintiffs' reply brief is rife with new arguments and new evidence, as well as blatant misrepresentations of that new evidence made for the sole purpose of misleading the Court without giving Paycor an opportunity to respond. Fairness requires that the Court not consider the newly-raised and factually misleading statements offered by Plaintiffs. Paycor therefore seeks an Order striking the portions of the reply brief outlined herein, that improperly discuss newly-raised evidence, newly-raised arguments, and that materially misrepresent the facts and evidence.

## ARGUMENT

It is well-settled that, "[w]here new evidence is presented in either a party's reply brief or affidavit in further support of its...motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion...or else strike that new evidence." *Eddington v. United States*, 3:22-CV-2001-DWD, 2024 WL 4554156, at *3 (S.D. Ill. Oct. 23, 2024) (citations omitted). Where an "an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration," and such issues thus "should not be considered." *Aircraft Gear Corp. v. Marsh*, 02 C 50338, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004).

Importantly, "[p]roviding specifics in a reply in support of a general argument in an objection [or motion] counts as a new matter in reply." *Aircraft Gear Corp. v. Marsh*, 02 C 50338, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004). Thus, "citing to sufficiently specific evidence for the first time in reply" is improper, as a litigant does not have a right to "be vague in his original submissions and provide the necessary detail in his reply." *Id.*

Here, Plaintiffs cite new arguments and evidence in their reply in support of class certification. Specifically, they respond to Paycor's argument that the class cannot be certified because certain of Paycor's customers obtained valid BIPA consents from their respective employees that mention or release Paycor, by arguing for the first time that Paycor has not produced "a single signed consent." Plaintiffs' implication that there is an absence of evidence of BIPA consents, is false. In the two weeks prior to Plaintiffs filing their reply brief, Paycor produced approximately 40 BIPA consents. Plaintiffs should not be permitted to blatantly misrepresent facts and evidence without Paycor having an opportunity to respond.

Moreover, Plaintiffs' reply brief cites to the deposition of David Goodwin that was taken only after Paycor had already filed its opposition to Plaintiffs' motion for class certification. Plaintiffs do so in an attempt to discredit Mr. Goodwin's declaration filed in support of Paycor's opposition brief. Once again, Plaintiffs grossly misrepresent the nature of Mr. Goodwin's testimony in an attempt to mislead the Court without Paycor having a fair opportunity to respond.

For these reasons, the portions of Plaintiffs' reply brief in support of class certification outlined below should be stricken from the record.

**I.    Plaintiffs Falsely Argue for the First Time that there is an Absence of Evidence Regarding Employee BIPA Consents**

In opposition to Plaintiffs' motion for class certification, Paycor argued that Plaintiffs could not establish typicality because, among other reasons, certain employees of Paycor's customers signed consent forms with their employers that encompassed Paycor. In their reply, Plaintiffs state multiple times that "Paycor has failed to produce . . . a single signed consent form authorizing its collection of biometric data." (Dkt. 148, pp. 1, 8). This is simply untrue.

On January 6, 2025, Paycor produced 3 BIPA consent forms from various of its customers. And on January 9, 2025, Paycor produced 39 additional BIPA consent forms and/or BIPA privacy policies from various of its customers. Most of those consents were signed by employees of Paycor's customers and contained language that would release not only the employer, but Paycor from any BIPA liability.[1] For example:

- JOHNS-PAYCOR00000604, JOHNS-PAYCOR00000607, and JOHNS-PAYCOR00000610 are signed BIPA consents that each provide: "The undersigned employee acknowledges that he/she has received the attached Biometric Information Privacy Policy, and that he/she voluntarily consents to the Company's, its vendors', and/or the licensor of the Company's time and attendance software's collection, storage, and use of biometric data through a biometric timeclock, including to the extent that it utilizes the employee's biometric identifiers or biometric information as defined in BIPA, and voluntarily consents to the Company providing

---

[1] The consents were generally signed electronically, and therefore, if any given consent was signed, the employee's electronic signature appears on the bottom left hand corner of the documents.

such biometric data to its vendors, and/or the licensor of the Company's time and attendance software."

- JOHNS-PAYCOR00000648, JOHNS-PAYCOR00000693, JOHNS-PAYCOR00000739, JOHNS-PAYCOR00000785, and JOHNS-PAYCOR00000830, are pages from a customer's employee handbook, signed by the employees in question, that each provide: "[Employer] and its payroll vendor and its provider of time and attendance software collect, store, and use biometric data solely for employee identification and fraud prevention purposes for payroll processing . . . The company will retain employee biometric data only, and permanently destroy such data upon the termination of the employee's employment . . ."

- JOHNS-PAYCOR00000844 is a signed BIPA consent that provides: "The undersigned employee acknowledges that he/she has received the attached *Illinois Biometric Information Privacy Act Policy*, and that he/she voluntarily consents to the Company's and/or the service providers' collection, storage, and use of biometric data, including to the extent that it utilizes the employee's biometric identifiers or biometric information as defined in BIPA, and voluntarily consents to the Company providing such biometric data to any service providers . . ."

- JOHNS-PAYCOR00000847 is a signed BIPA consent that provides: "The undersigned employee acknowledges that he/she has received the attached *Biometric Information Privacy Policy*, and that he/she voluntarily consents to the Company's, its vendors', and/or the licensor of the Company's time and attendance software's collection, storage, and use of biometric data through a biometric timeclock, including to the extent that it utilizes the employee's biometric identifiers or biometric information, and voluntarily consents to the Company providing such biometric data to its vendors, ████████ and/or the licensor of the Company's time and attendance software."

(True and correct copies of the aforementioned subset of signed BIPA consent documents are attached as Group Exhibit A). These examples are not nearly exhaustive. Paycor has produced many additional employee consent forms that encompass Paycor and would defeat any BIPA claim brought by that employee. Paycor also anticipates making a substantial additional production of BIPA consents when its third-party ESI vendor completes its review of the extremely voluminous customer data.

In light of the more than 40 BIPA consents that Paycor had already produced before Plaintiffs filed their reply brief, it is a materially false statement that Paycor has not produced a single signed employee BIPA consent. Plaintiffs' statement implies, for the first time, an absence

of evidence relating to BIPA consents, when that is just not the case. Plaintiffs should not be permitted to misrepresent the record in a reply brief without Paycor having a chance to rebut Plaintiffs' false statements. Accordingly, Paycor requests that any portion of Plaintiffs' reply brief referring to signed employee BIPA consents forms having not been produced, be stricken.

II. **Plaintiffs Cite David Goodwin's Deposition, Taken After Paycor's Opposition Was Filed, and Grossly Misrepresent His Testimony**

In opposition to Plaintiffs' motion for class certification and in support of Paycor's simultaneously-filed motion for summary judgment, Paycor submitted the declaration of its Senior Portfolio Product Manager, David Goodwin ("Goodwin"). Plaintiffs took Goodwin's deposition on December 4, 2024, and Plaintiffs cite to the transcript extensively in their reply. The problem is that Plaintiffs repeatedly and materially misrepresent Goodwin's testimony, and because the deposition was taken only after Paycor already filed its opposition, Paycor has had no opportunity to rebut those misrepresentations. They should therefore be stricken.

First, Plaintiffs state multiple times that Goodwin testified that he  (Dkt. 148, pp. 1-2). This is misleading, at best. Plaintiffs conveniently leave out Goodwin's full quote, which is (Ex. A to reply, 108:16-21). Goodwin testified at length regarding these issues, which were not addressed in detail by Mr. Dahdaly.

Plaintiffs then state repeatedly that Goodwin's deposition testimony "contradicted" his declaration as it pertains to Paycor's client-segregated databases, specifically that Goodwin's testimony somehow confirms that Paycor had access to and control over the template data contained in those databases. (Dkt. 148, pp. 2-4). Once again, this is plainly false. As an initial matter, Plaintiffs (presumably in error) cite to three pages of Goodwin's deposition testimony that

are completely irrelevant to anything stated in the reply. (Goodwin Dep., Ex. A to reply, pp. 66, 81-82). The remaining portions they cite to actually state the opposite of what Plaintiffs contend, as Goodwin testified that Paycor had *no access to or control over* employee template data contained in any client-segregated database.

Plaintiffs disingenuously attempt to conflate Goodwin's testimony that Paycor had access to *payroll data* in the client-segregated database with Paycor having access to employee template data. (Dkt. 148, pp. 3-4). Plaintiffs leave out Goodwin's testimony that there ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████. (Goodwin Dep., Ex. A to reply, 90:6-22). Specifically, Goodwin testified:

███████████████████████████████████████████████████████████

(*Id.*).

Goodwin testified that ███████████████████████████████ ███████████████████. (Goodwin Dep., Ex. A to reply, 85:8-86:24, 89:19-90:5). He testified that ███████████████████████████████ ███████████████. (*Id.*, 87:2-17). He further confirmed that Paycor ███ ███████████████████████████████ (*Id.*, 89:8-18). Accordingly, it is a misrepresentation when Plaintiffs state that Goodwin confirmed that Paycor had access to and did access employee template data. Accessing the payroll part of the database is not, as Plaintiffs contend, the same as thing as accessing the wholly-separate part of the database that contains employee template data.

Further, contrary to Plaintiffs' assertions in their reply, Goodwin did not testify that Paycor actively deleted template data from its client-segregated database. (Dkt. 148, p. 6). Rather, Goodwin testified, consistent with his declaration, that ███████████████████ ███████████████████████████████████████████████████████ (Id., 87:10-89:16). Nowhere did Goodwin testify that Paycor actively sought out, accessed, and deleted template data.

Finally, Plaintiffs state in a footnote that Goodwin testified that Paycor ████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████ (Dkt. 148, p. 5 n. 3). It comes as no surprise that this characterization of Goodwin's testimony is also false. In support of this footnote, Plaintiffs again cite the following testimony from Goodwin:

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

(Goodwin Dep., Ex. A to reply, 90:12-25).

Clearly, Goodwin is stating that ████████████████████████████ ███████████████████████████████████████████ (Dkt. 148, p. 5). Further, as explained above, Goodwin is testifying that ███████████████████████████████ ███████████████████████████████████████████████████ (Id.).

Plaintiffs' citation to Goodwin's deposition testimony is new evidence that is wholly misrepresented by Plaintiffs in an attempt to mislead this Court without Paycor having a chance to

rebut those misrepresentations. Such tactics are unfair and should not be permitted. Plaintiffs' references to and citations to Goodwin's deposition testimony should therefore be stricken.

**WHEREFORE**, for the forgoing reasons, Defendant, Paycor, Inc., respectfully requests that the Court grant its Motion, strike those portions of Plaintiff's reply brief in support of class certification that contain new evidence and new argument, as outlined herein, and grant Defendant such other and further relief that the Court deems equitable and just.

Dated:  January 17, 2025

Respectfully Submitted,

**PAYCOR, INC.**

*/s/ Melissa A. Siebert*

Melissa A. Siebert
Christopher S. Hennessy
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
(312)-474-7900
msiebert@cozen.com
chennessy@cozen.com

*Attorneys for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Melissa A. Siebert*
