IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLIN JOHNS and JUAN BARRON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**PAYCOR, INC.,**<br><br>*Defendant.* | Case No. 3:20-cv-00264-DWD<br><br>Judge David W. Dugan |

**PLAINTIFFS' OPPOSITION TO PAYCOR'S MOTION TO RECONSIDER THE COURT'S ORDER DENYING ITS MOTION TO DISMISS AND GRANTING CLASS CERTIFICATION**

Plaintiffs Kellin Johns and Juan Barron ("Plaintiffs"), by and through their undersigned counsel, hereby oppose Defendant Paycor, Inc.'s ("Paycor") Motion to Reconsider the Court's March 28, 2025 Opinion and Order Denying Defendant's Motion to Dismiss and Granting Class Certification. ("Motion to Reconsider"). Dkt. 162. For their Opposition to Paycor's Motion to Reconsider, Plaintiffs state as follows:

**INTRODUCTION**

On March 28, 2025, the Court entered a comprehensive written Order denying Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and granting Plaintiffs' Renewed Motion for Class Certification. *See* Dkt. 155. In response, Paycor has not answered the operative Complaint, as ordered by the Court, or cooperated with Plaintiffs' counsel to provide a class list for prompt issuance of notice. Rather, Paycor has moved to reconsider, while seeking yet another stay of all case proceedings, because the Seventh Circuit granted a Rule 23(f) petition for

1

interlocutory appeal in a separate BIPA case that Paycor previously argued was factually distinguishable from this one.[1]

Paycor's Motion to Reconsider is a precise example of why such motions are highly disfavored amongst the judiciary. Instead of taking a targeted approach, Paycor in scatter-shot fashion, re-hashes all the arguments the Court explicitly considered and rejected, or otherwise found untimely. Making matters worse, Paycor attempts to make *brand new* arguments it failed to assert while briefing both dismissal and class certification; however, *Svoboda* is not "new" and granting of a petition for Rule 23(f) interlocutory appeal does not equate to a change in law requiring reconsideration. In its March 28, 2025 Order, this Court adequately considered and correctly addressed all arguments raised by the Parties, and did so in the context of the liberal pleading standard (as to Defendant's Motion to Dismiss) and the preponderance standard pursuant to the Court's broad discretion (as to Plaintiffs' Motion for Class Certification). Because it has failed to meet its burden of demonstrating that reconsideration is warranted, Paycor's Motion to Reconsider must be denied.

## **LEGAL STANDARD**

Motions to reconsider are extremely disfavored such that the moving party "bears a heavy burden, and motions for reconsideration are not at the disposal of parties who want to rehash old arguments." *Santos v. Williams*, 2017 WL 2189102, at *1 (N.D. Ill. May 18, 2017) (citing *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015)). That is because re-hashing the same arguments that have already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold. *Calderson v. Wexford Health Sources,* Inc.,

---

[1] Defendant's latest bid to delay was denied on April 22, 2025 and it must answer the Amended Complaint, as previously ordered, by April 29, 2025. Dkt. 167.

2

20-CV-431-DWD, 2023 WL 10354431, at *1 (S.D. Ill. Sept. 1, 2023) (Dugan, J.) (internal quotations and citations omitted).

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant such a motion where the movant demonstrates a manifest error of law or fact; however, it is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). Rule 54(b) is only appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## ARGUMENT

I. **Defendant's Motion Re-Hashes Prior Arguments Already Considered and Correctly Rejected by This Court.**

In its Motion to Reconsider, Paycor spills much ink—that is, eight pages—to argue that the Court committed a grave "error of law" by finding that the individualized issues Paycor identified in its opposition did not defeat class certification. Def.'s Mot. at 4-11. In its March 28, 2025 Order, after significantly weighing both Parties' arguments in support of and in opposition to the commonality and predominance factors for class certification, and without delving into the merits of Plaintiffs' claims, the Court determined that there are numerous proposed questions of fact and law that involve "a common application of § 15 that will be determinative of liability to the entire proposed class" and that these common questions predominate over the individual ones. Dkt. 155

at 12-13, 19-20, 27-28. Unhappy with this outcome, Paycor regurgitates all of its previous arguments—namely, that certification must be denied because of individualized questions involving purported BIPA consent forms, union membership, standing, extraterritoriality, and customer timeclock configuration. Def.'s Mot. at 8-11. However, just because Paycor disagrees with the Court's findings does not mean the Court ignored its arguments or committed a manifest "error" requiring reconsideration. Accordingly, and because the Court substantively addressed each of these issues, Paycor's attempt at re-argument now must be rejected. *Santos*, 2017 WL 2189102, at *1 (N.D. Ill. May 18, 2017).

Paycor goes on to assert that the Seventh Circuit's recent order granting the defendant's petition for a Rule 23(f) appeal in *Svoboda v. Amazon* is "important to the resolution" of its Motion to Reconsider because "[t]he issues in *Svoboda* are substantially similar" here and the petition presents questions "pertinent" to this case. Def.'s Mot. at 4-5; *Svoboda v. Amazon.com, Inc.,* 2024 WL 1363718 (N.D. Ill. Mar. 30, 2024). But the *Svoboda* case is not "new." In fact, Paycor took the complete opposite position in its response brief to class certification, **where it vehemently distinguished Plaintiffs' citation to *Svoboda* on the facts**. *See* Dkt. 125 at 26-27.

Nonetheless, a Seventh Circuit order granting a petition for interlocutory appeal does not equate to "a controlling or significant change in the law or facts since the submission of the issue to the Court" that would warrant reconsideration under Rule 54(b). *Bank of Waunakee,* 906 F.2d at 1191. Moreover, the two predominance and superiority questions Amazon submits for appeal, and which Paycor *now* asserts are "pertinent" to this case, were never raised by Paycor before now and do not apply. First, Amazon's petition asks the Seventh Circuit to address whether the inability to determine if a class member's face geometry scans were obtained while using the Amazon try-on feature in Illinois is an individualized extraterritoriality issue that defeats certification. Def.'s

4

Mot. at 5 (citing Def.'s Ex. 2, Amazon's Rule 23(f) Petition, p. 1 at Issue No. 2). Here, it is undisputed that there is an identifiable class of at least 14,000 Perform Time users in Illinois. Accordingly, any extraterritoriality arguments raised in *Svoboda* simply do not apply here.

Similarly, Amazon's purported "unique defense" to determining class member damages based on the variability of use of its try-on feature that defeats predominance and commonality, does not exist for Paycor. Def.'s Mot. at 6 (citing Def.'s Ex. 2, Amazon's Rule 23(f) Petition, p. 1 at Issue No. 3). Here, there is no variability of use; rather, Class Members were required to submit their hand geometry scans each time they clocked in and out on Paycor's Perform Time timekeeping system. And though *Cothron* provides for discretionary damages, such discretion would apply equally to all class members. Perhaps that is why Paycor never argued for such a "unique defense" to BIPA's statutory damages scheme when opposing the predominance and superiority factors for class certification. Paycor's about-face and newfound reliance on *Svoboda* is improper and its motion must be denied.

Lastly, Paycor's request that this Court vacate its own Order because the Seventh Circuit granted a petition for interlocutory appeal in *Svoboda*, and then indefinitely stay this case pending that outcome, is equally without merit. It goes without saying that granting a petition to *hear* an appeal is no basis to vacate a Court order. And though Plaintiffs referenced the District Court's decision in *Svoboda* in their Renewed Motion for Class Certification to generally demonstrate that BIPA cases are certifiable, and Paycor vehemently distinguished it, this Court's March 28, 2025 Order does not rely on or even mention *Svoboda*. Since the onset of this case, Paycor has taken a "stay and pray" approach to litigation, whereby BIPA defendants drag their cases out and hope for better outcomes in appellate cases. Though increasingly popular, it has not proven effective or

5

successful. Defendant's request for the Court to vacate its Order and indefinitely stay this case pending *Svoboda* must be rejected.

### II.     The Court Properly Denied Defendant's Motion to Strike as Moot.

Paycor also finds fault with the Court's denial of its Motion to Strike. Namely, Defendant argues that Plaintiffs' reliance on David Goodwin's deposition testimony should have been stricken and, at the same time, late-produced, purported BIPA consent forms from third party employers should have been considered. Def.'s Mot. at 11-13; *see also* Dkt. 151, Def.'s Mot. to Strike Pltfs.' Reply. In its ruling, the Court denied Paycor's motion as moot and determined that it was unnecessary to rely on the Goodwin testimony submitted by Plaintiffs. Dkt. 155 at 30.[2] In other words, Paycor's motion to strike Goodwin's testimony was effectively granted.[3] And the purported third-party consent forms Paycor produced for the first time *after* class certification was fully briefed are not "new evidence" that warrant reconsideration here. That is because the Court *did* consider this argument, including Paycor's representations that it had signed consent forms from putative class members despite not producing any themselves, and rejected it. *See* Dkt. 125, Def.'s Opp. to Class Cert., at 20; Dkt. 155 at 23-24, 27-28. The Court was correct to grant certification despite the potential for class members to have provided BIPA consent to their third-party employers. *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 815 (7th Cir. 2012)

---

[2] The Court's March 28, 2025, Order states that Paycor's Motion to Strike was uncontested. Dkt. 155 at 1. Plaintiffs did not file a response to Defendant's Motion to Strike because Plaintiffs were wary of flooding the Court's docket and held off on doing so absent leave or order of Court.

[3] Paycor simultaneously (and confusingly) faults the Court for disregarding its request to strike the Goodwin testimony, citing authority for the proposition that courts "must receive evidence and resolve factual disputes" when deciding a motion for class certification. Dkt. 162, at 12, citing *Elward v. Electrolux Home Products, Inc.,* 15-CV-09882, 2020 WL 2850982, at *6 (N.D. Ill. June 1, 2020). Paycor apparently cannot decide whether it wants the Court to strike or consider Goodwin's testimony.

("Individual questions need not be absent. The text of Rule 23(b)(3) itself contemplates that such individual questions will be present.").

III. **The Court Properly Denied Defendant's Motion to Dismiss Plaintiffs' Section 15(d) Claim.**

Paycor similarly attacks the Court's decision denying dismissal of Plaintiffs' Section 15(d) claim, arguing that the Court ignored precedent in finding that Plaintiffs adequately alleged disclosure for purposes of Section 15(d). Def.'s Mot. at 18-19. Like its other reconsideration arguments, Paycor similarly re-hashes the same thing here: that Plaintiffs "sole allegation" of a Section 15(d) claim only parrots the statutory language and fails to adequately allege "an actual disclosure." *Id*. (citing Pltfs' FAC, ¶ 98). Not so. In finding Plaintiffs' Section 15(d) claims sufficient, the Court reasoned that in addition to ¶ 98, Plaintiffs' allegations in ¶ 14—which specifically allege that Paycor discloses biometric data to its clients and other third-parties that host the data—adequately alleges claims for violations of Section 15(d). Dkt. 155 at 3, 10-11. Defendant's argument, which hides from Plaintiffs' allegations and re-hashes contentions that the Court has already considered, should be rejected.

IV. **Paycor's Motion to Reconsider Improperly Challenges the Court's October 28, 2024 Order Terminating Paycor's Motion for Summary Judgment.**

Lastly, in its Motion to Reconsider, Paycor attacks an entirely separate Order from six months ago, wherein the Court terminated Paycor's Motion for Summary Judgement as being prematurely filed. Def.'s Mot. at 2-4 (citing Dkt. 139, October 28, 2024 Order). As an initial matter, Defendant's attempt to challenge this Order is untimely and should be rejected. Regardless, the Court was correct to terminate this motion as premature, because merits discovery had not yet commenced, the Parties had agreed to hold briefing in abeyance pending such discovery, and also because the Court has broad discretion to control its own docket. Dkt. 139.

Federal Rule of Civil Procedure 23 states: "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). The Southern District of Illinois Local Rules echo this:

> "Discovery prior to class certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a class action. To ensure that a class certification decision is issued as soon as practicable, however, priority shall be given to discovery on class certification issues."

L.R. 23.1(b). Moreover, Rule 56 "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, at 326 (1986); *see also* Fed. R. Civ. P. 56(b) (permitting a Court to determine when a litigant may file a motion for summary judgment).[4] The Court simply adhered to these Rules. *See* Dkts. 119, 139 (reciting and adhering to L.R. 23.1(b)).

Paycor's argument that it has some unfettered "right to have a motion for summary judgment heard before class certification" is wrong, and its attempts to run headlong into the federal and local rules must be rejected. Def.'s Mot. at 2-3. Defendant also blatantly misrepresents the holdings of the cases it cites to in support of its assertion: in actuality, they all stand for the well-established principle that courts have broad discretion to control their dockets. *Id.* (citing *Hoffower v. Seamless Contacts Inc.*, 736 F. Supp. 3d 605, 616 (N.D. Ill. 2024); *Allen v. Aronson Furniture Co.*, 971 F. Supp. 1259, 1261 (N.D. Ill. 1997); *Trull v. Lason Sys., Inc.*, 982 F. Supp. 600, 603 (N.D. Ill. 1997); and *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir.

---

[4] It made little procedural sense for Paycor to file its Motion for Summary Judgment in the first place, given that its Amended Motion to Dismiss (which contained many of the same arguments) was already fully briefed and pending.

8

1995)). Class certification briefing was appropriately prioritized by the Court, correctly noting that merits discovery has not been completed. Dkt. 155 at 14, 25, 30. And Paycor's Motion for Summary Judgment was not even filed until several years *after* Plaintiffs' Motion for Class Certification. Paycor's *Celotex*-style attempt at summary judgment, prior to any merits discovery and while its Motion to Dismiss was pending, is exactly the type of docket-flooding this Court has now twice warned the Parties against. *See* Dkts. 136-138.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Plaintiffs respectfully request that the Court deny Paycor's Motion to Reconsider, and for such other and further relief that the Court deems just and equitable.

Dated: April 25, 2025                              Respectfully Submitted,

*/s/ Catherine Mitchell Duffy*
Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
Justin Caparco
**STEPHAN ZOURAS, LLC**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
jcaparco@stephanzouras.com

Brandon M. Wise
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
314-833-4825
bwise@peifferwolf.com
***Class Counsel***

9

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on April 25, 2025, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

<u>/s/ Catherine Mitchell Duffy</u>