# EXHIBIT 1

| | |
|---|---|
| **From:** | Siebert, Melissa |
| **Sent:** | Friday, June 6, 2025 4:06 PM |
| **To:** | Catherine Mitchell; Ryan Stephan; Jim Zouras; Brandon Wise; Justin Caparco |
| **Cc:** | Hickman, Corey; Vastag, Morgan |
| **Subject:** | Johns v. Paycor - Meet and Confer Request re. Class Notice, Class Definition and Settlement Conference |
| **Attachments:** | RESPONSE_to_Motion_re_83_MOTION_to_Stay.pdf; Order Finding FAC limited to finger-scan.pdf |

Hi Katie,

As a follow-up to Court this week, we would like to schedule a meet and confer to discuss the following, consistent with the Court's desire (and expectation) that we do so.

With respect to a settlement conference, as we indicated in Court this week, the class size is smaller than 15,178. Part of the basis for the reduced class size is that we have now applied a "worked in" tax code that limits the class to those who worked in Illinois. There are other bases for class size reduction that we are confirming now. Our goal is to provide you with the actual class size within the next few weeks. We can then discuss whether a settlement conference would be beneficial.

With respect to class notice, there are some specific items that require further discussion with you. The class definition in your notice motion is:

> "All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period."

- First, the class you propose to notice cannot include "hand geometry" or "other biometric data" because this class is limited to finger-scan timekeeping only. Your response brief opposing a stay under the Colorado River doctrine based on the *Ragsdale v. Paycor* case consistently stated that Perform Time and AOD clocks are materially different, and that "the Perform Time timeclocks at issue here store fingerprints, while the AOD timeclocks store handprints." I've reattached that here. In reliance on these statements, Judge Dugan denied the stay, in part because he found material differences due to your repeated representations that this case (*Johns v. Paycor*) only involves finger-scan timeclocks. We quote from Judge Dugan's opinion (Dkt. 99) below:

    > "Again, **in this case, the First Amended Class Action Complaint alleges Plaintiffs were required to scan only their fingerprints, not their hand geometry,** with a biometric timeclock to authenticate and track time worked. (Doc. 40, pg. 12).
    >
    > Plaintiffs Bolds and Ragsdale, in their Consolidated Amended Class Action Complaint without plaintiff Cully, who was similarly positioned to Plaintiffs, allege that, during their employment, they were required to scan their hand geometry, not their fingerprints, with a different biometric timeclock. (Doc. 85-4, pgs. 6, 8). **In light of the differing allegations between the two cases, as well as the reasoning quoted above for the dismissal of plaintiff Cully in the Motion for Leave to File a Second Consolidated Amended Complaint, the Court is persuaded by the argument that the state proceedings may not dispose of the claims in this case because Plaintiffs were subjected to a different biometric timeclock** that is no longer directly at issue in the Circuit Court of Cook County. (Doc. 92, pgs. 1, 3-9)."

- The class period end date of October 18, 2021 needs to be added to the class notice. That is the date when Paycor implemented BIPA compliant consent, per David Goodwin's declaration and deposition. As we have noted, the class notice definition you use would include anyone who ever used a Perform Time clock. There is no reasonable basis to include individuals who signed a pre-use consent after October 18, 2021, which was embedded in the Paycor timeclock screens.

We are available to discuss the settlement conference and these notice issues further with you. We will be filing our opposition to class notice on Thursday. We also will likely be filing a motion to amend or alter the class definition for notice purposes and for the overall litigation, and will need your position on whether you are asking the Court for permission to send notice to the hand geometry clock users from the *Ragsdale* case or "other biometric" (non-Perform Time) clock users, and the actual timeframe covered by the notice you seek to send. We are generally available Monday or Tuesday afternoon. Please let us know what works for you.

Thanks,

Melissa



**Melissa Siebert**
**Shareholder | Cozen O'Connor**
P: 312-474-4491  F: 312-300-5863

Email | Map | cozen.com

2