IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIN JOHNS, individually and on behalf of all others similarly situated, and JUAN BARRON, <br><br> Plaintiffs, <br><br> vs. <br><br> PAYCOR, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 3:20-cv-264-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Reconsider the Court's Memorandum & Order dated March 28, 2025, which denied Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), granted in part and denied in part Plaintiffs' Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23, and denied as moot Defendant's Motion to Strike New Arguments and Evidence from the Reply in Support of Class Certification. (Docs. 103, 106, 107, 151, 155, 162; Sealed Doc. 152). Plaintiffs filed a Response in Opposition to, and Defendant filed a Reply in Support of, the Motion to Reconsider. As explained below, the Motion to Reconsider is **DENIED**.[1]

As an initial matter, the Court notes motions to reconsider serve a limited function, *i.e.*, to correct manifest errors of law and fact or to present newly discovered evidence. *See Caisse Nat'l de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)

---

[1]The Motion to Reconsider was denied at the Status Conference on June 4, 2025, with this formal Memorandum & Order to issue as soon as possible. (Doc. 182).

(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984); citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' "); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A motion for reconsideration performs a valuable function where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.' "). Such motions, which are permitted but disfavored, are decided pursuant to the Court's discretion. *Caisse Nat'l de Credit Agricole*, 90 F.3d at 1270 (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991)); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015). Defendant, as the party claiming error, must "bear[] a heavy burden," and it cannot simply rehash old arguments. *See Patrick*, 103 F. Supp. 3d at 911 (citing *Zurich Cap. Mkts., Inc. v. Coglianese,* 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)).

Here, upon review of the Motion to Reconsider, it is immediately apparent to the Court that Defendant largely rehashes old arguments instead of identifying a manifest error of either law or fact. *See Caisse Nat'l de Credit Agricole*, 90 F.3d at 1269-70; *Oto*, 224 F.3d at 606; *Bank of Waunakee*, 906 F.2d at 1191; *Patrick*, 103 F. Supp. 3d at 911. Nevertheless, the Court will address certain arguments presented by Defendant below.

First, Defendant argues the Court erred in "striking" its Motion for Summary Judgment. (Doc. 162, pgs. 2-4). It asks the Court to "reconsider and vacate its ruling

granting class certification, and instead [to] allow Paycor to file a renewed motion for summary judgment that will be decided before class certification is addressed." (Doc. 162, pg. 4). Based on the history and procedural posture of this case, it is clear that Defendant's argument represents yet another example of its expectation that the Court and Plaintiffs will bend to its preferred course of action. And, while it may sometimes be proper to consider a motion for summary judgment before a motion for class certification, the history and procedural posture reveal why it was not proper here.

By way of reminder, the case was previously stayed for nearly 3 years, between May 11, 2021, and May 8, 2024, at Defendant's request, pending decisions by the Seventh Circuit and the Illinois Courts in other cases. (Docs. 65 & 99).[2][3] When the stay was lifted, the Court directed the parties to file a Joint Status Report before scheduling a Status Conference to discuss the matters raised therein. (Docs. 99, 100, 101, 102). At that time, the parties agreed "additional and outstanding fact discovery, including written, Electronically Stored Information ('ESI'), and oral discovery, as well as expert discovery" was necessary. (Doc. 100, pgs. 2-3). Defendant also suggested "expert discovery must be completed prior to dispositive motion practice" since it "is necessary for responding to class certification and for [its] planned summary judgment motion." (Doc. 100, pgs. 3-4).

At the Status Conference, which was held on June 18, 2024, the Court, *inter alia*, scheduled a Final Pretrial Conference and Bench Trial, ordered Defendant to file an

---

[2]In light of the stay, Defendant's Motion to Dismiss the First Amended Class Action Complaint under Rule 12(b)(6) and Plaintiffs' Motion for Class Certification under Rule 23 were denied, without prejudice, and with leave to refile after the stay. (Docs. 44, 61, 65).
[3]At the end of the stay, the Court resolved issues under the *Colorado River* Doctrine. (Docs. 82 & 99).

3

answer or to otherwise respond to the First Amended Class Action Complaint, and ordered Plaintiffs to file a Renewed Motion for Class Certification. (Doc. 102). Further, the Court permitted Defendant to assess the need for a class certification expert in order to file an adequate Response to the Renewed Motion for Class Certification. (Doc. 102). The parties were directed to meet and confer on proposed scheduling and discovery deadlines that contemplated the Bench Trial date. (Doc. 102). A Status Conference was scheduled for July 18, 2024, at which time these matters would be discussed. (Doc. 102).

Defendant chose to file its Amended Motion to Dismiss, rather than an answer, on July 17, 2024, following a brief extension of time. (Docs. 106 & 107). Moreover, the Court held the Status Conference scheduled for July 18, 2024. (Docs. 108 & 137). The transcript from that Status Conference reveals the lack of care, unpreparedness, and inattention to the Court's Orders, discovery practice, and motion practice since the lifting of the stay in this case. (Doc. 137, generally). The parties failed to meet and confer on proposed scheduling and discovery deadlines, the parties conflated class discovery and merits discovery, Defendant expressed uncertainty about "what exactly did occur [in discovery with plaintiff] prior to this case being stayed," Defendant appeared to shift its position from requiring discovery of a class certification expert to discovery of third-party customers, and Defendant took no steps since the prior Status Conference to conduct discovery of a class certification expert or third-party customers. (Doc. 137, pgs. 3-14).

In any event, Defendant reported third-party discovery was necessary to file a Response to the Renewed Motion for Class Certification. (Docs. 108 & 109). Therefore, while the Court was concerned about the need for the case to move forward, Defendant

4

was granted 60 days to complete third-party discovery and to file a Response to the Renewed Motion for Class Certification. (Docs. 108; 109; 137, pgs. 11-17). Plaintiffs, for their part, were directed to file a Response to the Amended Motion to Dismiss. (Docs. 108 & 109). Finally, since the parties failed to comply with the order to meet and confer on proposed scheduling and discovery deadlines that contemplated the date of the bench trial, they were again directed to do so. (Docs. 108 & 109). And, relevant to Defendant's current argument, the Court indicated the Amended Motion to Dismiss and Renewed Motion for Class Certification would be considered on the same track, stating:

> I'm going to give you 60 days, [Defendant], to address discovery. At the same time, we'll do the briefing schedule obviously for the motion to dismiss, that will be obviously calculable by both, by reason of local rules and my procedures. That shouldn't be a problem. The same way with regard to the motion for class certification, but I am going to…give you an opportunity to address that discovery that you want to do with the expert and/or third party, and then we're going to meet again about that time.

(Doc. 137, pg. 17).

At no point did Defendant object to this consideration of the pending Motions. Likewise, at that time, Defendant did not raise the issue of filing a motion for summary judgment at the same time as its Response to the Renewed Motion for Class Certification. But the Court indicated: "[i]f anything comes up in the interim, if there's a problem, if there's something you want clarification on, please send an e-mail or call chambers and we will get together as soon as possible so that we can ferret that out." (Doc. 137, pg. 17).

Plaintiffs filed their Response to Defendant's Amended Motion to Dismiss on August 16, 2024. (Doc. 116). Around that time, the parties also briefed Defendant's

5

request for an extension of time to respond to the Renewed Motion for Class Certification under Rule 23. (Docs. 117 & 118). On August 28, 2024, the Court ruled as follows:

> ORDER regarding Defendant's Motion for an Extension of Time to Respond to Plaintiffs' Class Certification Motion, to which Plaintiffs have filed a Response in Opposition. (Docs. 117 & 118). Defendant's Response to Plaintiffs' Motion for Class Certification is due in 20 days, *i.e.*, on September 17, 2024. (Doc. 109). However, Defendant argues a 30-day extension of time is warranted because it has expended a considerable amount of time and effort gathering the information needed to file its Response, including by reviewing voluminous records to identify customers with relevant Illinois-based employees. Defendant indicates that time-consuming analysis, which was only recently completed, was necessary "so that Paycor c[ould] identify a reasonable grouping of customers from whom to request additional information relevant to the Class Certification Motion." Defendant states it needs additional time to obtain a protective order addendum and to gather, by subpoena if necessary, other information related to its customers' collection of written consent from employees who used the timekeeping solutions. In sum, Defendant argues it "deserves the right to oppose class certification using information that is not readily available to it, must be obtained through its third-party customers, and which could defeat or limit class certification." Defendant also intends to file a motion for summary judgment along with the contemplated Response. Finally, Defendant notes its in-house counsel has been on family leave for several weeks and will not return to work until after Labor Day. In Response, Plaintiff notes Defendant "shifted gears from 'needing' expert discovery to respond to Plaintiffs' Motion, to now 'needing' to issue third-party subpoenas to its own customers." Plaintiff further notes Defendant could have completed the discovery related to its own customers at any time during the 4-year pendency of this case, which was stayed for a significant period of time. Also, Defendant has already been afforded, as an initial matter, 60 days to complete third-party discovery and to file the contemplated Response. (Doc. 109). The present request for an extension of time would allow Defendant a total of 90 days to file that Response. Lastly, Plaintiff disputes that the information described by Defendant adds any value to its Response or the case more broadly. Now, based on a review of the parties' positions, the Court **FINDS** Plaintiff clearly has the better arguments as to the instant Motion. Under Local Rule 23.1(c), "[t]he timetable for responding to a motion for class certification shall be established in the Joint Report or Scheduling and Discovery Order issued by the Court." L.R. 23.1(c) (eff. Oct. 30, 2023). Currently, there is no operative scheduling and discovery order, as the case was previously subject to a lengthy stay, Defendant had to assess

6

> the need to conduct discovery before filing its Response, and the parties were ordered on three occasions to meet and confer on proposed deadlines for scheduling and discovery. (Docs. 99, 102, 109). As it did twice previously, the Court has scheduled a Status Conference for September 25, 2024, to discuss scheduling and discovery deadlines. (Docs. 101, 102, 108, 109). Notably, though, prior to the stay of the case, the operative scheduling and discovery orders contemplated 21 days and 24 days for Defendant to file its Response. (Docs. 33 & 54). Despite those shorter deadlines, the Court ultimately granted Defendant 60 days to conduct third-party discovery and to file its Response after the stay. (Doc. 109). The Court's allowance of 60 days was generous, and there is no question that a further extension of the deadline to 90 days would be a bridge too far in light of these circumstances and Plaintiffs' arguments. For these reasons, the Court **FINDS** an absence of good cause for an extension of Defendant's deadline to file its Response. Therefore, the instant Motion is **DENIED**.

(Doc. 119).

Defendant complied with the above Orders by filing its Response in Opposition to the Renewed Motion for Class Certification on September 17, 2024. (Doc. 125). On that same date, Defendant filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128).

Further, in response to a slew of other Motions filed by the parties, the Court entered a Case Management Order on October 2, 2024, that, in part, provided:

> CASE MANAGEMENT ORDER. The multi-year stay of this case was lifted on May 8, 2024. (Doc. 99). Thereafter, the Court ordered a Status Report, directed two meet and confer conferences between the parties, and held multiple Status Conferences. (Docs. 99, 100, 101, 102, 108, 109). The purpose of these actions was to, *inter alia*, facilitate discussions about the orderly progression of the case following the stay, including discussions about Plaintiffs' Renewed Motion for Rule 23 Class Certification (Doc. 103), the third-party discovery necessary for Defendant to file its Response to Plaintiffs' Renewed Motion for Rule 23 Class Certification (Docs. 109, 119, 125), and Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 106). Since the filing of the Motions and Response, Defendant has also filed a Motion to Enter an Addendum to the Agreed Confidentiality Order (Doc. 121), a Motion for Summary Judgment (Doc. 126; Sealed Doc. 128), and a Motion for Leave to File Under Seal (Doc. 127). Plaintiffs, for their part, filed a Motion for the Entry of a Proposed Case

7

> Schedule and Discovery Order (Doc. 131) and a Motion to Hold in Abeyance Plaintiffs' Reply in Support of the Renewed Motion for Class Certification (Doc. 135). Certain of the parties' Motions are not yet ripe. (Docs. 103, 126, 131, 135; Sealed Doc. 128). Based on the aforementioned filings, however, it is apparent to the Court that, despite the efforts to ensure the orderly progression of the case, the parties are not working and communicating in a collaborative manner toward that end. For example, [the parties' filings]…and the parties' informal communications to the Court indicate that they have not adequately met, conferred, and reported on any of these issues. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, pgs. 3-4. Instead, the parties have flooded the docket with Motions that raise issues ordinarily capable of resolution without the intervention of the Court. At the same time, the parties continued to brief their substantive motions, which unnecessarily burdened the Court and complicated the procedural posture of those substantive motions.

(Doc. 136).

On October 28, 2024, the parties reported they resolved "most issues" related to their "several motions" and Plaintiffs' requests for supplemental document productions. (Doc. 138). Although the parties also agreed to a proposed scheduling and discovery order, the Court's review indicated that matter should be addressed in a separate Order. (Doc. 138). In the separate Order, entered that same date, the Court, in part, ruled:

> AMENDED SCHEDULING AND DISCOVERY ORDER. The parties have informally submitted a proposed scheduling and discovery order. Upon review of that proposed scheduling and discovery order, the Court **ORDERS** as follows: Plaintiffs deadline to file a Reply in Support of their Renewed Motion for Rule 23 Class Certification (Doc. 103) is January 10, 2025. Also, to the extent the deposition of Mr. David Goodwin is necessary for Plaintiffs to file that Reply, rather than merely for merits discovery, that deposition shall occur by December 12, 2024. A hearing on the Renewed Motion for Rule 23 Class Certification will be set by a separate order, if necessary…. Consistent with its ordinary practice for proposed class actions, the Court declines to set further scheduling and discovery deadlines on the merits at this time. This is because discovery prior to class certification must only be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are

> satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a class action. It is once class certification is decided, however, that the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary. Therefore, at this time, the Court's only focus is on Plaintiffs' Renewed Motion for Rule 23 Class Certification, which will become ripe upon the filing of Plaintiffs' Reply on January 10, 2025, and Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 103 & 106). Further, the Court notes that Defendants have already filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128). Plaintiff did not timely respond to that Motion, but the proposed scheduling and discovery order contemplates a deadline for Plaintiff to do so. This suggests Defendant intends to hold its Motion for Summary Judgment in abeyance until after merits discovery, when Plaintiff will have an opportunity to adequately respond. Since it is not yet appropriate to enter the parties proposed scheduling and discovery order, though, Defendant's Motion for Summary Judgment (Doc. 126; Sealed Doc. 128) is **TERMINATED** as prematurely filed and with leave to refile, if necessary, in accordance with the subsequent scheduling and discovery order entered after the issue of class certification is resolved.

(Doc. 139).

Despite its present arguments, and any prior suggestion that it intended for a motion for summary judgment to be considered at the same time as a motion for class certification, Defendant never objected to, or sought reconsideration of, the above ruling. At a minimum, Defendant had 74 days between the termination of Defendant's Motion for Summary Judgment on October 28, 2024, and the ripening of Plaintiffs' Renewed Motion for Class Certification on January 10, 2025, in which to do so.[4] For this and other reasons evinced by the record, it is also a blatant misrepresentation for Defendant to state:

---

[4] Defendant actually would have had even more time to object or seek reconsideration of the Order at Doc. 139, considering the Court would not have ruled on the Renewed Motion for Class Certification until at least 14 days after January 17, 2025, when Defendant filed its Motion to Strike New Arguments and Evidence from the Reply in Support of Class Certification. *See* L.R. 7.1(b)(2)(A).

9

"Paycor had 'the right to assert affirmative defenses' to be considered on class certification, but this Court required the parties to brief class certification and granted class certification before Paycor even answered the First Amended Complaint ('FAC') or had an opportunity to assert its affirmative defenses, and while its Rule 12(b)(6) motion to dismiss was still pending." (Doc. 162, pg. 10) (Emphasis in original omitted). As noted above, Defendant never took issue with the Court's consideration of the parties' Motions.

In any event, the parties' disorganization in motion and discovery practice, including their failure to delineate class from merits issues or to properly meet, confer, and propose a scheduling and discovery order at an earlier date, necessitated the above action in the Court's discretion. Otherwise, at the same time, the Court would have been presented with three substantive motions and three varying standards of review. Such a situation, in light of the difficulties presented by the parties' conduct and evolving positions, was untenable. And, anyway, as noted above, it is the Court's typical practice to bifurcate scheduling and discovery in class actions. Finally, Defendant's argument is disingenuous for another reason. The *agreed and jointly proposed* scheduling and discovery order from October 24, 2024, contemplated the ripening of Defendant's Motion for Summary Judgment after the filing of Plaintiffs' Response in Opposition on March 21, 2025, and after the filing of Defendant's Reply in Support on April 21, 2025, which was after any class certification hearing and the completion of merits discovery. Defendant's argument, which represents a change-of-tune from its prior positions, must be rejected.

To be clear, though, Defendant has not been deprived of an opportunity to file a motion for summary judgment with any and all arguments that it wishes to present for

10

the Court's consideration. Pursuant to the Amended Scheduling and Discovery Order that was finally entered on May 19, 2025, it still has every right to do so. (Doc. 179).

Second, Defendant argues the Court disregarded an abundance of individual issues during its predominance analysis. (Doc. 162, pgs. 4-11). The Court will not rehash Defendant's arguments, which, along with those of Plaintiffs, were exhaustively considered in the ruling at issue. However, in light of those arguments, the Court stresses several aspects of that prior ruling. Ultimately, the Court found in its broad discretion that Plaintiffs met their burden of proving by a preponderance of the evidence that Rule 23 was satisfied. (Doc. 155, pgs. 16, 20) (citing *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018); *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 894 (7th Cir. 2024)).

In its commonality analysis, the Court noted Plaintiffs assert the same legal theory and shared characteristics of the entire class, namely, that each individual was working in Illinois when their fingerprints, hand geometry, or other biometric data was collected, captured, received, or otherwise obtained or disclosed by the Perform Time biometric timekeeping system. (Doc. 155, pgs. 19-20) (citing Doc. 103, pgs. 12, 18-19). As such, even if Defendant's customers have options for configuring Perform Time devices, the record suggested those customers could, *inter alia*, allow connectivity for Defendant to collect, capture, receive, or otherwise obtain and store biometric data, possess biometric data, and replicate, transmit, or disclose biometric data to a third party without § 15 compliance. (Doc. 155, pg. 20) (citing Docs. 103-1, pgs. 7, 13-16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg. 2). In doing so, the Court cited the following proposition from *Flynn v. FCA US LLC*, 327 F.R.D. 206, 222-23 (S.D. Ill. 2018):

11

> Courts have generally described th[e] [commonality] requirement as a low hurdle to surmount, and it is satisfied when a common nucleus of operative facts exist. Class certification will not be defeated solely because there are some factual variations among the grievances of the class members. Rather, Plaintiffs must demonstrate that they suffered the same injury and that their claims can be resolved on a class-wide basis. What matters is the 'capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.' Courts have found that a sufficient common nucleus of operative fact exists where a defendant has engaged in standardized conduct toward members of the class.

(Doc. 155, pg. 20) (cleaned up).

Similarly, in its typicality and adequacy of representation analysis, the Court noted Plaintiffs' claims are based on the same legal theory and arise from the same practice or course of conduct of Defendant as the broader class. (Doc. 155, pg. 24) (citing *Howard v. Cook Cnty Sheriff's Office*, 989 F.3d 587, 605 (7th Cir. 2021); *Beaton*, 907 F.3d at 1026). The Court opined that Plaintiffs' claims have the same essential characteristics as the claims of the entire class because, pursuant to uniform behavior stemming from its Perform Time biometric timekeeping system after a user's enrollment on that device, Defendant allegedly collected, captured, received, or otherwise obtained and stored biometric data, possessed biometric data, and replicated, transmitted, or disclosed biometric data to a third party without § 15 compliance. (Doc. 155, pg. 24) (citing Docs. 103, pgs. 12; 103-1, pgs. 7, 13-16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg. 2). Despite Defendant's invocation of alleged "differing and separate interests" or injuries of the proposed class, the Court stressed Defendant's conduct was at issue and, again, it was not fatal that there may be some factual variances among certain individual claims or the possibility for " 'a trivial level of intra-class conflict' " (*e.g.*, variances related to

Defendant's customers or the requisite notice and consent under BIPA). (Doc. 155, pgs. 24-25) (citing *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011); *Howard*, 989 F.3d at 609-10; *Beaton*, 907 F.3d at 1026). The Court further stressed:

> And, notably, this case is not presented on summary judgment, so it is not proper to delve into the merits of fact-intensive claims and defenses. This is especially true where the Court has already recognized an application of the extraterritoriality doctrine is best left for summary judgment after the completion of merits discovery, Plaintiff Barron enrolled in and used Perform Time in Illinois, a lack of standing as to just one claim should be pled and proved as an affirmative defense, and there is no apparent conflict between Plaintiffs and the proposed class since each claim is against only Defendant as an initial matter.

(Doc. 155, pg. 25) (citing *City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 921 (N.D. Ill. 2022); *Greer v. Illinois Hous. Dev. Auth.*, 122 Ill. 2d 462, 494 (1988)); *see also* (Doc. 155, pgs. 12-13).

In its predominance and superiority analysis, the Court cited the proposition that individual questions need not be entirely absent in order for a class to be certified. (Doc. 155, pg. 26) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)). Individual questions, which are contemplated by Rule 23(b)(3), simply cannot predominate over the common questions. (Doc. 155, pg. 26) (quoting *Messner*, 669 F.3d at 811). The Court specifically noted the individual questions identified by Defendant could fairly be said to exist in the case, but they did not predominate over the common questions. (Doc. 155, pg. 28) (citing *Messner*, 669 F.3d at 815). The Court believed the common questions represented a significant aspect of the case—namely, whether Defendant's allegedly uniform practice or course of conduct toward the class violated § 15(a), (b), and (d) of BIPA—and could be efficiently answered based on a common

nucleus of operative facts and issues for the class in this adjudication. (Doc. 155, pg. 29) (citing *Beaton*, 907 F.3d at 1029 ("The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues. This requires more than a tally of common questions; the district court must consider their relative importance. On the other hand, not every issue must be amenable to common resolution; individual inquiries may be required after the class phase.") (cleaned up); *Howard*, 989 F.3d at 607 ("There is no mathematical or mechanical test for evaluating predominance. Efficiency is the animating principle. To gauge whether a class action would be more efficient than individual suits, the predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.") (cleaned up).

Finally, as part of its predominance and superiority analysis, the Court found any interest of the class members in individually controlling the prosecution of separate actions did not outweigh the benefits of efficiency and consistency achieved by a class action. (Doc. 155, pg. 30) (citing Fed. R. Civ. P. 23(b)(3). Having considered Defendant's present arguments, as it did previously, the Court stands by its prior ruling, which it does not believe represents a manifest error of law or fact that warrants reconsideration.

Third, Defendant argues the Court erred by "disregarding" its Motion to Strike New Arguments and Evidence from the Reply in Support of Class Certification. (Doc. 162, pgs. 11-13). This argument is absurd. With the Motion to Strike, Defendant sought to bar consideration of new arguments and evidence allegedly presented by Plaintiffs, which the Court essentially did by finding "it was unnecessary…to rely on the arguments

14

or evidence arguably presented for the first time." (Doc. 155, pg. 30). However, Defendant now states: "The motion to strike was necessary because sur-replies are expressly prohibited under the Court's local rules." (Doc. 162, pg. 12). Confusingly, Defendant also states: "the Court was required to consider the evidence raised by the parties in deciding predominance." (Doc. 162, pg. 12). With these statements, Defendant shows its true intent for the Motion to Strike. Defendant sought for the Court to strike Plaintiffs' Reply due to its alleged inclusion of new arguments and evidence while, at the same time, relying on new evidence attached to the Motion to Strike in order to resolve the Renewed Motion for Class Certification in its favor. (Doc. 162, pgs. 12-13) ("The Court should have considered the evidence of signed BIPA consents offered by Paycor in its motion to strike that demonstrates the existence of material ind[ividual] questions that predominated over the putative class."). The Court, once again, was under no obligation to bend to Defendant's will in order to consider what even it suggests was a sur-reply. (Doc. 162, pgs. 12-13). Notably, though, Defendant's admission that discovery of the evidence at issue was *still* incomplete further supports the finding that its consideration was best left for the summary judgment stage, after the completion of all discovery. (Doc. 162, pgs. 12-13). As noted by the *agreed and jointly proposed* scheduling and discovery order from October 24, 2024, that was once consistent with Defendant's position.

Fourth, and finally, Defendant asks the Court to reconsider its denial of the Amended Motion to Dismiss under Rule 12(b)(6). (Doc. 162, pgs. 14-22). If given its way, Defendant would have all of Plaintiffs' claims dismissed. (Doc. 162, pgs. 14-22). As with

15

Defendant's other arguments, though, the Court adheres to its prior ruling. (Doc. 155, pgs. 2-15). In doing so, the Court notes the following points about that prior ruling.

Under § 15(a) and (d), the Court found it is reasonable to infer from Plaintiffs' specific allegations that Defendant was "in possession" of Plaintiffs' biometric identifiers or information. (Doc. 155, pgs. 9-10) (citing Doc. 40, pgs. 2, 4-5, 9-13, 17-21; *Clark v. Microsoft Corp.*, 688 F. Supp. 3d 743, 749 (N.D. Ill. 2023); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 822-23 (N.D. Ill. 2022); *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 653 (S.D. Ill. 2021)). Further, from those specific allegations, it is also reasonable to infer that Defendant "collected" or "captured," then "stored," their biometric information or identifiers in violation of § 15(b). (Doc. 155, pg. 10) (citing 740 ILCS 14/15(b); *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 23). It was reasonable to infer an "active step" because Defendant "managed," "enrolled," or "stored" Plaintiffs' biometric identifiers and information on its databases after the biometric data was "collected" or "secured" through the finger scan timeclock sold to and used by Club Fitness. (Doc. 155, pg. 10) (citing *Clark*, 688 F. Supp. 3d at 746; *Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D. Ill. 2023); *Patterson*, 593 F. Supp. 3d at 824). It appeared Plaintiffs did the bare minimum under § 15(d), but the Court could also reasonably infer from the allegations that Defendant disclosed or otherwise disseminated their biometric identifiers or information, without consent or the application of the other exceptions in the statutory provision, to "clients and/or other third parties that host biometric data in their data center(s)," which *could* include Club Fitness itself. (Doc. 155, pg. 10) (citing 740 ILCS 14/15(d)).

The Court understands the game of semantics Defendant plays to second-guess its prior ruling. However, none of the considerations identified by Defendant were ignored in that prior ruling. The Court viewed Plaintiffs' allegations through the statutory lens provided by § 15(a), (b), and (d), and clarified by the case law, to reach its conclusions. Defendant clearly disagrees with those conclusions, but the Court does not find they represent a manifest error of law or fact under the Rule 12(b)(6) standard.

For the reasons explained above, the Motion to Reconsider is **DENIED**.

**SO ORDERED.**

Dated: June 18, 2025.

_____
DAVID W. DUGAN
United States District Judge