IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLIN JOHNS and JUAN BARRON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PAYCOR, INC.,<br><br>        Defendant. | Case No. 3:20-cv-00264-DWD<br><br>Hon. David W. Dugan |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO AMEND CLASS DEFINITION**

  Defendant Paycor, Inc. ("Paycor"), submits its reply in support of its motion to amend the class definition pursuant to Federal Rule of Civil Procedure 23(c)(1)(C).

  By its motion, Paycor requests that the Court modify the class definition simply so that notice is sent only to individuals that actually have viable claims under BIPA. The purpose of a class action is to provide a streamlined mechanism for similarly-situated individuals *who all have viable claims* to obtain relief. That purpose is not served by an overbroad and general class definition that would result in notice being sent to individuals who indisputably do not have a BIPA claim against Paycor. *See Reilly v. Century Fence Co.*, No. 18-cv-315-jdp, 2020 WL 1166708, at *5 (W.D. Wis. Mar. 11, 2020) (limiting the class definition because there is "no reason" to include in the class and "send notice to employees who have no chance of obtaining a recovery. That would accomplish nothing but confusion").

  *The only individuals who have potentially viable claims against Paycor are those that used the Perform Time system by enrolling a finger-scan template*. All other individuals have no BIPA claims against Paycor because, even if they used the Perform Time system, they did not use

-1-

the finger-scan function on the timeclock. Plaintiffs' insistence that every single person who used the Perform Time system, irrespective of whether they enrolled a finger-scan template, should be included in the class definition would lead to absurdity and inefficiency, and would result in more than 10,000 individuals who have no viable claim against Paycor receiving class notice. Paycor is not seeking to relitigate class certification, but is trying only to ensure that the class definition is limited to only those individuals who actually have a potential claim for relief so that the class action mechanism is not abused. Paycor's request is not sanctionable – it is necessary.

## ARGUMENT

The class definition in this case must be limited only to those individuals who used the Perform Time system by enrolling a finger-scan template, without first signing a valid BIPA consent. This proposition should not be controversial. Yet, rather than respond substantively, Plaintiffs respond only with bluster, asserting that Paycor should be sanctioned for trying to ensure that class notice is sent only to individuals with potentially viable claims.

Plaintiffs seek to impose arbitrary limitations on the Court's ability to modify a class definition, claiming that modifications are permitted only after "new evidence" comes to light. Plaintiffs cite no support for this proposition because that is not the law. Rule 23(c)(1)(C) "enables the district court to alter or amend any class definition at any point prior to final judgment." *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 807 (7th Cir. 2013); *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("District courts may amend class definitions either on motion or on their own initiative." Indeed, "the court **has a duty** to ensure that the class is properly constituted and has broad discretion to modify the class definition as appropriate to provide the necessary precision." *Moore's Federal Practice* § 23.21 (emphasis added); *see also Kohen v. Pac. Inv. Mgmt.*

*Co. LLC*, 571 F.3d 672, 678 (7th Cir. 2009) ("[I]f the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed.").

The class definition here is overinclusive and there is no reason why the Court should wait to clarify it until later, after class notice is sent, resulting in confusion and inefficiency. The Court certified the following class: "All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period." (Dkt. 155 at 30).

It is axiomatic that an individual that used a Perform Time system, but never enrolled a finger-scan template (*i.e.* never used the finger-scan function on the timeclock and thus cannot claim to have provided a "fingerprint"), does not have a viable BIPA claim against Paycor. Yet, Plaintiffs refuse to concede this, instead insisting that the class definition include – and class notice be sent – to all individuals that ***used*** the Perform Time system during the relevant time period, regardless of whether they enrolled a finger-scan template. As noted in Paycor's response to Plaintiff's motion to approve class notice, Paycor previously estimated the class size using the number of individuals who had punches via a Perform Time system, without regard to whether those individuals actually used the finger-scan feature. However, Paycor has now analyzed additional information, described in a redacted filing (*See* Dkt. 187) which establishes that the potential class size is much smaller.

There is simply no reason why the class definition should include – and class notice be sent to – thousands of individuals who never used the finger-scan feature (and thus never enrolled a finger-scan template, which Plaintiffs claim is a "fingerprint"), and who therefore cannot possibly have viable BIPA claims. *See Reilly v. Century Fence Co.*, No. 18-cv-315-jdp, 2020 WL 1166708,

at *5 (W.D. Wis. Mar. 11, 2020) (limiting the class definition because there is "no reason" to include in the class and "send notice to employees who have no chance of obtaining a recovery. That would accomplish nothing but confusion"). It is therefore necessary, efficient, and would serve judicial economy, for the class definition to be clarified to include only those individuals who actually enrolled a finger-scan template in a Perform Time system.

In addition to the above clarification, the class definition should be further modified to remove the term "hand geometry or other biometric data," as it is undisputed that the only purported "biometric" feature at issue is the Perform Time finger-scan functionality. Plaintiffs again refuse to concede this basic point, arguing that their definition is satisfactory because it is limited to individuals who used the Perform Time system. The Court has already ruled that this case is limited to people who "***were required to scan only their fingerprints [on Perform Time timeclocks], not their hand geometry.***" (Dkt. 99 at 13) (emphasis added). This alone justifies modifying the class definition.

Moreover, as explained in Paycor's motion, class counsel intends to send notice to all potential class members and host a class website accessible to all potential claimants. Because Paycor offers its clients many different timekeeping systems, individuals who may have used a Perform Time system at some point may also have used a number of other timeclocks provided by Paycor to the same employer, including a hand scan timeclock. The inclusion of "hand geometry" or "other biometric data" in the class definition and notice may cause individuals who never enrolled a finger-scan template in a Perform Time system to make a claim because they remember using a different Paycor timeclock. It would not be the "best" notice under the circumstances to include "hand geometry or other biometric information" in a class definition that this Court has already ruled includes only individuals who scanned their fingers.

Plaintiffs also argue that Paycor's attempt to limit the class definition to the time period before Paycor implemented a BIPA-compliant consent, is arbitrary. Individuals who consent do not have valid BIPA claims, period. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). The class should be cut off as of October 18, 2021, when company-wide consent was implemented. Plaintiffs argue the consent was not BIPA-compliant, and consent is a legal issue to be decided later. Plaintiffs prove Paycor's point – the question of whether a consent is compliant such that the class definition has a cutoff date is a legal issue to be decided ***before*** notice is given. There is no reason to rush and send notice now, and have the class definition later substantially modified by a cutoff date. *See Fernandez v. RentGrow, Inc.*, No. JKB-19-1190, 2022 WL 1782641, at *4 (D. Md. June 1, 2022) ("[P]roceeding to issue class notice at this time risks confusing class members" and the "burden of issuing a curative notice . . . is simply too high . . . [to] somehow be the more efficient option").

And to be sure, Paycor's consent is BIPA compliant. The consent informs individuals that Paycor may use and store templates "for timekeeping purposes" and for the duration of their employment, and requires individuals to execute the release by pressing "I consent." (Dkt. 188). The consent was implemented company-wide as of October 18, 2021, thereby eliminating any potential claimants who first used the finger-scan function after that date.

Finally, Plaintiffs' request for sanctions should be disregarded. Paycor has not defied the Court's orders, nor is it attempting to relitigate issues. Paycor has spent countless hours reviewing its internal data and documents in an effort to compile a class list consisting of appropriate individuals, and requests that the Court modify and/or clarify the class definition so that the scope of the class list Paycor is required to provide is clear and appropriately limited.

Dated: July 3, 2025

Respectfully Submitted,

**PAYCOR, INC.**

*/s/ Melissa A. Siebert*

Melissa A. Siebert
Corey T. Hickman
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
(312)-474-7900
msiebert@cozen.com
chickman@cozen.com

*Attorneys for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Melissa A. Siebert*

LEGAL\78739913\3