IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN BARRON, individually and on behalf of all others similarly situated, and KELLIN JOHNS,<br><br>Plaintiffs,<br><br>vs.<br><br>PAYCOR, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-264-DWD<br>)<br>)<br>)<br>)<br>) |

## SECOND ADDENDUM TO THE AGREED CONFIDENTIALITY ORDER

WHEREAS, Defendant Paycor, Inc. ("Paycor") is in possession, custody, or control of certain electronically stored information ("ESI") which identify Paycor customers;

WHEREAS, Paycor has or will exchange such ESI, herein referred to as "Protected ESI," in the instant matter to, among other things, respond to Plaintiff's discovery requests;

WHEREAS, Paycor views the identities of its customers as commercial information that it maintains as confidential;

WHEREAS, to encourage the open and free exchange of information, and to prevent undue harassment or targeting of Paycor customers, it is essential that Protected ESI—and particularly any identification of Paycor customers within Protected ESI—be treated as Protected Materials as defined in the Addendum to the Agreed Confidentiality Order entered in this case (Doc. 142) and used only in connection with the instant matter; and

1

WHEREAS, to accomplish these objectives, it is necessary for this Court to enter this Second Addendum to the Agreed Confidentiality Order (Docs. 49 and 142).

In light of the foregoing recitals, **IT IS HEREBY ORDERED**:

1. Protected ESI shall be treated as Protected Materials under the Addendum to the Agreed Confidentiality Order entered in this case (Doc. 142).

2. Any Protected ESI produced to Plaintiff may not be used outside of this litigation for any purpose, including any subsequent legal or administrative proceeding.

3. The name and/or identity of any Paycor customer disclosed within the Protected ESI need not be redacted during the exchange of discovery but must be redacted in any public filing and at trial.

4. Protected ESI shall be designated and treated as Confidential Information under the Agreed Confidentiality Order (Doc. 49 ¶ 3(a)) and may not be disclosed to any attorney or employee/agent thereof who has not filed an appearance in the instant matter.

5. Nothing in this Second Addendum waives any party's right to challenge a confidentiality designation in accordance with ¶ 9 of the Agreed Confidentiality Order. (Doc. 49).

6. Counsel for Plaintiff shall destroy any Protected ESI in its possession within thirty (30) days of the conclusion of this litigation.

7. This Second Addendum shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Second Addendum by its terms.

**SO ORDERED**.

Dated: November 21, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge