# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KELLIN JOHNS and JUAN BARRON,
individually and on behalf of all others similarly
situated,

               Plaintiff,

      v.

PAYCOR, INC.,

               Defendant.

Case No.  3:20-cv-00264-DWD

Hon. David W. Dugan

**PAYCOR, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT PAYCOR, INC.**

Defendant Paycor, Inc. ("Paycor") submits the following supplemental answers and objections to Plaintiff's First Set of Requests for Production of Documents (the "Requests"). Subject to the stated General Objections, which are incorporated into each of the following specific responses, as well as to the stated specific objections, Paycor responds as follows:

**PRELIMINARY STATEMENTS**

1.      By responding to these Requests, Paycor does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege, status, or admissibility as evidence, for any purpose, of any documents or information produced in response to these Requests; (b) the right to object on any ground to the use of the documents or information produced in response to these Requests at any deposition, hearing, trial, or other proceeding, or to their use in any pleading or submission; or (c) the right to object on any ground at any time to a demand for further response to these Requests.

2.      No objection made herein, or lack thereof, is an admission by Paycor as to the existence or non-existence of any documents.

3.      By responding to a particular Request, Paycor does not admit to any violations alleged by the Request. Specifically, by responding to a particular Request, Paycor does not admit to any violation of the Illinois Biometric Information Privacy Act ("BIPA") nor does Paycor admit that BIPA is even applicable to Paycor. Additionally, by responding to a particular Request, Paycor does not waive any defenses to any claims or any counterclaims Paycor may possess. Legal assertions or conclusions made in the Requests are only allegations and are not entitled to any legal weight.

4.      The objections and responses made herein are based on Paycor's investigation to date of those sources within its possession, custody, and control where it reasonably believes responsive documents or information may exist. Paycor's investigation is ongoing, and Paycor reserves the right to amend or supplement these objections and responses in accordance with the applicable rules and court orders and based on results of its continuing investigation. Per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and may produce additional documents responsive to these Requests as part of its forthcoming ESI production(s).

5.      Where Paycor has specifically identified documents in response to an Request, it may also produce documents that are not specifically identified, which are also responsive to the Request.

6.      The information supplied herein is for use in this litigation and for no other purpose.

7.      The information and documents provided herein are subject to the Parties' Agreed Confidentiality Order (Dkt. 49), Addendum to Agreed Confidentiality Order (Dkt. 142), and Second Addendum to Agreed Confidentiality Order (Dkt. 239) even if earlier-produced

information and documents are later designated as Confidential Information pursuant to these Orders.

**<u>GENERAL OBJECTIONS</u>**

The following General Objections shall be deemed incorporated into the specific responses and objections to each and every Request.

1.     Paycor objects to each Request to the extent it seeks to impose on Paycor obligations and duties beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Illinois, and any other applicable rules and decisions.

2.     In responding to these Requests, Paycor does not concede, and expressly denies, that it captured, collected, converted, stored, possessed, disclosed, re-disclosed, shared, disseminated, profited from, or otherwise obtained "biometric identifiers" or "biometric information" as defined by BIPA.

3.     Paycor objects to Plaintiff's definitions because they are inconsistent with the definitions in BIPA and incorrectly describe the products at issue. Paycor specifically objects to Plaintiff's definition of "Biometric Device." BIPA does not define this term and Plaintiff's definition is not accurate in describing Perform Time timeclocks. Furthermore, in answering these Requests, Paycor does not concede, and expressly denies, that it captured, collected, converted, stored, possessed, disclosed, re-disclosed, shared, disseminated, profited from, or otherwise obtained "Biometric Identifiers" or "Biometric Information" as defined by BIPA. Paycor also objects to Plaintiff's definitions of "Biometric Identifiers" and "Biometric Information." Plaintiff's definitions are vague and ambiguous, misleading, overbroad, not relevant to any party's claim or defense, and not proportional to the needs of the case under Federal Rule of Civil Procedure

3

26(b)(1). In responding to these Requests, Paycor gives "Biometric Identifier" and "Biometric Information" the meanings attributed to them in BIPA.

4.    Paycor objects to responding to any Request to the extent it seeks information related to Kellin Johns, as he is no longer a party to this action, he was never a class representative, and Paycor has presented uncontroverted evidence that he never used a Paycor Perform Time clock in Illinois. *See* Paycor document production JOHNS-PAYCOR00000108-144 and JOHNS-PAYCOR00000127-A.

5.    Paycor objects to Plaintiff's definition of "Relevant Time Period" as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Paycor further objects that the latest end date for any discovery, and thus the end of any arguably "Relevant Time Period" is October 18, 2021, the date that Paycor completed the process of implementing BIPA-compliant embedded consent on its Perform Time timeclocks. *See* Paycor document production JOHNS-PAYCOR00000108-143, 273, and 424; JOHNS-PAYCOR00030237. Paycor, however, has produced documents, and may produce additional documents, created after October 18, 2021 which may be responsive to these Requests.

6.    Paycor objects to Plaintiff's definition of "Communication" to the extent it includes attorney work product, including mental impressions, attorney-client privileged communications, and any other documents protected from discovery by any other doctrine or privilege. Paycor further objects to this definition to the extent it seeks to include within the definition documents beyond the scope of Rule 34 of the Federal Rules of Civil Procedure, or otherwise disproportionate to the needs of the case, including "duplicates", "drafts" and "versions not sent." Paycor further

objects to the extent this definition exceeds the scope contemplated by the parties in the ESI protocol.

7.      Paycor objects to Plaintiff's definition of "Document" and "Documents" to the extent they include attorney work product, including mental impressions, attorney-client privileged communications, and any other documents protected from discovery by any other doctrine or privilege. Paycor further objects to this definition to the extent it seeks to include within the definition documents beyond the scope of Rule 34 of the Federal Rules of Civil Procedure, or otherwise disproportionate to the needs of the case. Paycor further objects to the extent this definition exceeds the scope contemplated by the parties in the ESI protocol.

8.      Paycor objects to Plaintiff's definition of "Electronically Stored Information" to the extent inconsistent with and not agreed to in the parties' ESI protocol.

9.      Paycor objects to Plaintiff's definition of "Identify" to the extent Plaintiff seeks to compel the production of information, rather than documents, in contradiction to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's attempt to circumvent the limit on Interrogatory requests and obtain such information through these Document Requests is improper.

10.      Paycor objects to Plaintiff's definition of "Paycor," "You," and "Your" as overly broad and not proportional to the needs of the case because the definition includes entities other than Paycor, Inc., the defendant in this case.

11.      Paycor objects to Plaintiff's definition of "Proposed Class Member" as inconsistent with the certified class definition. Further, Paycor objects to the legal conclusion, and expressly denies that it collected "Biometric Data" (a term not defined by Plaintiff, nor defined under BIPA), Biometric Identifiers, or Biometric Information from any persons in Illinois. Paycor further objects to the implication that it violated BIPA in any manner and expressly denies the same. Paycor

5

further objects to the definition of "Proposed Class Member" as beyond the scope of this action to the extent it is not limited to users of the finger-scan component of Perform Time timeclocks. Paycor will give the term "Proposed Class Member" the meaning attributed by the certified class definition, as ordered by the Court and as may be revised by the Court.

12.     Paycor objects to Plaintiff's definition of "Complaint" because it refers to any complaint other than the operative complaint in this case.

13.     Paycor objects to Instruction No. 1 because seeks Paycor to provide more information than is required by law for privilege logs, including facts relied upon and contact information.

14.     Paycor objects to Instruction No. 17. Paycor has already stated its objection to Plaintiff's overly broad definition of "Relevant Time Period" in General Objection No. 5, which Plaintiff stated applies to "all Requests." To be clear, Paycor has produced documents, and may produce additional documents, created after October 18, 2021 (the end of the relevant time period) which may be responsive to these Requests.

15.     Paycor objects to Instruction Nos. 19, 23-24, and 27-29 to the extent they are inconsistent with and not agreed to in the parties' ESI protocol.

16.     Paycor objects to Instruction No. 25 as ambiguous, confusing, and attempting to impose obligations beyond those set forth in the Federal Rules of Civil Procedure for discovery. To be clear, Paycor is not stating that it has lost or destroyed any responsive documents, only that does not understand how it can comply with Instruction No. 25 and provide the requested information regarding lost or destroyed documents.

17.     Paycor objects to responding to any Request to the extent it seeks information other than that related to Paycor's Perform Time finger-scan timeclocks at issue in this lawsuit. Paycor

initially objected to responding to these Requests on a class-wide basis or with respect to Plaintiff Juan Barron, given that the Requests were originally served when Kellin Johns was the only named Plaintiff. After an August 6, 2025 meet and confer with Plaintiffs' counsel, and subject to this objection, Paycor is electing to respond to these Requests as if they were also propounded by Plaintiff Barron as requested by Plaintiffs' counsel, and as such, Paycor's responses apply equally to Plaintiff Barron, as do the limitations on Requests set forth in Fed. R. Civ. P. 34.

18.    Paycor objects to each Request to the extent it seeks responses that are not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

19.    Paycor objects to each Request to the extent it seeks responses based on information not known or reasonably available to Paycor, is outside of Paycor's possession, custody, or control, or can be more readily obtained through other sources.

20.    Paycor objects to each Request to the extent that it seeks responses, documents, or information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Any such privileged or otherwise protected information will not be provided. Any inadvertent disclosure of privileged information or of any other information otherwise protected from disclosure shall not constitute a waiver of any claim or privilege or exemption from disclosure. Counsel for Paycor will confer with counsel for Plaintiff regarding the means and timing of identifying privileged/protected documents, should such documents exist.

21.     Paycor objects to each Request to the extent it is unduly burdensome, overly broad, vague, or ambiguous. In particular, where Plaintiff requests information and/or data relating to different devices, technologies, and/or software (e.g., facial scan technology, servers, and/or related software) other than the Perform Time finger-scan timeclocks he actually used, each such Request is disproportionate to the needs of the case, unduly burdensome, overly broad, vague, and/or ambiguous due to differences in how each device, technology, and/or piece of software operates on its own and in conjunction with other technologies (including third-party proprietary software that Paycor does not have access to). Facial scan functionality is not at issue in this case; Plaintiff has not certified facial scan claims, nor has he alleged that he used facial-scan technology, and he has repeatedly advised the Court that this is a finger-scan timekeeping case.

22.     Paycor objects to each Request to the extent it seeks confidential, proprietary business information or trade secrets.

23.     Paycor objects to each Request to the extent it assumes or calls for a legal conclusion that has not been reached in this case.

24.     Paycor objects to Plaintiff's Instructions to the extent that they purport to require Paycor to log privileged communications from after this case was filed as disproportionate to the needs of the case, unduly burdensome and inconsistent with the requirements of the Federal Rules of Civil Procedure, Local Rules, and any other applicable rules and decisions.

## RESPONSES TO DOCUMENTS REQUESTED

## REQUEST FOR PRODUCTION NO. 1

All Documents and ESI referenced or relied upon in responding to Plaintiff's First Set of Interrogatories to Defendant Paycor, Inc.

8

**NOVEMBER 2020 RESPONSE:**  Subject to and without waiving its General Objections, Paycor will produce non-privileged documents and ESI responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Subject to and without waiving these objections, its November 2020 objections and its General Objections, Paycor referenced the following documents in its August 12, 2025 First Supplemental Answers to Plaintiff's First Set of Interrogatories:  JOHNS-PAYCOR000001-144;  JOHNS-PAYCOR00000273;  JOHNS-PAYCOR00000423-424; JOHNS-PAYCOR00000442-00000443; JOHNS-PAYCOR00000449-450;  JOHNS-PAYCOR00000482-483;  JOHNS-PAYCOR00000491-492;  JOHNS-PAYCOR00000531-535;  JOHNS-PAYCOR00000595;  JOHNS-PAYCOR00000600-30237. Paycor referenced the following documents in its October 31, 2025 Second Supplemental Answers to Plaintiff's First Set of Interrogatories:  JOHNS-PAYCOR000001-11,  JOHNS-PAYCOR00000116-135;  JOHNS-PAYCOR00000142-143;  JOHNS-PAYCOR00000449-450; JOHNS-PAYCOR00000482-483;  JOHNS-PAYCOR00000531-535;  JOHNS-PAYCOR00030239-30596,  JOHNS-PAYCOR00030598-30862;  the  Declaration  of  David Goodwin; the Dec. 4, 2024 Deposition of David Goodwin; and the Affidavit of Eric Schreimann, Dkt. 188-3.

**REQUEST FOR PRODUCTION NO. 2**

As to the Biometric Device(s) used during the Relevant Time Period, all documents reflecting:

    a.  The model of the device(s) and its manufacturer(s);

    b.  Any and all user guides;

    c.  Any and all implementation guides;

    d.  Any and all patents;

e.  Any and all device manuals;

f.  Any and all employee/individual enrollment and/or onboarding guides;

g.  A description of the device(s);

h.  A description of any and all device software;

i.  A description of the network capabilities of the device(s) and/or its software;

j.  Any and all incident reports reflecting service, repair, replacement, or decommissioning of the device(s);

k.  Where the device(s) are located; and

l.  The owner of the device(s).

**NOVEMBER 2020 RESPONSE:**   Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case. Paycor further objects to this Request to the extent it seeks confidential information and trade secrets in the form of the identity of Paycor's customers and the risk of production to Paycor outweighs the need for production. Paycor further objects to this Request to the extent that it seeks information that is publicly available. Paycor further objects to this Request to the extent it seeks information that is owned by third-party vendors and is outside of Paycor's possession, custody, and control. Paycor further objects to this request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor's time clocks are not "Biometric Devices" as defined by Plaintiffs. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents that are responsive to this Request that relate to the time clocks used by Plaintiffs' employer.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to the term "network capabilities" as undefined, ambiguous, and vague. Paycor objects to this Request as disproportionate to the needs of the case, unduly burdensome, overly broad, vague, and ambiguous to the extent that it requests information relating to devices, technologies, and/or software other than the Perform Time finger-scan timeclocks at issue in this lawsuit. Paycor further objects to this Request as it seeks documents relating to Perform Time timeclock functions other than finger scans, which is at issue in this case. Likewise, Paycor objects to this request because BIPA does not define "Biometric Device" and Plaintiff's definition is not accurate in describing Perform Time timeclocks. Paycor also objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, see the following responsive documents: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000012-13; JOHNS-PAYCOR00000014-18; JOHNS-PAYCOR00000027-28; JOHNS-PAYCOR00000029-30; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000274-278; JOHNS-PAYCOR00000482-483; JOHNS-PAYCOR00030241-30600; JOHNS-PAYCOR00030863-30881; JOHNS-PAYCOR00030888- 30961; JOHNS-PAYCOR00030963-34044; PAYCOR-ESI_0000043-0000067; PAYCOR-ESI_0000189-0000336; PAYCOR-ESI_0001876-0002014; PAYCOR-ESI_0002025-0002069; PAYCOR-ESI_0002176-0002308; PAYCOR-ESI_0002315-0002339; PAYCOR-ESI_0002453-0002585; PAYCOR-ESI_0002868-0002892; PAYCOR-ESI_0003876-0004000; PAYCOR-ESI_0004001-0004009; PAYCOR-ESI_0004050-0004089; PAYCOR-ESI_0004909-0004933; and PAYCOR-ESI_0005184-0005202. Paycor reserves the

11

right to supplement its response to this Request as discovery is ongoing. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 3**

All Documents Identifying Paycor's protocols, policies, or procedures Related To the collection, capture, obtainment, storage, possession, use of and/or access (or permitted access) to Plaintiff's and Proposed Class Members' Biometric Identifiers and Biometric Information.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor further objects to this Request because it does not collect, capture, obtain, store, possess, use, access, or permit access to biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ as defined by Plaintiffs. Paycor further objects to this Request to the extent that it implies that BIPA applies to Paycor, which it does not. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, captures, obtains, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan

templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents regarding how its customers can collect, store, and use finger-scan templates: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000014-18; JOHNS-PAYCOR00000031-55; JOHNS-PAYCOR00000105; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000274-278; JOHNS-PAYCOR00030241-30583; JOHNS-PAYCOR00030601-30862; and JOHNS-PAYCOR00030865-876. Paycor has also produced the following documents regarding its implementation of embedded consent: JOHNS-PAYCOR00000424; and JOHNS-PAYCOR00000448-451. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 4**

All Documents Identifying Paycor's protocols, policies, or procedures Related To Paycor's disclosure or dissemination of Plaintiff's and Proposed Class Members' Biometric Identifiers and Biometric Information to any and all third-parties.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor further objects to this Request because it does not collect, capture, store, use, disclose, or otherwise obtain biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ as defined by Plaintiffs. As such, Paycor does not disclose or disseminate biometric identifiers and biometric information. Paycor further objects to this Request to the extent that it implies that BIPA applies to Paycor,

13

which it does not. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, the November 2020 objections, and the General Objections, Paycor does not disclose or disseminate biometric identifiers or biometric information and thus has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

All Documents Identifying Paycor's protocols, policies, or procedures Related To the destruction of Biometric Identifiers and Biometric Information, including, but not limited to, any and all retention schedule(s) or guidelines for destroying, disposing of, protecting, or preserving Biometric Identifiers or Biometric Information.

**NOVEMBER 2020 RESPONSE:**   Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent that it seeks information to Paycor's "protocols, policies, or procedures" that apply outside of the State of Illinois and are irrelevant to this case. Paycor further objects to this Request because it does not collect, capture, store, use, disclose, or otherwise obtain biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ as defined by Plaintiffs. As such, Paycor is not required to destroy, dispose of, protect, or preserve biometric identifiers or biometric information. Paycor further objects to this Request to the extent that it implies that BIPA applies to Paycor, which it does not. Subject to and without waiving its General Objections and these additional objections, Paycor will produce non-privileged documents sufficient to identify Paycor's data security policies.

14

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to the Perform Time timeclocks, deletion of finger-scan templates, and the implementation of embedded consent: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000032-35; JOHNS-PAYCOR00000036-40; JOHNS-PAYCOR00000041-46; JOHNS-PAYCOR00000047-52; JOHNS-PAYCOR00000053-55; JOHNS-PAYCOR00000056-62; JOHNS-PAYCOR00000063-66; JOHNS-PAYCOR00000067-70; JOHNS-PAYCOR00000071-75; JOHNS-PAYCOR00000076-92; JOHNS-PAYCOR00000093-96; JOHNS-PAYCOR00000097-101; JOHNS-PAYCOR00000102-104; JOHNS-PAYCOR00000105-107; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000423; JOHNS-PAYCOR000442-443; JOHNS-PAYCOR00030249-30251; JOHNS-PAYCOR00030277-30284; JOHNS-PAYCOR00030362-30375; and JOHNS-PAYCOR00030601-00030862. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 6**

All Documents reflecting notice to users that their Biometric Identifiers or Biometric Information was or is being collected, captured, stored, used, disclosed, or otherwise obtained.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information related to all "users" without limiting the request to individuals that are relevant to this case. The requested information necessarily encompasses "users" that are located outside of Illinois, to whom BIPA could never apply because BIPA does not have extraterritorial effect, and who are irrelevant to this case. Paycor further objects to this Request because it does not collect, capture, store, use, disclose, or otherwise obtain biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, captures, stores, uses, discloses, and/or obtains finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to notice: JOHNS-PAYCOR00000142-143;    JOHNS-PAYCOR00000444-447;    JOHNS-PAYCOR00000448; JOHNS-PAYCOR00000451;    JOHNS-PAYCOR00000531;    JOHNS-PAYCOR00000595;

16

JOHNS-PAYCOR00000596-599;           JOHNS-PAYCOR00000600-601;           JOHNS-PAYCOR00000602-JOHNS-PAYCOR00030236;    JOHNS-PAYCOR00030237;    PAYCOR-ESI_0003796-0003807; and PAYCOR-ESI_0004040-0004043. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 7**

All Documents reflecting the purpose(s) and length of time for which Paycor is collecting, capturing, storing, possessing, using or disclosing Plaintiff's and the Proposed Class Members' Biometric Identifiers or Biometric Information.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor further objects to this Request because it does not collect, capture, store, possess, use, or disclose biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, captures, stores, possesses, uses, or discloses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, use, and possess finger-scan

17

templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to the Perform Time timeclocks: JOHNS-PAYCOR00000001-11;JOHNS-PAYCOR00000027-28; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000032-35; JOHNS-PAYCOR00000036-40; JOHNS-PAYCOR00000041-46; JOHNS-PAYCOR00000047-52; JOHNS-PAYCOR00000053-55; JOHNS-PAYCOR00000056-62; JOHNS-PAYCOR00000063-66; JOHNS-PAYCOR00000067-70; JOHNS-PAYCOR00000071-75; JOHNS-PAYCOR00000076-92; JOHNS-PAYCOR00000093-96; JOHNS-PAYCOR00000097-101; JOHNS-PAYCOR00000102-104; JOHNS-PAYCOR00000105-107; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000142-143; JOHNS-PAYCOR00000451; JOHNS-PAYCOR00000595-601; JOHNS-PAYCOR00000602-30236; and JOHNS-PAYCOR00030237-30238. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 8**

All Documents that identify how Biometric Identifiers and/or Biometric Information are stored, including but not limited to devices, servers and/or software.

 **NOVEMBER 2020 RESPONSE**: Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not limited to the claims that Plaintiffs have actually alleged. Paycor further objects to this Request because Paycor does not store biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its

18

General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents that identify" how certain information is stored, rather than documents sufficient for such identification. Paycor objects to the phrase "devices, servers, and/or software" in the context of the sentence is confusing, leaving the terms, which are undefined, ambiguous and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor stores finger-scan templates, and states that is incorrect, rather, Paycor's customers store finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to finger-scan templates: JOHNS-PAYCOR000001-107; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000273; JOHNS-PAYCOR00000423-424; JOHNS-PAYCOR00000442-00000443; JOHNS-PAYCOR00000482-483; JOHNS-PAYCOR00000491-492; JOHNS-PAYCOR00000534-535; JOHNS-PAYCOR00000595; and JOHNS-PAYCOR00000600-30237. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

19

**REQUEST FOR PRODUCTION NO. 9**

All Documents that identify or describe the process by which Plaintiff and the Proposed Class Members are personally identified by the Biometric Device(s).

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor's time clocks are not "Biometric Devices" as defined by Plaintiffs. Paycor further objects to this Request because individuals are not "personally identified" by Paycor's time clocks. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents that are responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to the term "personally identified" as undefined, ambiguous, overly broad, and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents:   JOHNS-PAYCOR000001-107;   JOHNS-PAYCOR00000423-424;   JOHNS-PAYCOR00000442-443;   JOHNS-PAYCOR00000449-450;   JOHNS-PAYCOR00000482-483; JOHNS-PAYCOR00000531-535; JOHNS-PAYCOR00000595; and JOHNS-PAYCOR0000602-30236. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 10**

All Documents Identifying the total number of Proposed Class Members and corresponding customer or company (including documents and data identifying the number of users of the Biometric Devices as well as the number of users for whom data was stored).

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor further objects to this Request because it seeks confidential information and trade secrets in the form of the identity of its customers and the risk of production to Paycor outweighs the need for production. Paycor further objects to this request to the extent it cannot reasonably ascertain who would be in the proposed class, including because it lacks information about its customers' use of alleged Biometric Devices in Illinois and its customers' practices relating to the use of any alleged Biometric Devices, and whether its customers would be subject to BIPA at all.  Subject to and without waiving its General Objections, Paycor states that its investigation continues.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to this Request because customer identity lacks relevance and is disproportionate to the needs of the case. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to the number of users of the Perform Time timeclocks in Illinois during the relevant period: JOHNS-PAYCOR00000602-30236 and JOHNS-PAYCOR00030239-30240. Paycor has also produced the following document relating to the number of users of the Perform Time timeclocks in Illinois: JOHNS-PAYCOR00030962.

21

## REQUEST FOR PRODUCTION NO. 11

All Documents reflecting any request for written consent before collecting, capturing, otherwise obtaining, using, and/or disclosing, accessing (or permitting access to) Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information.

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor objects to this Request because Paycor does not collect, capture, otherwise obtain, use, and/or disclose, access, or permit access to biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that it lacked any knowledge of or relationship with Plaintiffs in order for Paycor to request or obtain any consents from them. Paycor further states that it cannot describe the manner in which any consents were requested or obtained from Plaintiffs because such consents would have been requested and obtained by their respective employers. Paycor does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to consent: JOHNS-PAYCOR00000142-143; JOHNS-PAYCOR00000448; JOHNS-PAYCOR00000451; JOHNS-

22

PAYCOR00000531; JOHNS-PAYCOR00000595-601; JOHNS-PAYCOR00000600-30237; JOHNS-PAYCOR00030238; PAYCOR-ESI_0003538-0003542; PAYCOR-ESI_0003796-0003807; and PAYCOR-ESI_0004040-0004043. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 12**

All Documents, including Correspondence, Identifying any and all efforts to destroy, purge, delete, overwrite or otherwise dispose of Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor objects to this Request because it seeks information that is not within its possession, custody, or control because Paycor customers control their data and the destruction thereof. Paycor further objects to this request because it does not collect, capture, otherwise obtain, possess, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor is not required to destroy, purge, delete, overwrite or otherwise dispose of biometric identifiers or biometric information. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already

completed implementation of an embedded consent into the Perform Time timeclocks. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to deleting finger-scan templates: JOHNS-PAYCOR00000032-55; JOHNS-PAYCOR00000105-107; JOHNS-PAYCOR00000108-144; JOHNS-PAYCOR00000273; JOHNS-PAYCOR00000423; JOHNS-PAYCOR00000442; and JOHNS-PAYCOR00000443. Paycor reserves the right to supplement its response to this request as discovery is ongoing. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications Related To Your compliance with BIPA.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine. Paycor also objects to this overbroad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to this Request to the extent it implies that BIPA applies to Paycor, which it does not. Subject to and without waiving its General Objections and these further objections, Paycor will produce documents relating to BIPA compliance, even though such compliance is not required.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate

24

to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000032-35; JOHNS-PAYCOR00000036-40; JOHNS-PAYCOR00000041-46; JOHNS-PAYCOR00000047-52; JOHNS-PAYCOR00000053-55; JOHNS-PAYCOR00000056-62; JOHNS-PAYCOR00000063-66; JOHNS-PAYCOR00000067-70; JOHNS-PAYCOR00000071-75; JOHNS-PAYCOR00000076-92; JOHNS-PAYCOR00000093- 96; JOHNS-PAYCOR00000097-101; JOHNS-PAYCOR00000102-104; JOHNS-PAYCOR00000105-107; JOHNS-PAYCOR00000129-A; JOHNS-PAYCOR00000142 JOHNS-PAYCOR00000143; JOHNS-PAYCOR00000423; JOHNS-PAYCOR00000442-443; JOHNS-PAYCOR00000531; JOHNS-PAYCOR00000595; JOHNS-PAYCOR00000600-30237; PAYCOR-ESI_0000185-0000186; PAYCOR-ESI_0003538-0003542; PAYCOR-ESI_0003796-0003871; PAYCOR-ESI_0003872-0003873; PAYCOR-ESI_0004040-0004043; and PAYCOR-ESI_0004090-0004092. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 14**

Any and all Correspondence by and between Paycor and/or any other third-party, including customers, Related To any and all Biometric Device and/or users' Biometric Identifiers or Biometric Information.

**NOVEMBER 2020 RESPONSE:**    Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information "Related To any and all Biometric Device and/or users' Biometric Identifiers or Biometric Information" without limiting its request to the issues relevant to this case. Specifically, this Request necessarily encompasses devices and/or users that are not located in the state of Illinois, to which BIPA could never apply because BIPA does not have extraterritorial effect, and which are irrelevant to the claims Plaintiffs have alleged. Paycor further objects to this request because Paycor does not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. As such, Paycor's devices are not "Biometric Devices" as defined by Plaintiffs. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents responsive to this Request relating to Plaintiffs' employers.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**    Paycor objects to the term "Correspondence" as undefined, ambiguous, and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to this Request to the extent that it seeks responses, documents, or information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Subject to, and without

26

waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to communications with customers regarding the Perform Time timeclocks: JOHNS-PAYCOR00000116-125; JOHNS-PAYCOR00000126-135; JOHNS-PAYCOR00000273; JOHNS-PAYCOR00000279-282; JOHNS-PAYCOR00000283; JOHNS-PAYCOR00000291-294; JOHNS-PAYCOR00000295; JOHNS-PAYCOR00000424; JOHNS-PAYCOR00000442; JOHNS-PAYCOR00000443; JOHNS-PAYCOR00000444-447; JOHNS-PAYCOR00000448; JOHNS-PAYCOR00000451; PAYCOR-ESI_0000014-0000025; PAYCOR-ESI_0003538-0003542; PAYCOR-ESI_0003808-0003821; PAYCOR-ESI_0003872-0003873; PAYCOR-ESI_0004090-0004092; and PAYCOR-ESI_0005166-0005177. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 15**

All Documents Identifying contracts and/or agreements that govern the relationship between Paycor, its customers and/or any other third-parties with whom biometric identifiers and/or biometric information was shared or disseminated.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not limited to the claims that Plaintiffs actually allege in their complaint. Specifically, this Request seeks information for all "customers and/or any other third-parties[,]" which necessarily encompasses entities with whom Paycor has relationships that exist exclusively outside the State of Illinois, to which BIPA could never apply because BIPA does not have extraterritorial effect, and which are irrelevant to this case. Paycor further objects to this Request to the extent that it

27

seeks confidential information and trade secrets in the form of the identity of Paycor's customers and the risk to Paycor outweighs the need for production. Paycor further objects to this Request because it does not share or disseminate biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. Subject to its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain contracts, rather than merely the contracts themselves. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to Paycor's contracts with its customers: JOHNS-PAYCOR00000116-125; JOHNS-PAYCOR00000126-135; JOHNS-PAYCOR00000274-278; JOHNS-PAYCOR00000279-282; JOHNS-PAYCOR00000283; JOHNS-PAYCOR00000291-294; JOHNS-PAYCOR00000295; JOHNS-PAYCOR00000595-601; and JOHNS-PAYCOR00030601-30862. Paycor reserves the right to supplement its response to this request as discovery is ongoing. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of

28

potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 16**

All Documents Relating To the disclosure and/or dissemination of Plaintiff's and Proposed Class Members' Biometric Identifiers or Biometric Information to any customer, or other third-party that host it in their data center(s), including any sale or transmission of their Biometric Identifiers or Biometric Information to any such third-party or otherwise.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request to the term "Proposed Class Members" as set forth in its General Objection No. 3 above. Paycor objects to this Request because it did not sell, transmit, disclose, or disseminate Plaintiffs' biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to Paycor's contracts with its customers regarding the Perform Time timeclocks: JOHNS-PAYCOR00000116-125; JOHNS-

29

PAYCOR00000126-135;   JOHNS-PAYCOR00000274-278;   JOHNS-PAYCOR00000279-282;

JOHNS-PAYCOR00000283;   JOHNS-PAYCOR00000291-294;   JOHNS-PAYCOR00000295;

JOHNS-PAYCOR00000532-535;    and   JOHNS-PAYCOR00030601-30862.  Paycor  further

responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and

review of potentially relevant custodians and will produce any further documents responsive to

this Request as part of its forthcoming ESI production(s).


**REQUEST FOR PRODUCTION NO. 17**

All Documents reflecting any and all contracts, agreements (written or otherwise) entered

into by and between Paycor and any third-party relative to the sale, lease or replacement of any

and all Biometric Device(s) during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to this Request as irrelevant, overbroad, unduly

burdensome, and disproportionate to the needs of this case to the extent it seeks information related

to "Biometric Devices" that were used outside of Illinois, as BIPA cannot be applied

extraterritorially. Paycor further objects that it cannot reasonably determine which of its customers

have used finger-sensor devices and time clocks sold by Paycor within the State of Illinois during

the relevant time period because it has no involvement in or knowledge of where customers install

and use such devices and time clocks. Paycor further objects to this Request because it seeks

confidential information and trade secrets in the form of the identity of customers and terms of

sales/lease to such customers, and the risk of production to Paycor outweighs the need for

production. Paycor further objects to this Request because Paycor's time clocks do not collect,

capture, receive, or otherwise use biometric identifiers or biometric information as defined by

BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor's time

clocks are not "Biometric Devices" as defined by Plaintiffs. Subject to and without waiving the

30

foregoing objections and its General Objections, Paycor will produce non-privileged documents that are responsive to this Request relating to Plaintiffs' employer.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents reflecting" certain contracts, rather than merely the contracts themselves. Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000116-125; JOHNS-PAYCOR00000126-135; JOHNS-PAYCOR00000279-282; JOHNS-PAYCOR00000283; JOHNS-PAYCOR00000291-294; and JOHNS-PAYCOR00000295. Paycor reserves the right to supplement its response to this request as discovery is ongoing. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 18**

All Documents reflecting any and all contracts, agreements (written or otherwise) entered into by and between Paycor and any customer or third-party relative to the sale, lease or use of any and all software licensing relating to Biometric Device(s) during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information related to "Biometric Devices" that were used outside of Illinois, as BIPA cannot be applied

31

extraterritorially. Paycor further objects that it cannot reasonably determine which of its customers have used finger-sensor devices and time clocks sold by Paycor within the State of Illinois during the relevant time period because it has no involvement in or knowledge of where customers install and use such devices and time clocks. Paycor further objects to this Request because it seeks confidential information and trade secrets in the form of the identity of customers and terms of sales/lease to such customers, and the risk of production to Paycor outweighs the need for production. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor's time clocks are not "Biometric Devices" as defined by Plaintiffs. Subject to and without waiving the foregoing objections and its General Objections, Paycor will produce non-privileged documents that are responsive to this Request relating to Plaintiffs' employer.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents reflecting" certain contracts, rather than merely the contracts themselves. Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000116-125; JOHNS-PAYCOR00000126-135; JOHNS-PAYCOR00000279-282; JOHNS-PAYCOR00000283; JOHNS-PAYCOR00000291-294; and JOHNS-PAYCOR00000295. Paycor reserves the right to supplement its response to this request as discovery is ongoing. Paycor further

responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 19**

All Documents reflecting any and all service agreements (written or otherwise) entered into by and between Paycor and any customer or third-party relative to the service, maintenance and/or software maintenance performed on any Biometric Device during the Relevant Time Period, including each occasion where a Biometric Device was decommissioned or replaced.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information related to "Biometric Devices" that were used outside of Illinois, as BIPA cannot be applied extraterritorially. Paycor further objects that it cannot reasonably determine which of its customers have used finger-sensor devices and time clocks sold by Paycor within the State of Illinois during the relevant time period because it has no involvement in or knowledge of where customers install and use such devices and time clocks. Paycor further objects to this Request because it seeks confidential information and trade secrets in the form of the identity of customers and terms of sales/lease to such customers, and the risk of production to Paycor outweighs the need for production. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor's time clocks are not "Biometric Devices" as defined by Plaintiffs. Subject to and without waiving the foregoing objections and its General Objections, Paycor will produce non-privileged documents that are responsive to this Request relating to Plaintiffs' employer.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents reflecting" certain agreements, rather than merely the agreements themselves. Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000116-125; JOHNS-PAYCOR00000126-135; JOHNS-PAYCOR00000279-282; JOHNS-PAYCOR00000283; JOHNS-PAYCOR00000291-294; and JOHNS-PAYCOR00000295. Paycor reserves the right to supplement its response to this request as discovery is ongoing. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 20**

All Documents Identifying the software, including the network capabilities of any Paycor Biometric Device(s) used during the Relevant Period.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case, specifically to the extent that it seeks information related to "any Paycor Biometric Devices" because such a broad request necessarily encompasses devices that are located outside of Illinois and which are irrelevant to the dispute in this case. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by

BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. As such, Paycor's time clocks are not "Biometric Device" as defined by Plaintiffs. Paycor further objects to this Request because it seeks confidential information and trade secrets, and the risk of production to Paycor vastly outweighs the need for production. Paycor further objects to this Request to the extent that it seeks materials that belong to third-party vendors that are not in the custody, possession, or control of Paycor. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents that are responsive to this Request for the time clocks used by Plaintiffs' employer.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain software and "network capabilities," rather than merely documents sufficient to identify such software and "network capabilities." Paycor further objects to the term "network capabilities" as undefined, ambiguous, and vague. Paycor also objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000012-13; JOHNS-PAYCOR00000014-18; JOHNS-PAYCOR00000027-28; JOHNS-PAYCOR00000029-30; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000532; JOHNS-PAYCOR00000533; JOHNS-PAYCOR00000534; JOHNS-PAYCOR00000535; JOHNS-PAYCOR00030241-30600; JOHNS-PAYCOR00030863-30881; and PAYCOR-ESI_0003538-0003542. See also Paycor's response to Plaintiff's Second

35

Set of Requests for Production of Documents Nos. 1-2. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 21**

A detailed flowchart showing how Your Biometric Timeclock application, storage devices, and processing devices function in terms of production and disaster recovery.

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Biometric Timeclock" as vague and ambiguous because the term is neither used in BIPA nor defined by Plaintiffs. Paycor also objects to the term "production and disaster recovery" as vague and ambiguous. Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information on all "storage devices" and "processing devices" without making any attempt to limit the Request to the devices that are actually relevant in this case. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents that are responsive to this Request, if any.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to the terms "storage devices" and "processing devices" as undefined, ambiguous, overly broad, and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or

"biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000012-13; JOHNS-PAYCOR00000014-18; JOHNS-PAYCOR00000027-28; JOHNS-PAYCOR00000029-30; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000108-115; JOHNS-PAYCOR00000532; JOHNS-PAYCOR00000533; JOHNS-PAYCOR00000534; JOHNS-PAYCOR00000535; JOHNS-PAYCOR00031011; PAYCOR-ESI_0000043-0000067; PAYCOR-ESI_0000189-0000336; PAYCOR-ESI_0001876-0002014; PAYCOR-ESI_0002025-0002069; PAYCOR-ESI_0002176-0002308; PAYCOR-ESI_0002315-0002339; PAYCOR-ESI_0002453-0002585; PAYCOR-ESI_0002868-0002892; PAYCOR-ESI_0003876-0004000; PAYCOR-ESI_0004001-0004009; PAYCOR-ESI_0004032-0004039; PAYCOR-ESI_0004909-0004933; PAYCOR-ESI_0005157-0005161; and PAYCOR-ESI_0005184-0005202.

**REQUEST FOR PRODUCTION NO. 22**

All instructions, user manuals, schematics, technical manuals, service manuals, pamphlets, and sales materials Related To the Biometric Timeclocks that You use or have previously used, and any other Document that Identifies the name, model, capability to read Biometric Data, Biometric Identifiers, or Biometric Information, data storage capabilities, or electronic Communication capabilities of the Biometric Timeclocks.

**NOVEMBER 2020 RESPONSE:** Paycor objects to this Request as duplicative of Request No. 2. Paycor objects to the terms "Biometric Timeclocks" and "Biometric Data" as vague and

ambiguous as they are neither used in BIPA nor defined by Plaintiffs. Paycor objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks all "instructions, user manuals, schematics, technical manuals, service manuals, pamphlets, and sales materials . . . that [Paycor] . . . [has] previously used" and fails to limit the request to the relevant time period for this case. Paycor further objects to this Request because Paycor's time clocks do not collect, capture, receive, or otherwise use biometric identifiers or biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these further objections, Paycor will produce non-privileged documents that are responsive to this Request for the time clocks that were used by Plaintiffs' employers.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** Paycor objects to the terms "data storage capabilities" and "electronic Communication capabilities" as undefined, ambiguous, overly broad, and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR00000001-11; JOHNS-PAYCOR00000012-13; JOHNS-PAYCOR00000014-18; JOHNS-PAYCOR00000027-28; JOHNS-PAYCOR00000029-30; JOHNS-PAYCOR00000031; JOHNS-PAYCOR00000108-115;

38

JOHNS-PAYCOR00000532;     JOHNS-PAYCOR00000533;     JOHNS-PAYCOR00000534; JOHNS-PAYCOR00000535; JOHNS-PAYCOR00030241-30600; JOHNS-PAYCOR00030863-30961; JOHNS-PAYCOR00030963-34044; and SWANN-PAYCOR00000001-61. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 23**

All contracts or agreements (written or otherwise) between You and any Third Parties that provide for indemnification for liability and/or damages in cases brought under BIPA or any other biometric privacy law.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to this Request on the grounds that it is premature to request judgment-related information when no such judgment has been entered or is imminent. Paycor's investigation continues.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it requests information about "any other biometric privacy law" other than BIPA, and such laws are not at issue in this case. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR000001-144; JOHNS-PAYCOR00000273;   JOHNS-PAYCOR00000423-424;   JOHNS-PAYCOR00000442-00000443;    JOHNS-PAYCOR00000482-483;    JOHNS-PAYCOR00000491-492;    JOHNS-PAYCOR00000531-535;   JOHNS-PAYCOR0000536-592;   JOHNS-PAYCOR00000595;   and JOHNS-PAYCOR00000600-30237.

**REQUEST FOR PRODUCTION NO. 24**

All Communications Related To privacy risks to Biometric Data, Biometric Identifiers, or Biometric Information such as hacks, breaches, or other exposures during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the terms "Biometric Data," "privacy risks," and "other exposures" as vague and ambiguous. Paycor objects to the extent that it implies that BIPA applies to Paycor, which it does not. Paycor further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not related to the claims actually brought in Plaintiffs' complaint. Paycor further objects to this Request as vague and ambiguous. Paycor further objects to this request to the extent it seeks communications that are protected by the attorney-client privilege. Paycor further objects to this Request because Paycor does not collect, capture, otherwise obtain, possess, store, disclose, or disseminate biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 25**

All Communications Related To the deletion, physical destruction, discard, damage, or overwrite of Biometric Data, Biometric Identifiers, or Biometric Information since the filing of the Complaint.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Biometric Data" as vague and ambiguous as that term is neither used in BIPA nor defined by Plaintiffs. Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not related to the claims that are actually brought in Plaintiffs' complaint. Paycor further objects to this Request because it does not collect, capture, store, or otherwise obtain biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. As such, Paycor is not required to delete, physically destroy, discard, damage, or overwrite such data. Paycor further objects to this Request because it seeks information that is not within its possession, custody, or control because Paycor customers control their data and the destruction thereof. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request to the extent that it seeks responses, documents, or information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to deletion of finger-scan templates:   JOHNS-PAYCOR000001-144;   JOHNS-PAYCOR00000273;   JOHNS-

41

PAYCOR00000423-424; JOHNS-PAYCOR00000442-00000443; JOHNS-PAYCOR00000482-483; JOHNS-PAYCOR00000491-492; JOHNS-PAYCOR00000531-535; JOHNS-PAYCOR00000595; JOHNS-PAYCOR00000600-30237; JOHNS-PAYCOR00030882-30887. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 26**

All Documents Related To benefits that you have received as a result of the collection, use, sale, lease, trade, or exchanged of Plaintiff's and the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information, Including monetary consideration, free services, advertising, or marketing.

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor also objects to the terms "Biometric Data," and "benefits" as vague, ambiguous, overbroad, and not proportional to the needs of this case. Paycor further objects to this Request because it does not collect, use, sell, lease, trade, or exchange biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:** In addition to Paycor's November 2020 objections and its General Objections, Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain information, rather than merely documents sufficient to identify such information. Paycor further objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27**

All Documents Identifying Your uses of Plaintiff's and the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Member" as detailed in its General Objection No. 3. Paycor objects to the term "Biometric Data" as vague and ambiguous as that term is neither used in BIPA nor defined by Plaintiffs. Paycor objects the term "uses" as vague and ambiguous. Paycor objects to this Request because it does not collect, capture, otherwise obtain, possess, store, disclose, or disseminate biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  In addition to Paycor's November 2020 objections and its General Objections, Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain types of information, rather than merely documents sufficient to identify such information. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Paycor further objects to the implication or assumption by Plaintiff in this request that Paycor collects, stores, possesses, uses, and/or accesses finger-scan templates, and states that is incorrect, rather, Paycor's customers collect, store, and use finger-scan templates. Paycor further objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case.

43

**REQUEST FOR PRODUCTION NO. 28**

All Documents Identifying (a) all persons, departments or companies with access to Plaintiff's and the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information, and (b) all protocols, policies and procedures You have in place to control who has access to Plaintiff's and the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Proposed Class Members" as detailed in its General Objection No. 3. Paycor objects to the term "Biometric Data" as vague and ambiguous as that term is neither used in BIPA nor defined by Plaintiffs. Paycor objects to this Request to the extent that it implies that BIPA applies to Paycor, which it does not. Paycor further objects to this Request because it seeks information that is not in Paycor's possession, custody, or control because Paycor cannot reasonably determine which of its customers have used finger-sensor devices or who its customers allow to access the customers' data. Paycor further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case. Paycor further objects to this Request because it does not collect, capture, otherwise obtain, or possess biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and

44

states they are not. Paycor further objects to the implication or assumption that it has access to customer data, and states that it does not. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, Paycor has produced the following documents relating to finger-scan template data and Paycor's policies: JOHNS-PAYCOR000001-144; JOHNS-PAYCOR00000273; JOHNS-PAYCOR00000296-409; JOHNS-PAYCOR00000423-424; JOHNS-PAYCOR00000442-00000443; JOHNS-PAYCOR00000482-483; JOHNS-PAYCOR00000491-492; JOHNS-PAYCOR00000531-535; JOHNS-PAYCOR00000595; JOHNS-PAYCOR00000600-30237; and the Declaration of David Goodwin. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 29**

All Documents Identifying the physical locations and ownership of all servers, drives or other devices or mediums which contain Plaintiff's or the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information, including, but not limited to third parties that host Biometric Data, Biometric Identifiers, or Biometric Information in their data center(s).

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Biometric Data" as vague and ambiguous as it not used in BIPA and not defined by Plaintiffs. Paycor also objects to the term "Proposed Class Member" as detailed in its General Objection No. 3. Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it requests "all . . . drives or other devices or mediums[.]" Paycor further objects to this Request as seeking information that is not in Paycor's possession, custody, or control because

Paycor has no knowledge of where its customers or others store their own data. Paycor further Paycor further objects to this Request because Paycor does not collect or possess biometric identifiers and biometric information as defined by BIPA, or, to the extent the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that its investigation continues.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" the locations and ownership of certain "servers, drives or other devices or mediums," rather than merely documents sufficient to identify such information. Paycor objects to the terms "servers" "drives", "other devices" and "mediums" as undefined, ambiguous, overly broad, and vague. Paycor objects to this Request because it is not temporally limited and is therefore overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see the following responsive documents: JOHNS-PAYCOR000001-144; JOHNS-PAYCOR00000532-535; and JOHNS-PAYCOR00000600-30237. Paycor further responds that, per the parties' discussions, Paycor is actively undertaking ESI collection and review of potentially relevant custodians and will produce any further documents responsive to this Request as part of its forthcoming ESI production(s).

**REQUEST FOR PRODUCTION NO. 30**

All Documents Identifying any Biometric Identifiers, Biometric Information, or Biometric Data that was or could have been accessed by third-parties during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to the term "Biometric Data" as vague and ambiguous because that term is neither used in BIPA nor defined by Plaintiffs. Paycor also objects to the phrase "could have been accessed" as vague and ambiguous. Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not limited only to the claims that Plaintiffs have alleged in their complaint. Paycor further objects to this Request as seeking information that is not in Paycor's possession, custody, or control because Paycor has no knowledge as to whether its customers' data, including biometric information or biometric identifiers if any such data existed, was or could have been accessed by anybody. Paycor further objects to this Request because it does not collect, capture, otherwise obtain, or possess biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain types of information, rather than merely documents sufficient to identify such information. Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Paycor further objects to the implication or assumption by

47

Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see Paycor's November 2020 Response to this Request.

**REQUEST FOR PRODUCTION NO. 31**

All Documents Identifying every entity and/or individual who did or could have accessed any Biometric Identifiers, Biometric Information, or Biometric Data that was or could have been accessed by third-parties during the Relevant Time Period.

**NOVEMBER 2020 RESPONSE:** Paycor objects to the term "Biometric Data" as vague and ambiguous because that term is neither used in BIPA nor defined by Plaintiffs. Paycor also objects to the phrase "could have been accessed" as vague and ambiguous. Paycor objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because it seeks information that is not limited only to the claims that Plaintiffs have alleged in their complaint. Paycor further objects to this Request as seeking information that is not in Paycor's possession, custody, or control because Paycor has no knowledge as to whether its customers' data, including biometric information or biometric identifiers if any such data existed, was or could have been accessed by anybody. Paycor further objects to this Request because it does not collect, capture, otherwise obtain, or possess biometric identifiers or biometric information as defined by BIPA, or, to the extent that the definitions differ, as defined by Plaintiffs. Subject to and without waiving its General Objections and these additional objections, Paycor states that it does not possess documents responsive to this Request.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents Identifying" certain entities and/or individuals, rather than merely documents sufficient to identify such entities and/or individuals. Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it purports to include a period of time between October 19, 2021 and the present for which Paycor indisputably had already completed implementation of an embedded consent into the Perform Time timeclocks. Paycor further objects to the implication or assumption by Plaintiff in this Request that finger-scan templates are "biometric identifiers" or "biometric information," and states they are not. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see Paycor's November 2020 Response to this Request.

**REQUEST FOR PRODUCTION NO. 32**

Any expert reports prepared by Paycor or on Your behalf Relating To any of the matters alleged in Plaintiff's Class Action Complaint.

**NOVEMBER 2020 RESPONSE:**  Paycor objects to this Request as premature, as expert reports are not yet due under the Court's Scheduling Order. Paycor will provide any expert reports in accordance with the applicable Rules and in accordance with the Court's Scheduling Order.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**  Subject to, and without waiving its November 2020 objections and its General Objections, *see* B. Scott Swann's September 17, 2024 Report (Dkt. 128-1); List of Materials Relied Upon in Support of B. Scott Swann's September 17, 2024 Report (produced to counsel on October 31, 2024); and SWANN-PAYCOR00000001-00000122. Paycor reserves the right to supplement this response.

49

**REQUEST FOR PRODUCTION NO. 33:**

All Documents reflecting any and all insurance policies or contracts (including declaration pages), or other written understandings under which any entity other than Paycor (including, but not limited to insurers and business partners) may be liable to satisfy all or part of any judgment that may be entered in this case.

**NOVEMBER 2020 RESPONSE:**   Paycor objects to this Request on the grounds that it is overbroad in reference to "any and all insurance policies" and premature to request judgment-related information when no such judgment has been entered or is imminent. Paycor's investigation continues.

**DECEMBER 2, 2025 SUPPLEMENTAL RESPONSE:**   Paycor objects to this Request as overly broad and disproportionate to the needs of the case because it seeks "All Documents reflecting" insurance policies or contracts, rather than merely the applicable policies and/or contracts themselves. Subject to, and without waiving these objections, its November 2020 objections, and its General Objections, please see Paycor's Third Supplemental Rule 26(a)(1) Disclosures and the following responsive documents: JOHNS-PAYCOR00000536-591; and JOHNS-PAYCOR00000592.

Dated: December 2, 2025

Respectfully Submitted,

PAYCOR, INC.

By: */s/ Brian Browne*

Melissa A. Siebert
Corey T. Hickman
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800

50

Chicago, IL 60606
(312)-474-7900
msiebert@cozen.com
chickman@cozen.com

Brian A. Browne
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202)-304-1458
bbrowne@cozen.com

Max Kaplan
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4682
mkaplan@cozen.com

Counsel for Paycor, Inc.

51

## <u>CERTIFICATE OF SERVICE</u>

I, Brian Browne, an attorney, hereby certify that on **December 2, 2025**, I caused a true and complete copy of the foregoing **PAYCOR, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAYCOR, INC.** to be served via electronic mail upon all counsel of record.

*/s/ Brian Browne*