IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN BARRON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:20-cv-264-DWD ) |
| PAYCOR, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Alter or Amend the Class Definition. (Doc. 188). The issues raised by that Motion were discussed by the parties and the Court at multiple Status Conferences and an in-person hearing. (Docs. 182, 209, 219, 221). At Defendant's request, the Motion was also the subject of Supplemental Briefing by the parties. (Docs. 220, 224, 228). Now, for the reasons explained below, the Motion to Alter or Amend the Class Definition is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

Nearly one year ago, on March 28, 2025, the Court partially granted Plaintiff's Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23. (Docs. 103 & 155). In doing so, the Court certified the following class in this case:

> All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period.

(Doc. 155, pg. 30).

The Court also appointed Plaintiff as the class representative and the law firms of Stephan Zouras, LLC, and Peiffer, Wolf, Carr, Kane, Conway & Wise, LLP, as class counsel. (Doc. 155, pg. 30). Since that time, the parties have fought, tooth and nail, about the Court's ruling, including on appeal to the Seventh Circuit and in discovery practice.[1] Below, the Court, at least for now, puts the issue related to the class definition to rest.

## II. ANALYSIS

As an initial matter, the Court observes the legal principle that class "certifications are not frozen once made." *Amgen Inc. v. Connecticut Ret. Plans and Tr. Funds*, 568 U.S. 455, 479 n. 9 (2013). To the contrary, "Rule 23 empowers district courts to 'alte[r] or amen[d]' class-certification orders based on circumstances developing as the case unfolds." *Id.* (citing Fed. R. Civ. P. 23(c)(1)(C), which provides as follows: "An order that grants or denies class certification may be altered or amended before final judgment."); *see also West v. Cap. Fed. Sav. and Loan Ass'n*, 558 F.2d 977, 982 (10th Cir. 1977) ("Class determination is a preliminary, interlocutory action subject to change before final disposition of the case."); *Aliotta v. Gruenberg*, 237 F.R.D. 4, 13 (D. D.C. 2006) ("The court

---

[1]The Court denied Defendant's Motion to Reconsider its ruling. (Docs. 162 & 192). Thereafter, Defendant filed a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f). (Doc. 195). On July 16, 2025, the Seventh Circuit, among other things, denied Defendant's Petition, stating:

> In its 23(f) petition, Paycor asserts that individual issues relating to consent could overwhelm the litigation. The summary judgment ruling will likely address the legal questions surrounding Paycor's responsibilities under §§ 15(b) and (d) of the Illinois Biometric Information Privacy Act, including whether employer-obtained consents could discharge Paycor's obligations (if any) under the Act. Depending on how the district court construes §§ 15(b) and (d) at summary judgment, it may wish to revisit the predominance inquiry.

(Doc. 202).

2

notes that it may modify or divide the class action as the litigation progresses and more information is known about the appropriate method for bringing the suit.").

The Court, on a party's motion or on its own initiative, "retains broad power" and authority to act under Rule 23(c)(1)(C). *See Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) (citing Fed. R. Civ. P. 23(c)(1)(C); *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015); *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 807 (7th Cir. 2013)); *Gates v. City of Chicago*, No. 4-cv-2155, 2011 WL 1811187, *2 (N.D. Ill. May 12, 2011) (citing *Buycks–Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 322, 328–29 (N.D. Ill. 1995); Fed. R. Civ. P. 23(c)(1)(C); William B. Rubenstein, Alba Conte & Herbert B. Newberg, 3 Newberg on Class Actions § 7:47 (4th ed. Supp. 2010); *Robin v. Doctors Officenters Corp.,* 686 F. Supp. 199, 203 (N.D. Ill. 1988)). However, in the absence of materially changed or clarified circumstances, the Court cannot "condone a series of rearguments on the class issues by either the proponent or the opponent of the class." *Gates*, 2011 WL 1811187 at *2 (quoting Newberg on Class Actions § 7:47; 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1785.4 (3d ed. Supp. 2010)).

In its Motion, Defendant argues the "class definition is clearly overbroad," stating:

> First, it includes people whom the Court has already excluded from the case. Second, it encompasses people who consented to the collection and disclosure of their data. Third, it covers double the time period that it should because it is undisputed that Paycor fully implemented BIPA compliant consent by October 18, 2021. And lastly, it includes people whose claims against Paycor were released in BIPA settlements with their employers.

(Doc. 188, pg. 3).

The Court rejects all but Defendant's first argument, which, with the assistance of the Court, has been resolved by the agreement of the parties. More specifically, at the hearing held on September 24, 2025, the Court and parties had the following exchange:

> THE COURT: And Time on Demand, is that finger and hand geometry or one or the other?
>
> [DEFENDANT]: Time on Demand was a service provided by Attendance on Demand. They used a Schlage HandPunch time clock. So it was what you call a hand scan time clock.
>
> THE COURT: So no fingerprints?
>
> [DEFENDANT]: Right. Correct.
>
> THE COURT: The reason I bring this up really goes to Document 188, and that is the Motion to Amend, and that is the Motion to Alter or Amend the Class Definition, and so it occurred to me that if the biometric data that is being collected by reason of Perform data alone is the issue in this case, is there any need for the reference to hand geometry in the class definition?
>
> [Plaintiff]: Sure. I can answer that, Your Honor. Our understanding, until right now, was that the Perform Time time clocks used fingerprints. We were not under any solid word or evidence that it did not include hand geometry scans or other biometric identifiers, which is why we set that forth in the briefing on this issue. But I think if we can have some kind of, you know, under oath statement to that effect, that the Perform Time time clocks are only fingerprint biometrics then, yeah, I think that issue would be moot.
>
> THE COURT: I understand what you are saying. Ms. Siebert, what is your position?
>
> [DEFENDANT]: Our only comment is that Plaintiffs disavowed hand scan specifically and limited this case only to finger scan.
>
> THE COURT: Let's get past that. My inquiry is this; are you willing to do a sworn statement as suggested a moment ago by Plaintiffs' counsel to that effect?

> [DEFENDANT]: We can have our client submit a sworn statement that the Perform Time clocks at issue are finger scan only. Absolutely. The PT100 and PT150, which are the clocks primarily at issue here.
>
> THE COURT: Well, the class definition or class description actually uses the term "Perform Time," but it also uses the term "hand geometry"….
>
> So the solution to this, I believe, at least in part, on your Motion 188, would be for you to submit such an affidavit. I'd like for you to do that within 14 days, submit that to counsel first, and if there is any dispute as to the sufficiency of that from the Plaintiffs' side, address that. And if you cannot resolve it in seven days after that, then submit the motion, and I'll take a look at what the affidavit or statement says. And then once it is approved by both sides, that it is satisfactory by the Plaintiffs, then you are to file that with the Court then. You can file it under seal for all I care, but I need it filed, okay?
>
> [DEFENDANT]: Understood.
>
> THE COURT: And that will leave 21 days. I can tell you but for that issue I'm inclined to deny the balance of the Motion to Alter or Amend Document 188. So that will get us past that issue. I would ask parties to try to get this resolved as soon as possible. That will bring us up to another issue in a moment.

(Doc. 221, pgs. 2-5).

Consistent with this discussion, Defendant filed a Third Supplemental Declaration of David Goodwin on October 24, 2025. (Doc. 229). Mr. Goodwin declared, under penalty of perjury, "[n]one of the Perform Time timeclock models in use from 2015 to the present contained a hand geometry scanning functionality." (Doc. 229, pg. 2). As such, the Court deems Defendant's first argument moot. It will alter or amend the class definition.[2] [3]

---

[2] To the extent Defendant believes its argument is not moot because the Court should also strike "and other biometric data," the Court disagrees. It will not strike that language at this time.

[3] Since Defendant's first argument resulted in an agreement between the parties, with the assistance of the Court, it would be inappropriate to award costs to Plaintiff, as requested.

5

Defendant's second, third, and fourth arguments, which have already been raised and relate to persons who might have signed written consents or releases, are rejected for the same reasons that have already, repeatedly, been explained to Defendant in the Court's prior rulings and statements on the record. (Docs. 125, pgs. 9-10, 15, 20-22, 28, 30; 162, pgs. 8, 12-14). In sum, the case remains in the middle of discovery and, as reflected by the current state of the docket, the parties have proven incapable of proceeding through discovery without the intervention of the Court; therefore, when crafting an appropriate class definition, the Court still declines to accept Defendant's invitation to resolve factual variances or delve into the merits of fact-intensive claims or defenses that are better left for summary judgment. (Docs. 155, pgs. 23-25; 192, pg. 13, 15); *see also* (Doc. 202) (Seventh Circuit observing, in response to Defendant's assertion that consent issues could "overwhelm the litigation," the Court's "summary judgment ruling will likely address the legal questions surrounding Paycor's responsibilities under §§ 15(b) and (d) of the Illinois Biometric Information Privacy Act, *including whether employer-obtained consents could discharge Paycor's obligations (if any) under the Act*") (Emphasis added).[4] [5]

Accordingly, Defendant's Motion to Alter or Amend the Class Definition (Doc. 188) is **GRANTED in part** and **DENIED in part**. The definition of the previously certified class is **ALTERED** and **AMENDED** as follows:

---

[4]The Court's position is bolstered by Plaintiff's argument that the consents at issue are not BIPA-compliant as well as Defendant's admission that it is still attempting to discover and, by extension, produce to Plaintiff, applicable consents and releases.

[5]The Court observes, at the hearing held on September 24, 2025, it expressed a view of Defendant's second, third, and fourth arguments that is consistent with the view now articulated in this Memorandum & Order. (Doc. 221, pgs. 10-18). In other words, the Court forecasted this ruling for Defendant, who, despite repeated attempts, has still failed to convince the Court that its positions are correct.

All individuals working in the State of Illinois who had their fingerprints or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period.

### III. CONCLUSION

For the reasons explained above, Defendant's Motion to Alter or Amend the Class Definition (Doc. 188) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED.**

Dated: February 16, 2026.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge