IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN BARRON, individually and on behalf
of all others similarly situated,

      *Plaintiffs,*

v.

PAYCOR, INC.,

      *Defendant*.

Case No. 3:20-cv-00264-DWD
Judge David W. Dugan

**PARTIES' SECOND JOINT WRITTEN DISCOVERY REPORT PURSUANT TO THIS COURT'S CASE MANAGEMENT ORDER REGARDING DISCOVERY DISPUTES**

On February 26, 2026, the Parties had a second meet and confer call to further discuss the issues raised in Paycor, Inc.'s February 12, 2026 Written Discovery Report (Dkt. 276), and items raised by Plaintiff that were removed from Defendant's filing, but are contained in the instant Report. Since that date, the parties have engaged in further written communications that are referenced herein. Several matters remain unresolved, as indicated below.

The Parties each represent that they have complied with the Court's February 19, 2026 Docket Entry No. 280 and Case Management Order Regarding Discovery Disputes prior to submitting this Second Joint Status Report. Plaintiff's Background Statement is provided below, followed by Paycor's Supplemental Background Statement.

**Plaintiff's Background Statement**

1.       Pursuant to the Court's directive requiring the Parties to submit a joint status report prior to filing any motion to compel, Plaintiff provides the following summary of the discovery issues currently in dispute. Fact discovery closed on February 12, 2026, (*see* Dkt. 220), and several matters remain unresolved.

1

2.      On February 12, 2026, Defendant submitted its own discovery report. (Dkt. 267).
Prior to that filing, counsel for the Parties had exchanged several drafts of a joint discovery report
that included Plaintiff's responses to Defendant's claimed "deficiencies" as well as additional
discovery issues raised by the Plaintiff.   (Ex. A).   On February 12, 2026, at 5:30pm CST,
Defendant's counsel provided a revised draft with further revisions and removal of all of Plaintiff's
discovery items, demanding that Plaintiff respond by 8:00pm CST, or else the report will be filed
as is. When Plaintiff indicated it did not have ample time to consider the revisions and did not
agree with Defendant's complete removal of their discovery items, Defendant unilaterally filed its
own report. (*Id.* at p. 1).

3.      Plaintiff's discovery items have been the subject of written Rule 37 correspondence
between counsel, as reflected in the cited exhibits, as well as two Rule 37 meet and confer calls:

a.  On February 9, 2026, via Microsoft Teams, attended by Brian Browne and
Rohan Mohanty for Paycor, and Ryan Stephan, Catherine M. Duffy, Justin
Caparco, Brendan Duffner, Joseph Dunklin, and Evan Myers for Plaintiff; and

b.  On February 26, 2026, via Microsoft Teams, attended by Ryan Stephan,
Catherine M. Duffy, and Brendan Duffner for Plaintiff and Melissa Siebert,
Corey Hickman, and Brian Browne for Defendant.

4.      During the February 5, 2026 deposition of Mike Shaker, Plaintiff learned for the
first time that: ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████  At
the deposition, Plaintiff's counsel raised preservation and spoliation concerns, particularly the
accuracy and completeness of the class list(s), to date, and renewed the concern by email on
February 6, 2026, and February 13, 2026. (Ex. B, Correspondence at pp. 4, 1). Moreover, on
February 6 and February 13, 2026, Plaintiff's counsel requested that Paycor produce all

correspondence related to efforts to preserve evidence, including ESI, in this case and all materials related to ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ The Parties discussed these concerns during their conference calls on February 9th and 26th.  In response, Paycor refused to respond to the crux of Plaintiff's inquiry; namely why it ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ Similarly, Paycor refused to produce any documents, asserting they are privileged, but refused to produce a privilege log. (*Id*. at p. 3).

5. During the depositions of Patrick McCoy on February 3, 2026 and Mike Shaker on February 5, 2026, Plaintiff also learned about other responsive documents and information documented on ███████████ platform (or earlier platform(s)), ████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████ At these depositions, Plaintiff's counsel asked why these materials had not been produced and requested their production. Plaintiff's counsel reiterated these requests during the Parties' conference call and again via e-mail on February 9, 2026.  (Ex. C).  Despite Plaintiff's repeated requests, Paycor has not responded.

6. During the deposition of Mike Shaker on February 5, 2026, Plaintiff learned about the exchange of communications, spreadsheets and documents related to the compilation of the class lists communicated to the Court, as well as David Goodwin's declarations, which have never been produced.  At the deposition, Plaintiff's counsel requested that these materials be produced

3

and reiterated these requests via e-mail on February 9, 2026 and during both of the Parties' Rule 37 calls. (<u>Ex. C</u>).  Despite Plaintiff's repeated requests, Paycor has not produced the requested materials.

7.      In addition, during the deposition of Robert Whitworth on February 12, 2026, Plaintiff learned about responsive documents and other information documented on Paycor's ██████████ that have not been produced. ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Paycor has produced nothing at all from the ██████████ in discovery and has refused to search it at all, despite multiple of the software updates' direct relevance to this case. These software updates relate to ████████████ ██████████████████████████ and are patently relevant to this case. The information contained on the ██████████ is also relevant to numerous document requests and interrogatories.

8.      Finally, on February 12, 2026 Paycor supplemented its Rule 26 disclosures and produced for the first time two new insurance policies. In those disclosures, Paycor's counsel included representations that CHUBB "has deemed the allegations in the subject Complaint to relate back to Claims that first were made during the ████ period of Policy No. ██████████ ██, effective September 30, 2017 to November 1, 2018 (the "Policy"), previously disclosed and produced as Johns-Paycor00000536-00000592."  Paycor also states that it subsequently obtained primary claims-made coverage via ACE American Insurance Company Policy No. ██████████ (the "Underlying Policy") and excess coverage via Greenwich Insurance Company Policy No. ██████████ effective from November 2, 2019 to November 2, 2020 (the "Excess Policy"), but that because the Underlying Policy is not providing coverage for this matter, the Excess Policy

is not implicated.  Thereafter, Plaintiff informed Paycor that the Underlying Policy and the Excess Policy should have been produced long ago pursuant to Rule 26(a)(1) (regardless of CHUBB's opinion on relation back) because the rule requires production of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action[.]" (emphasis added).  Plaintiff also requested that Paycor immediately produce any and all tenders, denials, agreements, emails, and any other correspondence related in any way to the three insurance policies disclosed in this case as well as any other policies that may apply.

<u>**Paycor's Supplemental Background Statement**</u>

1. Paycor restates and incorporates herein the Background Statement contained in its February 12, 2026 Status Report (Dkt. 276).

2. Paycor disputes Plaintiff's statements above. Paycor further objects that many of these allegations are contained in a redacted format in Dkt. 287 (Plaintiff Juan Barron's Supplement to Motion for Sanctions), and in redacted deposition transcripts, or deposition transcripts that have not yet been subject to review and redaction. The Parties have been ordered to meet and confer about the Mike Shaker-Badr deposition transcript redactions but have not yet done so. (Dkt. 294).

3. Paycor objects to Plaintiff raising in a Joint Discovery report any topics already raised by Plaintiff in Dkt. 287, and further objects to the inclusion of unreviewed/unredacted deposition testimony in this report or in any Motion to Compel.

<u>**Paycor's Position on Plaintiff's Interrogatory Responses:**</u>

1. Paycor restates and incorporates herein the relevant sections of its February 12, 2026 Status Report (Dkt. 276, pp. 4-7).  Paycor further notes that it included Plaintiff's Position in

5

its February 12, 2026 Written Discovery Report (Dkt. 276, at pp. 8-11), so they are not included again here.

2.　Based on the February 9 and 26, 2026 discovery conferences, and subsequent emails, the Parties are at an impasse regarding Plaintiff's Interrogatory Reponses. Consistent with Dkt. 280, Paycor intends to file a Motion to Compel with respect to Plaintiff's Interrogatory Responses.

**Paycor's Position on Plaintiff Juan Barron's Responses to Paycor's 2nd Requests for Production:**

1.　Paycor restates and incorporates herein the relevant sections of its February 12, 2026 Status Report (Dkt. 276, pp. 11-12).  Paycor further notes that it included Plaintiff's Position in the February 12, 2026 Status Report (Dkt. 276, at pp. 11-12), so they are not included here again.

2.　Based on the February 9 and 26, 2026 discovery conferences, and subsequent emails, the Parties are at an impasse regarding Paycor's Second Requests for Production. Moreover, Plaintiff's counsel has refused to even indicate whether all of the counsel of record have or are included in any such engagement agreements. Consistent with Dkt. 280, Paycor intends to file a Motion to Compel with respect to Paycor's Second Requests for Production.

**Paycor's Position on its Class Discovery:**

1.　Paycor restates and incorporates herein the relevant sections of its February 12, 2026 Status Report (Dkt. 276, pp. 11-12).  Paycor further notes that it included many of Plaintiff's Positions below in the February 12, 2026 Status Report (Dkt. 276, at pp. 11-12), making their repetition below unnecessary.

2.　Paycor has twice offered to conduct class discovery on a statistically valid sampling of the class, as its counsel has done in other class actions, both on January 8, prior to the time that

6

the discovery responses were due, and again at the February 26, 2026 discovery conference. Paycor also attempted to meet and confer prior to the February 6, 2026 deadline for class discovery responses, which Plaintiff's counsel declined to do prior to the response date.

3.    Paycor denies that its requests for class discovery are untimely.  Paycor served the requests on January 7, well within the timeframe for class discovery. Plaintiff's counsel immediately responded on January 8, demanding its immediate withdrawal, or "we [Plaintiff's counsel] would involve the Court." Paycor responded the same day, indicating that the discovery would not be withdrawn, and offered to meet and confer, including about potential sampling discovery from the class. As stated above, on several occasions, including on January 30, 2026 and February 2 and 4, 2026, Paycor offered again to meet and confer before the discovery responses were due.  Plaintiff never "involved the Court," and refused to meet and confer prior to the response date, instead submitting only Plaintiff Barron's objections to responding to discovery on February 6, 2026.

4.    Additionally on February 9, 2026, Paycor again raised limiting discovery to a statistically valid sampling of the class (e.g., 10% of the notice class), and indicated its willingness to agree to additional time for a sample of the class to respond to discovery.

4.    On February 26, 2026, Paycor again offered sampled discovery, and in response to concerns expressed by Plaintiff's counsel that the class had not yet been noticed, asked Plaintiff's counsel if they would agree to such class discovery following the issuance of class notice. That offer was also declined.

5.    Paycor disagrees with Plaintiff's positions below, and notes that this Court has never indicated class discovery was not permitted as part of fact discovery, nor held that motion practice was necessary to initiate class discovery. To the contrary, the Court has indicated that the

Parties should attempt to resolve discovery disputes amongst themselves, followed by motion practice. Paycor has attempted to do so but the Parties are at an impasse. Consistent with Dkt. 280, Paycor intends to file a Motion to Compel with respect to Paycor's class discovery.

6.      On March 5, 2026, Paycor produced the supplemental list of class member names and last known addresses related to facial timekeeping. Paycor further submits that references to class lists are not appropriately raised here, as Plaintiffs' Motion for Sanctions (Dkt. 265) is pending on this issue, and forecloses any motion to compel related to such lists.

**Plaintiff's Position on Paycor's Discovery Requests Issued to Absent Class Members:**

1.      On January 7, 2026, Paycor issued document requests and requests to admit fact on more than 30,000 absent class members. That is extraordinary and all but unprecedented on its face—particularly where class notice still has not been issued (meaning Defendant's discovery requests would be the first "notice" absent class members would receive about this case). Making matters worse, Paycor waited until 35 days before the close of fact discovery—nearly six years into this case and a year after the Class was certified—to do so. Paycor's class discovery is clearly untimely, as Paycor admits that even the 10% sample it has now proposed (which would require issuing ~3,400 sets of RFAs and RFPs given the currently understood class size) would necessitate a lengthy extension of the discovery schedule, and in turn would require extensions to the remaining case schedule (*i.e.*, dispositive motion deadlines and trial dates) which this Court has repeatedly reiterated will not be accepted. (*See* Dkt. 220 (parties may stipulate to modifications of the discovery deadlines without Court approval "so long as they do not interfere with the deadlines for completing all discovery, filing dispositive motions, or the Final Pretrial Conference or Trial."); Dkt. 221, Sep. 24, 2025 Hrg. Tr. at 6:18-20 ("I'm not really inclined to extend them again absent some really untoward behavior.")).

2.      On January 8, 2026, Plaintiff promptly requested that these requests be withdrawn, because they were issued without leave of Court, and absent Class members are not required to "submit to discovery as a matter of course." *Butch v. Alcoa USA Corp.*, 2023 WL 3484414, at *2 (N.D. Ill. May 16, 2023) (cleaned up). The burden therefore rests with Paycor to justify absent-class-member discovery and to show it is not being used "as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) (cleaned up).

3.      Paycor did not seek leave of Court before issuing this mass discovery to absent Class members. And it has not identified any genuine need for it. Virtually all the information Paycor seeks it can obtain from its own records or in third-party discovery. For example, Paycor seeks from each absent Class member any and all "Employer Consents" s/he signed for use of a Perform Time clock and documents showing "the name of Your Employer".  With respect to employer consents (which is information that employers retain, not individual Class members), Paycor already obtained this information directly from its customers. (Dkt. 117 ¶¶ 3-5 ("Paycor needs additional time to gather information from its customers about their collection of written consent from their employees who used the timekeeping devices to determine whether that consent included Paycor"); Dkt. 151 at Group Exhibit A). And for years, Paycor has attempted to avoid producing the customer names that it now asks Class members to provide, claiming that identification of its customers would lead to harassment of those entities. (Dkt. 121 ¶¶ 1-2; 189 12:12-18). Simply put, in an attempt to shrink the Class, Paycor seeks redundant discovery that it has already obtained or has access to, and which it has resisted producing itself.

4.      Moreover, class notice has yet to be issued, meaning that absent class members would receive discovery requests before they even receive notice that they are part of a class action.

That predictably risks confusion and deterrence, especially where requests for admission are purportedly binding absent a timely response and require an attorney's assistance. In context, this is a transparent attempt to chill participation and shrink the Class.

5.      On November 21, 2025, Paycor provided yet another Class list, containing nearly 30,000 names and mailing addresses. However, Paycor only agreed to provide this updated Class list if Plaintiff's counsel agreed they would not contact any class member before the Court ruled on its pending Motion to Alter/Amend the Class Definition and Plaintiff's pending Motion to Issue Notice. Now, Paycor seeks discovery responses from these individuals prior to them receiving notice.

6.      Additionally, and as set forth *supra* and in Plaintiff's pending Motion for Sanctions (Dkt. 265), there are serious concerns with the accuracy and completeness of Paycor's Class lists, ███████████████████████████████████████████████████ ██████████ .

7.      In any event, on February 6, 2026, Class Representative Juan Barron served responses to Paycor's discovery requests directed to absent Class members and advised Paycor that absent class members are not required to participate in discovery absent a court order.

8.      During the Parties' February 9, 2026 conference, Paycor's counsel had no explanation for why it had waited until a month before the fact discovery deadline to issue these requests, why it had not sought leave of Court, or how Plaintiff's counsel could possibly obtain discovery responses from 30,000+ absent Class members prior to issuing notice, and only suggested that Plaintiff should have conferred with them immediately after the requests were issued to discuss a "sampling of 10%" and an extension of time to respond.

9.      On February 16, 2026, the Court granted in part and denied in part Defendant's Motion to Alter or Amend the Class Definition. (*See* Dkt. No. 277). Later that same day, Plaintiff's counsel sent Paycor an email requesting that Paycor provide a supplemental and complete list of Class member names and last known addresses consistent with the Court Order and to also include facial templates.

10.      On March 5, 2026, Paycor produced a supplemental list containing 4,250 class member names and last known addresses.

**Plaintiff's Position on** ████████████████████████████████████
████████████████████████████████████**:**

1.      During the February 5, 2026 deposition of Paycor engineer, Mike Shaker, Plaintiff learned that, notwithstanding this lawsuit (filed in January 2020) as well as others filed against Paycor well before that time, █████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████.

2.      As a result of Paycor's ongoing spoliation, it appears we may be unable to identify everyone who enrolled a biometric template on Paycor's Perform Time System ████████

████████████████████████████████████

████████████████

3.      Additionally, Paycor has implemented this ████████████████████

████████████████████████████████████

████████████████████

4.      During the deposition and in follow-up e-mails on February 6 and February 13, 2026, Plaintiff renewed his Rule 37 request for any and all documents related to litigation holds

11

and evidence preservation, including ESI, in this case. Plaintiff also renewed his Rule 37 request for all materials related to ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ In response, Paycor refused to respond to the crux of Plaintiff's inquiry; ██████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████. Similarly, Paycor refused to produce any documents, asserting they are privileged, but refused to produce a privilege log.

5.       During the Parties' second conference call on February 26, 2026, Paycor's counsel requested specific discovery requests relative to these outstanding materials, which Plaintiff's counsel provided that same day via e-mail: Plaintiff's Interrogatory Nos. 14-16 and Requests for Production Nos. 12 and 25. To date, and despite having identified these deficiencies over a month ago, Paycor has not provided any substantive response as to whether it will search for and produce these materials. Accordingly, Plaintiff believes this issue has reached impasse.

       **Paycor's Position on** ████████████████

1.       Paycor disputes Plaintiff's statements above. Paycor further objects that many of these allegations are contained in a redacted format in Dkt. 287 (Plaintiff Juan Barron's Supplement to Motion for Sanctions), and in redacted deposition transcripts, or deposition transcripts that have not yet been subject to review and redaction.  The Parties have been ordered to meet and confer about Mike Shaker deposition redactions but have not yet done so. (Dkt. 294).

12

2.      Paycor objects to Plaintiff raising in a Joint Discovery report any topics already raised by Plaintiff in Dkt. 287, and further objects to the inclusion of unreviewed/unredacted deposition testimony in this report or in any Motion to Compel.

3.      Paycor responded to these allegations in its Response to Plaintiff's Supplement to Motion for Sanctions, which was filed under seal on March 6, 2026.  It is inappropriate for Plaintiff's counsel to include additional argument here, all of which Paycor has contested.

**Plaintiff's Position on Defendant's Outstanding Documents Relative to its Perform Time System:**

1.      During the depositions of Patrick McCoy on February 3, 2026 and Mike Shaker on February 5, 2026, several responsive documents and other information were identified and testified

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

2.      However, none of this material has been produced, despite being responsive to the following requests: Plaintiff's Requests for Production Nos. 2-3, 5, 8, 12, 20, 22, 25; Interrogatory Nos. 4, 7, 9-10, 13-16, 23; Second Set of Requests for Production Nos. 1-2, 4-5. During the deposition and in a follow-up e-mail on February 9, 2026, Plaintiff renewed his Rule 37 request for these materials.

3.      Moreover, during the deposition of Robert Whitworth on February 12, 2026, responsive documents and other information were identified and testified about as existing and documented on Paycor's ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

13

███████████████████████████████ Paycor has produced nothing at all from ██████ ████ in discovery and does not appear to have searched it at all, despite multiple of the software updates' direct relevance to this case. These software updates relate to biometrics, biometric consent, and deletion of biometric templates and are patently relevant to this case. The information contained on ███████████ is also relevant to numerous document requests and interrogatories.

4.      However, none of this material has been produced. During the deposition and in a follow-up e-mail on February 23, 2026, Plaintiff renewed his Rule 37 request for these materials. In response, Paycor has stated it will not search for or produce any ████ materials because they have already been produced from Paycor's ██████████████████. However, Paycor's witnesses have testified that ██████████████████████████████████

████████████████████████████████████████████

████████████████████████████ Nonetheless, Paycor has confirmed impasse on this issue.

**Paycor's Position**

1.      As an initial matter, Paycor objects to allowing any motion to compel to be filed on any issue where Plaintiff failed to identify an applicable discovery request to which it claims

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████ Additionally, Plaintiff has already filed a motion to compel regarding ████████████████████████, which never existed, and cannot file a duplicative motion on this topic, which is fully briefed. (Dkt. 247; 261).

14

2.	Paycor further submits that references to ████████████████████ ████████ are not appropriately raised here, as Plaintiffs' Motion for Sanctions (Dkt. 287) is pending on this issue, and forecloses any motion to compel related to such.

3.	On March 4, 2026, Paycor responded to Plaintiff explaining why the ████ documents are not responsive, are overly burdensome to search and produce, and are duplicative of discovery already provided to Plaintiffs.  Because that email contains references to a deposition that has not yet been reviewed and redacted, Paycor does not attach that email here.

4.	Paycor objects to the inclusion of unreviewed/unredacted deposition testimony in this report or in any Motion to Compel.

5.	Paycor already responded to some of these allegations in its Response to Plaintiff's Supplement to Motion for Sanctions, which was filed under seal on March 6, 2026. It is inappropriate for Plaintiff's counsel to include additional argument here, all of which Paycor has contested.

**<u>Plaintiff's Position on Defendant's Outstanding Documents Relative to Compilation of the Class Lists and David Goodwin's Declarations:</u>**

1.	During his deposition on February 5, 2026, Mike Shaker testified about numerous documents, emails, and spreadsheets that were exchanged about Paycor's compilation of the Class List(s) and relative to David Goodwin's declarations (*i.e.*, Dkt. 186-1).  However, none of this material has been produced. During the deposition and in a follow-up e-mail on February 9, 2026, Plaintiff requested that Paycor produce all communications, spreadsheets, and documents related to the compilation of the class lists that were communicated to this Court.

2.	During the Parties' February 26, 2026 conference call, Paycor's counsel stated that the updated class list was not yet completed, despite prior representations that it would be produced by February 26, 2026. (<u>Ex. E</u>). Paycor's counsel also could not provide any information about the

class list compilation efforts, other than to say parameters were being run to ensure "accuracy." Though amenable to providing the search parameters for the forthcoming updated class list, Paycor's counsel refused to confirm whether Paycor had conducted any prior class list search efforts that would include all class members whose face scan templates were collected by Paycor, citing that those efforts (but not most recent efforts) as privileged work product. During the call, Paycor represented that the class list and search parameters invoked for compiling it would be provided within the next week.

3.      On March 5, 2026, Paycor produced a supplemental list containing 4,250 class member names and last known addresses, purportedly reflecting (though unconfirmed) those class members whose face geometry was scanned for timekeeping. However, to date, Paycor has not provided any information and materials relative to any class list compilation efforts.

### Paycor's Position

1.      As an initial matter, Paycor objects to allowing any motion to compel to be filed on any issue above where Plaintiff failed to identify a pre-existing discovery request to which it claims Paycor has not been responsive.

2.      Paycor has complied with the Court's Orders regarding production of class notice lists. It is not obligated to provide further discovery or explanation at this time.  Plaintiff has also had ample opportunity to question witnesses about the class lists and how they were prepared.

3.      Paycor objects to producing the above documents, which constitute attorney work-product/attorney-client communications post-litigation, and which do not have to be included on a privilege log. Paycor further objects to Plaintiff seeking to compel any of the above documents, which were not the subject of a discovery request, nor has Plaintiff identified any discovery request.

16

4.      Paycor objects to Plaintiff raising in this Joint Discovery Report any topics already raised by Plaintiff in its Supplement to Motion for Sanctions (Dkt. 287), and further objects to the inclusion of unreviewed deposition testimony in this report or in any Motion to Compel.

5.      Paycor responded to these allegations its Response to Plaintiff's Supplement to Motion for Sanctions, which was filed under seal on March 6, 2026. It is inappropriate for Plaintiff's counsel to include additional argument here, all of which Paycor has contested.

**Plaintiff's Position on the Insurance Policies Produced by Paycor for the First Time on February 12, 2026.**

1.      On the evening of the fact discovery deadline in this six-year-old case, Paycor produced its Fifth Supplemental Rule 26 disclosures and produced for the first time two new insurance policies. In those disclosures, Paycor included representations that CHUBB "has deemed the allegations in the subject Complaint to relate back to Claims that first were made during the policy period of Policy No. ████████████ effective September 30, 2017 to November 1, 2018 (the "Policy"), previously disclosed and produced as Johns-Paycor00000536-00000592." Paycor also stated that it subsequently obtained primary claims-made coverage via ACE American Insurance Company Policy No. ██████ (the "Underlying Policy") and excess coverage via Greenwich Insurance Company Policy No. ████████ effective from November 2, 2019 to November 2, 2020 (the "Excess Policy"), but that because the Underlying Policy is not providing coverage for this matter, the Excess Policy is not implicated.

2.      Plaintiff believes the Underlying Policy and the Excess Policy should have been produced long ago pursuant to Rule 26(a)(1)—regardless of CHUBB's opinion on relation back—because the rule requires production of "<u>any</u> insurance agreement under which an insurance business <u>may</u> be liable to satisfy all or part of a possible judgment in the action[.]" (emphasis added). Not only is Paycor's production untimely, but it appears the delay may not be an isolated

issue. *See e.g., Jok v. Safelite*, Case No. 20-2-08257-6, Order (Mar. 14, 2025) (imposing $1M sanction against Cozen O'Connor for late disclosure of an applicable ACE American Insurance Company (CHUBB) insurance policy).

3.      In order to evaluate whether the two late-disclosed policies may apply, Plaintiff requested that Paycor immediately produce any and all tenders, denials, agreements, emails, and any other correspondence (*i.e.,* any text messages or other correspondence between Paycor and/or its agents and ACE American Insurance, CHUBB and/or its agents) related in any way to the three insurance policies disclosed in this case as well as any other policies that may apply. (Ex. F). Given the fact that Paycor has relayed CHUBB's position as to the applicability of the newly identified insurance agreements, it is clear that the information sought exists in some form.

4.      During the Parties' February 26, 2026 conference call, Paycor's counsel indicated there were additional materials and correspondence with Chubb related to coverage in this matter, that were not yet reviewed (despite this case being six years old) and that they would respond with Paycor's position on producing them.  Paycor's counsel also would not provide the basis for the representation in said disclosures that Chubb has deemed the allegations in the Complaint to relate back to claims that first were made during the policy period of Policy No. ███████████ , effective September 30, 2017 to November 1, 2018.

5.      To date, Paycor has not provided any additional materials related to its late-disclosed insurance policies.

**Paycor's Position**

1.      Paycor has produced copies of its insurance policies. That is all Rule 26 requires. Rule 26 states that a party must produce any "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

18

reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Federal courts have uniformly held that documents beyond the insurance policy are not discoverable under Rule 26(a)(1). *See Jump v. Montgomery Cnty.,* No. 13-cv-3084, 2015 U.S. Dist. LEXIS 97176, at *5 (C.D. Ill. July 27, 2015); *Native Am. Arts, Inc. v. Bundy-Howard, Inc.*, No. 01 C 1618, 2003 U.S. Dist. LEXIS 4393, at *6-7 (N.D. Ill. March 20, 2003); *Excelsior College v. Frye,* 233 F.R.D. 583, 585-86 (S.D. Cal. 2006) *Sea Salt, LLC v. Bellerose,* No. 18-cv-413, 2020 U.S. Dist. LEXIS 154147, at *5 (D. Me. Aug. 25, 2020).

2.  Any reservation of rights or other correspondence between Paycor and its insurer(s) is also protected by the attorney client privilege, the common interest privilege, and the work product doctrine pursuant to Fed. R. Civ. P. 26(b)(3), and therefore not discoverable.  In Illinois, communications between an insured party and its liability insurer with a duty to defend, as in this case, are privileged.  *See Artisan & Truckers Cas. Co. v. A&K Rentals, LLC*. No. 17 CV 27 JPG/RJD, 2017 U.S. Dist. LEXIS 180287, at *2-3 (S.D. Ill. Oct. 31, 2017).

### Paycor's Summary Statement Regarding *Ad Hominem* Attacks

1.  Paycor has advised counsel it does not agree to the recitation of potentially defamatory, untrue and speculative statements constituting *ad hominem* attacks in this Joint Discovery Report, particularly potentially defamatory statements regarding matters unrelated to the instant proceedings, that are not subject to any litigation privilege. *Kurczaba v. Pollock*, 742 N.E.2d 425, 438 (Ill. App. Ct. 2000).  Paycor requested in a meet and confer on March 11, 2026 that the statement and unrelated case reference in Paragraph 2, p. 17 be deleted as they are inaccurate, speculative, serve no purpose, and have no place in a Joint Discovery Report, and contravenes this Court's expectations of the Parties to this lawsuit. Paycor reserves the right to seek all available remedies and file any relevant motions, based on the inclusion of this statement.

Date:   March 12, 2026                    Respectfully Submitted,


By: */s/ Melissa A. Siebert*
Melissa A. Siebert (msiebert@cozen.com)
Corey T. Hickman (chickman@cozen.com)
Amy Doig (adoig@cozen.com)
COZEN O'CONNOR
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
(312) 474-7900

Brian Browne (bbrowne@cozen.com)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 304-1458

Max Kaplan (mkaplan@cozen.com)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4682

***Counsel for Defendant Paycor, Inc.***


By: */s/ Catherine Mitchell Duffy*
Ryan F. Stephan (rstephan@stephanzouras.com)
James B. Zouras (jzouras@stephanzouras.com)
Catherine Mitchell Duffy
(cmitchell@stephanzouras.com)
Justin Caparco (jcaparco@stephanzouras.com)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*

Brandon M. Wise (bwise@peifferwolf.com)
Domenica Russo (drusso@peifferwolf.com)
**PEIFFER WOLF CARR KANE CONWAY & WISE LLP**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
314-833-4825

20

Myles McGuire (mmcguire@mgcpc.com)
Evan Meyers (emeyers@mgcpc.com)
Brendan Duffner (bduffner@mcgpc.com)
Joseph Dunklin (jdunklin@mcgpc.com)
**McGuire Law, PC**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
(312) 893-7002

***Counsel for Plaintiff and the
Certified Class***

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk via the Court's CM/ECF system, which will notify all counsel of record.

/s/ Catherine Mitchell Duffy