**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JUAN BARRON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAYCOR, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:20-cv-264-DWD<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for Court Approval of a Class Notice and Notice Plan. (Doc. 181). Defendant filed a Response in Opposition to, and Plaintiff filed a Reply in Support of, that Motion. (Sealed Doc. 186; Docs. 187 & 194). For the reasons explained below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

On February 16, 2026, the Court altered and amended the definition of the previously certified class to include the following:

> All individuals working in the State of Illinois who had their fingerprints or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period.

(Doc. 277, generally).

Under Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiff requests an order for the following: (1) Defendant to compile and produce, within 7 days, a class list that

1

contains the full names, most recent mailing addresses, and email addresses, if available,

of potential class members; and (2) approves a class notice and notice plan. (Doc. 181).[1]

---

[1]The Court notes, as to the compilation and production of a class list, that issue may have been resolved by the efforts of the Court and parties. On August 14, 2025, the Court entered the following Order:

> ORDER. Consistent with its reasoning at the Status Conference held on August 13, 2025, the Court directs Defendant to produce to Plaintiffs, within 10 days of this date, two lists containing the names and addresses of potential class members in this action. More specifically, as discussed at that Status Conference, Defendant shall produce to Plaintiffs: (1) a list containing the names and addresses of the approximately 2,968 potential class members identified by Defendant; and (2) a list containing the names and addresses of the approximately 15,168 potential class members that are reflected in an Excel spreadsheet and related to the deposition of Mr. Mitri Dahdaly. The Court emphasizes, as it did on the record at the Status Conference, that the production of these lists, without further delay or unilateral narrowing by Defendant, will help to facilitate notice to all potential class members. Decisions regarding actual class members will be made at a later date.

(Doc. 210) (Emphasis in original omitted).

After Defendant filed a Notice of Withdrawal of Argument in Briefs on Pending Motions, including the Motion addressed in this Memorandum & Order, the Court entered an Order that, in part, stated:

> As a substantive matter, Plaintiff Barron's Motion for Court Approval of Class Notice and Notice Plan and Defendant's Motion to Alter/Amend the Class Definition are currently pending on the docket. (Docs. 181 & 188). In its instant filings, however, Defendant notifies the Court that it is withdrawing an argument made in relation to those two pending Motions, namely, the argument that the class notice should be limited to only 2,968 individuals rather than approximately 16,546 individuals. (Sealed Doc. 212; Doc. 213). Defendant indicates "additional information recently came to light that impacts th[at] argument." (Sealed Doc. 212, pg. 1; Doc. 213, pg. 1). Defendant also requests to file a Second Supplemental Declaration of David Goodwin, under seal, to "explain in detail a miscommunication about the databases and datasets Paycor used to generate a list of 2,986 unique employee IDS." (Doc. 211, pg. 1). Put another way, Defendant seeks to "more fully explain[] the dataset" resulting in the withdrawal of its argument. (Sealed Docs. 212 & 212-1; Doc. 213). For good cause shown, that request, which is contained in the Motion for Leave to File Under Seal (Doc. 211), is **GRANTED**.

(Doc. 215).

Therefore, it does not appear to be necessary to direct Defendant to tender a class list to Plaintiff. Defendant tendered class lists to Plaintiff, and it believes its efforts were accurate and sufficient. *See*, *e.g.*, (Sealed Doc. 296, pg. 3) (Defendant, in its Sealed Response to Plaintiff's Supplement to Motion for Sanctions, stating: "Following the recent denial of Paycor's Motion to Alter or Amend the Class Definition (Doc. 277), Paycor voluntarily provided a supplemental class list capturing every Illinois worker who may have created a face template. Paycor has provided the broadest notice class possible.") (Emphasis in original omitted). Issues related to the accuracy or sufficiency of the class list, which appear to persist, can

As a matter of policy, district courts "commonly evaluate claims processes to ensure they are fair and reasonable and that they are not so burdensome as to discourage class members from submitting claims." *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 499 (N.D. Ill. 2015). To that end, Rule 23(c)(2)(B) provides as follows:

> For any class certified under Rule 23(b)(3)…the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

"What comprises the best notice possible depends on various elements, including the size of the class, whether the class members can be easily identified, and the

---

be addressed in discovery practice and/or pursuant to Plaintiff's request for sanctions. However, the relief presently requested by Plaintiff is granted, in full, in case Defendant's class list did not include the full names, most recent mailing addresses, *and* email addresses, *if available*, of all potential class members. *See Yates v. Checkers Drive-In Rests., Inc.*, No. 17-cv-9219, 2020 WL 6447196, *3 (N.D. Ill. Nov. 3, 2020) ("Email and text messages are both electronic forms of communication which are common and can be effective.").

probability notice will reach the intended audience." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 595 (N.D. Ill. 2011). However, "compliance with the notice requirements of F.R.C.P. 23(c)(2) satisfies due process because 'the adoption of the rule is itself a prima facie judgment that procedures consonant with its language are constitutional.'" *Mangone v. First USA Bank,* 206 F.R.D. 222, 232 (S.D. Ill. 2001) (citing 2 Newberg on Class Actions, § 8.04 (3d ed. 1992)). And, importantly, the Court "has nearly complete discretion to determine the form and content of notice to class members." *Kaufman v. Am. Exp. Travel Related Servs.*, Inc., 283 F.R.D. 404, 406 (N.D. Ill. 2012) (citing *Mangone,* 206 F.R.D. at 231; *Reynolds v. Nat'l Football League,* 584 F.2d 280, 285 (8th Cir. 1978); *Handschu v. Special Servs. Div.,* 787 F.2d 828, 833 (2d Cir. 1986); 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1797.6 (3d ed. 2012)).

In this case, Plaintiff proposes direct notice by both First-Class U.S. mail and email. (Doc. 181, pg. 3) (citing Fed. R. Civ. P. 23(c)(2)(B), 2018 Advisory Committee Note, for the following proposition: "Although it may sometimes be true that electronic methods of notice, for example email, are the most promising, it is important to keep in mind that a significant portion of class members in certain cases may have limited or no access to email or the Internet."). Plaintiff also proposes the publication of notice through a case-specific website, "paycorbipaclassaction.com (or similar URL should this web address not be available)," and a specific 45-day opt out period. (Docs. 181, pgs. 3-4; 181-1, pg. 2).

Further, Plaintiff "retained a reputable administration firm," Simpluris Inc., to administer the Notice, which will be posted in English and Spanish on the case-specific website along with all other important documents and deadlines. (Doc. 181, pg. 4).

Plaintiff, who anticipates commencing notice within 21 days of receiving Defendant's complete class list, summarizes the administration plan in the following manner:

    a. The Notice Administrator will email and mail the Notice via First Class U.S. Mail to all class members. For emailed notice, the Notice Administrator will utilize best practices to increase deliverability and avoid spam and junk filters, such as avoiding attachments and not using certain words that are typically associated with junk email. The Notice Administrator will also track the deliverability of all emails sent and will provide additional statistics on opens, click-throughs, and other relevant metrics, as needed.

    b. Before mailing notice, the Notice Administrator will run the class member addresses through the United States Postal Service National Change of Address database. Notices that are returned undeliverable as addressed with forwarding addresses provided by USPS will be processed, updated in a case-specific database, and re-mailed. For Notices returned by USPS without any forwarding addresses, the Notice Administrator will attempt to obtain updated addresses for the addressees concerned using proprietary database resources and/or SSNs and, in instances where updated addresses are found, re-mail the Notice.

    c. The Notice Administrator will process all correspondence received, including exclusion requests.

(Doc. 181, pg. 4).

Defendant opposes Plaintiff's Motion on various grounds. However, due to the progression of the case since the filing of the Motion and Response, only one ground remains at issue.[2] Defendant argues "the Notice…is deficient in several respects and

---

[2]Many of the "numerous [outstanding] legal issues related to the class definition," identified by Defendant's Response, have been resolved. (Doc. 187, pg. 2). The Court rejected Defendant's claim that certain issues are not defenses but, instead, relate to "whether class members can even state claims." (Doc. 187, pgs. 2, 4-11, 13). Also, as noted in footnote 1, Defendant has withdrawn an argument and already compiled and produced class lists pursuant to the Court's Orders. Therefore, concerns about overinclusion, time constraints, or a direct production to class counsel are nonfactors at this juncture in the case. (Doc. 187, generally). Finally, Defendant's appeal under Rule 23(f) was resolved by the Seventh Circuit, and this Court resolved its Motion to Alter or Amend Class Definition. (Docs. 187, pgs. 2, 4, 11-13; 188; 202; 277).

cannot be approved and sent to class members as drafted." (Doc. 187, pg. 4). Defendant proposes to more fully state its defenses and the current procedural posture of the case, to correct or eliminate statements regarding attorney fees and damages, and to properly direct questions and exclusions to the Notice Administrator. (Docs. 187, pg. 14; 187-1).

Here, notice via First-Class U.S. mail, email if possible, and publication on a case-specific website, while utilizing Defendant's class lists, clearly comports with the manner-of-notice requirements in Rule 23(c)(2)(B). *See* Fed. R. Civ. P. 23(c)(2)(B). As to content, the Court also finds the proposed Notice complies with the above legal principles and is appropriate at this time, notwithstanding Defendant's arguments regarding the claims and defenses and procedural posture of the case, fees and damages, and communications with Class Counsel versus the Notice Administrator. *See id.*; *see also T.K. Through Leshore v. Bytedance Tech. Co., Ltd.*, No. 19-cv-7915, 2022 WL 888943, *8-9 (N.D. Ill. March 25, 2022) (discussing the award of attorney fees and costs under Rule 23 as well as the proper content of a fee notice); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) ("Unlike named parties, 'a class-action plaintiff is not required to fend for himself. The court and named plaintiffs protect his interests.' Indeed, 'an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.' ") (quoting *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 809-810 (1985)); *E.E.O.C. v. Mitsubishi Motor Mfg. of Am., Inc.*, 102 F.3d 869 (7th Cir. 1996) (Seventh Circuit, while likening the case to a class action under Rule 23(b)(3), discussing the "right" of the parties to communicate with

"class members"). In its "nearly complete discretion to determine…[the] content of notice," however, the Court rules as follows on Defendant's proposed revisions:

1.    The Court **ALLOWS** the following two paragraphs, which Plaintiff agrees should be included, to be moved to Defendant's proposed position at the top of the Notice:

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

**PLEASE DO NOT CALL OR WRITE THE JUDGE ASSIGNED TO THIS MATTER. THE JUDGE CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

2.    The Court **ALLOWS** Defendant's proposed revisions to the section entitled "1. Why did I get this Notice?" That section shall read:

1. Why did I get this Notice?

This Notice is being sent to you because a Court recently certified a class action in a lawsuit pending against Paycor and you may be a class member. This Notice is being sent to tell you about the lawsuit and how it may affect you. The Notice also explains what to do if you want to exclude yourself from the lawsuit, and how being a class member could affect your legal rights and obligations.

3.    As to the section entitled "2. What is this lawsuit about?", the Court **ALLOWS** certain of Defendant's proposed revisions and **REJECTS** certain of its proposed revisions. That section shall read:

2. What is this lawsuit about?

Named Plaintiff Juan Barron ("Plaintiff") has a class action lawsuit pending against Paycor under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/et seq., alleging that Paycor captured, collected, received, or otherwise obtained your fingerprints or other biometric data when you used a Perform Time timekeeping system while working in Illinois, but did so without

first providing you with legally-required written disclosures and obtaining your informed written consent. Under BIPA, Plaintiff can seek statutory damages of $1,000 per negligent violation, or $5,000 per intentional violation. Paycor asserts numerous defenses and denies all of the allegations that it is liable for violating BIPA.

4. The Court **REJECTS** Defendant's proposed revisions to the section entitled "3. How will this lawsuit affect me?" However, in light of the altered and amended class definition, as well as the above rulings, that section shall read:

3. How will this lawsuit affect me?

The Court has given Plaintiff permission to represent the following class of workers:

All individuals working in the State of Illinois who had their fingerprints or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system at any time since January 29, 2015.

If Plaintiff wins the lawsuit, the class may share in damages awarded to Plaintiff and other class members. If the lawsuit is not successful, participants who are in the class may be prevented in the future from bringing their own lawsuit against Defendant. Thus, if you remain a member of the above-referenced class, you will be bound by the judgment whether favorable or unfavorable to Plaintiff.

5. The Court **REJECTS** Defendant's proposed revisions to the section entitled "6. Has the Court ruled on the Plaintiffs' claims?" However, since Kellin Johns is no longer a Plaintiff, that section shall read:

6. Has the Court ruled on Plaintiff's claims?

No. The Court has not yet ruled on Plaintiff's claims. The fact that this Notice is being mailed to you does not mean that the Court has decided whether any of Defendant's Perform Time users are owed any damages, or whether Defendant violated BIPA.

6. The Court **REJECTS** Defendant's proposed revisions to the section entitled "7. If I wish to remain in the lawsuit, how will I continue to receive further Notices?"

7.    The Court **REJECTS** Defendant's proposed revisions to the section entitled "8. Who are the attorneys representing the Plaintiffs and class and how will they be paid?" However, since Kellin Johns is no longer a Plaintiff, that section shall read:

8. Who are the attorneys representing Plaintiff and the class and how will they be paid?

The attorneys for Plaintiff and the class are:

STEPHAN ZOURAS, LLC
Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
Justin Caparco
222 W Adams Street, Suite 2020
Chicago, Illinois 60606
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
Email: lawyers@stephanzouras.com
www.stephanzouras.com

PEIFFER WOLF CARR
KANE CONWAY & WISE LLP
Brandon M. Wise
One U.S. Bank Plaza, Suite 1950
St. Louis, MO 63101
Telephone: (314) 833-4825
bwise@peifferwolf.com

The attorneys for Plaintiff may be entitled to receive a payment of attorneys' fees and costs in this lawsuit from the Defendant if there is a recovery or judgment in Plaintiff's favor. Whether or not there is a recovery or judgment in Plaintiff's favor, you will not be responsible for any attorneys' fees. Any payment of attorneys' fees by Defendant to Plaintiff's counsel may be subject to prior Court approval. By remaining in this lawsuit, you designate Plaintiff Juan Barron as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you do not file an Election to be Excluded Form.

8.    The Court **REJECTS** Defendant's proposed revisions, not already addressed above, to the section entitled "9. How can I obtain more information about this lawsuit?" However, since Kellin Johns is no longer a Plaintiff, that section shall read:

9. How can I obtain more information about this lawsuit?

9

The pleadings and other records of this litigation may be examined and copied any time during the regular office hours in the office of the Clerk at the following address:

United States District Court for the Southern District of Illinois
750 Missouri Ave, East St. Louis, IL 62201

This Notice (in English and Spanish) is posted on the website for this case: www.paycorbipaclassaction.com. Other important case-related documents and case-related updates will be posted on the website as well. Additionally, if you have questions about this case or need help understanding this Notice, you may contact the lawyers representing Plaintiff who brought this lawsuit. You may reach those lawyers by calling 312-233-1550 or by sending an email to Stephan Zouras, LLC at lawyers@stephanzouras.com.

*See Kaufman*, 283 F.R.D. at 406; *Compare* (Doc. 181-1, pgs. 2-3), *with* (Doc. 187-6, pgs. 2-3).[3] [4]

Consistent with the foregoing, Plaintiff's Motion for Court Approval of a Class Notice and Notice Plan (Doc. 181) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED.**

Dated: March 18, 2026

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge

---

[3]Plaintiff's Motion is denied only to the extent that the Court allows certain revisions of Defendant.
[4]Since filing the Motion and Response, the parties have not submitted other proposed revisions.