## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN BARRON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:20-cv-264-DWD |
| PAYCOR, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Paycor employs Federal Rule of Civil Procedure Rule 36 in an attempt to compel Plaintiff to answer its Request to Admit No. 16 that Plaintiff is not seeking "per scan" damages under the Illinois Biometric Information Act, 740 ILCS 14/1. ("BIPA") (Doc. 250, P. 1) Rather than just admit or deny, Plaintiff objected to the request for admission:

> 16. Admit that You, Juan Barron, are not seeking per-scan damages, as stated in your attorneys' letter dated July 28, 2025.
>
> **ANSWER: Plaintiff objects to this Request on the grounds that it calls for a legal conclusion regarding the nature and measure of damages available under the Biometric Information Privacy Act, which is a matter of law for the Court to determine. Subject to and without waiving this objection, Plaintiff denies this request and states that the characterization of damages sought will be determined in accordance with applicable law and the evidence developed in this case.**

(*See* Doc. 250-2)

1

FRCP 36 provides in part:

(1) *Scope*. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and
(B) the genuineness of any described documents.

Rule 36. Requests for Admission, FRCP Rule 36

Requests for admission serve to reduce the areas of contention and contest and promote discovery of facts not in dispute. Put another way, Rule 36 is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). In fact, the proponent of a request for admission may seek a court's assistance in compelling an objecting party's answer under Rule 36(a)(6):

(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Rule 36. Requests for Admission, FRCP Rule 36

Paycor claims that it propounded request No. 16 to narrow issues for trial and to assess its exposure under BIPA but, more specifically to learn whether Plaintiff is seeking "per scan" damages. (Doc. 250, p. 4) Certainly, gathering admissions and denials to assess a litigant's exposure is among the noble purposes of the Rule. Central to Paycor's

2

concerns at the time of the filing of the instant motion was whether "per scan" damages could be recovered under BIPA.

On the issue of damages, BIPA provides that:

Any person aggrieved by a violation of this Act shall have a right of action . . . . A prevailing party may recover for each violation: (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or] (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;

740 ILCS 14/20(a).

Obviously significant to Paycor was that, in 2023, the Illinois Supreme Court interpreted BIPA to mean "that a separate claim accrues under [BIPA] each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d). *Cothron v. White Castle System, Inc.*, 216 N.E.3d 918, 920, 466 Ill.Dec. 85, 87, 2023 IL 128004, ¶ 1 (Ill., 2023). The concern would naturally be that the *Cothram* decision "authorized exorbitant damages awards threatening financial ruin for some businesses, this court has raised constitutional due process concerns threatening the Act's validity. *Id* at 940, (J. Overstreet, dissenting). [1] But the majority in the decision also recognized that its interpretation might well lead to excessive damage awards. So, it

---

[1] In his dissent, Justice Overstreet observed, somewhat prophetically as it turns out, that "[i]mposing punitive, crippling liability on businesses could not have been a goal of the Act, nor did the legislature intend to impose damages wildly exceeding any remotely reasonable estimate of harm. Rather, the legislature recognizes that the use of biometrics is an emerging area whose ramifications are not completely known and that it is in the public interest to regulate the "collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5 (West 2018). Indeed, the statute's provision of liquidated damages of between $1000 and $5000 is itself evidence that the legislature did not intend to impose ruinous liability on businesses." *Cothron* at 934,

invited the Illinois Legislature to "review these policy concerns and make clear its intent regarding the assessment of damages under the Act." *Id* at 929. The Illinois Legislature accepted the invitation and passed an amendment, made effective upon the Governor's signature, on August 2, 2024. *See* Pub. Act. 103-0769, 2024 Ill. Laws 6788-89 (2024). This Amendment added two clauses to Section 20. The first provides that any entity that collects biometric information "in more than one instance ... from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section." 740 ILCS 14/20(b). The second adds the same operative language for violations of Section 15(d). Id. at 14/20(c). See *Clay v. Union Pacific Railroad Company*, 171 F.4th 975, 978 (C.A.7 (Ill.), 2026). Thus, at least for claims filed after the effective date of the Amendment, "per scan" damages were no longer available.   However, there was no express retroactivity clause included in the Amendment.

Of course, this case was filed in 2020, and the question at the time of the service of request No. 16, Plaintiff's response and objection, and the resulting instant motion, is whether the 2024 Amendment to BIPA applied retroactively. At time the instant motion was briefed, the issue of retroactivity of the 2024 Amendment was pending in the Seventh Circuit in *Clay*, supra. Clearly, both parties recognized the existence and importance of the question of retroactivity, and how resolution of the question could affect the available damages in this case. (Doc. 258, p. 6) The Seventh Circuit did, in fact, resolve the question in favor of the Amendment being applied retroactively and the elimination of "per scan"

4

damages. Specifically, it determined that "[a] plaintiff who alleges thousands of claims under BIPA Section 15 is only "entitled to, at most, one recovery under Section 20. We hold that this amendment applies retroactively because it impacts only the statutory damages available to plaintiffs—it does not change BIPA's substantive standards of liability." *Clay v. Union Pacific Railroad Company*, 171 F.4th 975, 985 (C.A.7 (Ill.), 2026).

Apart from the findings of the Court in *Clay*, Plaintiff argues that request No. 16 presents a legal question and, therefore, is objectionable. The Court disagrees. Paycor's request No. 16 is addressed to the issue of whether Plaintiff intends to pursue "per scan" damages, which, at the time of the request was particularly relevant. While the relevancy of the request has been reduced by *Clay*, it is not now nor was it then objectionable on the basis that it calls for a legal conclusion, as Plaintiff argues in his briefing.

Plaintiff also argues in his brief that the term "per scan" is vague and ambiguous. (Doc. 258, p. 4). This argument was not raised as an objection in his objection to request No. 16. An objection not raised in response to a request for admission is waived. (*See* Rule 36(a)(5) "The grounds for objecting to a request must be stated") But, even if properly raised it should still be denied because the term "per scan" is not vague and ambiguous. In fact, it is arguably a term of art within the BIPA litigation industry and has been referred to in state and federal cases alike. *Fleury v. Union Pacific Railroad Company*, 2023 WL 8621957, at *3 (N.D.Ill., 2023); *Cothron v. White Castle System, Inc.*, 216 N.E.3d 918, 937, 466 Ill.Dec. 85, 104, 2023 IL 128004, ¶ 72 (Ill., 2023); *Fox v. Dakkota Integrated Systems, LLC*, 2020 WL 8409683, at *3 (N.D.Ill., 2020)

5

Finally, Plaintiff argues that since Rule 26 requires the disclosure of a computation of each category of damages claimed and there is a duty to supplement, Paycor's motion conflicts with Rule 26. (Doc. 258, p. 3). Plaintiff goes on to argue that it has complied with Rule 26 and that it should suffice. Again, Plaintiff did not raise this in its objection to Request No. 16 and it is waived.  But, apart from the waiver, the duty to respond appropriately under Rule 36 is not subordinated by the concurrent duty to supplement under rule 26, nor the threat of sanctions under Rule 35.  Compliance with Rule 26 does not absolve a litigant of his duty to comply with Rule 36.

Before moving on, it is worthy of note that Plaintiff both objects and denies request No. 16.  If the purpose of Rule 36 is to allow litigants "to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree", then that purpose is effectively frustrated by a response containing both an objection and a denial. *Kasuboski,* 834 F. 2d at 1350. "Thus, given the plain language and purpose of Rule 36, the Court concludes that an objection to a RFA followed by an answer "based on, "subject to," or "without waiving" the objection is not authorized and undermines the proper use of RFAs, which is to "save time and expense by narrowing the issues to be tried." *LKQ Corporation v. Kia Motors America, Inc.,* 2023 WL 2429010, at *3 (N.D.Ill., 2023) Citing *Robinson v. Stanley*, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009); *Aprile Horse Transp., Inc. v. Prestige Delivery Systems, Inc.*, 2015 WL 4068457, *2-3 (W.D. Ky. July 2, 2015) (holding improper defendant's answers to requests for admissions "without waiving" its objections because "[t]hat practice has no basis in [ ] Rule 36 and would avoid the rule's narrowing-of-issues goal.").

For all these reasons, the Court will grant Paycor's motion.

Requests for Attorneys' Fees

Defendant contends "Plaintiff should be ordered to pay Paycor reasonable expenses, including attorneys' fees, for the costs associated with Plaintiff's failure to properly respond to Request for Admission No. 16." (Doc. 250, p.6) Plaintiff resists Paycor's request for fees and requests attorney's fees from Paycor under Rule 37(a)(5)(B). (Doc. 258, p. 7). For the following reasons, the requests for attorney's fees will be denied. Primarily, the Court believes that the issue that drives the outcome of the question of attorneys fees is whether Plaintiff had a reasonable basis for objecting to request No. 16. In light of the Illinois Supreme Court's ruling in *Cathron*, the Amendment to BIPA, and the then-pending question of retroactivity in *Clay*, there was confusion as to which damages would be available. Its true the Plaintiff could have simply responded he was pursuing "per scan" damages and then possibly withdraw the response once *Clay* was decided. In fact, the Court believes that would have been the best, not necessarily the only, course to take. Interestingly, Plaintiff's denial that it is "not seeking "per scan"" damages would suggest that he is, in fact, pursuing "per scan" damages. While the denial belies the objection, there is room for reasonable explanation that until *Clay* was decided, it was unknown whether the Plaintiff would be able to claim "per scan" damages. *See* FRCP Rule 37(c)(2)(C) (award of attorney's fees and expense not required if the party failing to admit had a reasonable ground to believe that it might prevail on the matter)

Neither is the Plaintiff entitled to attorney's fees or reasonable expenses for responding to the motion to compel. As noted above, the Plaintiff's objections are not well-founded nor was it proper to answer the request subject to an objection. Further, as to the present motion, there is nothing of record to suggest Paycor violated Rule 26 or Rule 36 such that Rule 37 should be employed.

## Disposition

Paycor, Inc.'s Motion to Compel (Doc. 250) is **GRANTED in part and DENIED in part**. Plaintiff is **ORDERED** to respond by either admitting or denying Paycor's Request for Admission No. 16 (Doc. 250-1) on or before June 12, 2026.  Paycor's request for Attorney's fees and reasonable expenses (Doc. 250) is **DENIED**. Plaintiff's request for Attorney's fees is DENIED.

**SO ORDERED.**

Dated: May 28, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.05.28 18:16:40 -05'00'

_____
DAVID W. DUGAN
United States District Judge

8