**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF ILLINOIS**

JUAN BARRON, individually and on behalf of all others similarly situated, )
)
)
Plaintiff, )
)
vs. )     Case No. 3:20-cv-264-DWD
)
PAYCOR, INC., )
)
Defendant. )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Barron's Second Motion to Compel. (Doc. 309/310). Paycor has responded and arguments were made and heard. The Motion is now ripe for consideration.

### JUAN BARRON'S SECOND MOTION TO COMPEL

This Motion addresses three interrogatories propounded by Barron to Paycor. (Doc. 309, Exh. A). Interrogatory No. 7 asked Paycor to:

Identify and Describe any and all software programs used in connection with any Biometric Device during the Relevant Time Period, including the manufacturer of any such software.

Interrogatory No. 15 asked Paycor to:

Describe the protocol(s), policies, procedure(s) or process(es) You follow to destroy, delete and/or purge Plaintiff's and the Proposed Class Members' Biometric Identifiers and Biometric Information from Your Biometric Device(s).

Barron's Interrogatory No. 22 asked Paycor to:

1

Identify and Describe any protocols, policies, or procedures You have established or followed during the Relevant Time Period to ensure compliance with BIPA.[1]

Paycor objected to each interrogatory on a variety of bases but did provide responsive information as well which Barron nevertheless claims is incomplete. During "oral discovery, however, Plaintiff learned that Paycor has in fact been using two different software platforms in connection with its Perform Time biometric timekeeping system—the Azure DevOps platform and the Aha! platform." (Doc. 310, p. 2). Plaintiff now moves this Court to compel Paycor to "produce the following [  ] categories of responsive information and documents":

a. "All information from Paycor's Azure DevOps platform relating to biometrics;

b. All information from Paycor's Aha! platform relating to biometrics; "(Doc. 309, p. 2)

For its part, Paycor responds indicating that Plaintiff has failed to meet and confer as directed by the Court (Doc. 302), that Paycor made Plaintiff aware years ago that the clocks always allowed Paycor's customers to delete their employees' finger-scan templates and that automatic deletion for lost customer was implemented in 2018. (Doc. 314). Paycor adds that it provided information about template deletion and embedded

---

[1] In the Parties' Joint Report (Doc. 299) Plaintiff asserts that Paycor did not produce documents identified in the depositions of Patrick McCoy and Mike Shaker relative to creation of Perform Time in 2012 and 2013 and deletion of "Class member biometric templates." at p. 13. Plaintiff then asserts that a number of interrogatories and requests for production should have produced responses referencing the platforms. However, Plaintiff's Motion to Compel only references Interrogatory Nos. 7, 15, and 22.

2

consent through witnesses including David Goodwin and Mitri Dahdaly and has supplemented its responses on two occasions. *Id.* Paycor also indicates that it provided Plaintiff in October 2024 with screenshots from ADO, showing details of the 2021 project implementing embedded consents and the 2018 project implementing deletion of templates from lost customers. (Doc. 314, p. 4)

### DISCUSSION

It is worthy of note at the outset that Plaintiff in each of the interrogatories at issue, asks Paycor to "Identify" and/or "Describe" software or protocols and policies. But, in Barron's Motion, he now much more broadly asks this Court to compel Paycor to provide "all information" relative to the two platforms. Plaintiff does not point to either a request for production or interrogatory, initial or supplemental, that specifically requests the production of all information regarding the two platforms.

To seek "all information" is a far broader and encompassing request than to ask the party to only "identify" and "describe". The former is unlimited in its time and unbounded in its scope. Simply, Plaintiff seeks to compel Paycor to answer an inquiry that was not asked. Fundamentally, a litigant should not be compelled on motion to answer that which he was not asked in discovery. "In reviewing a claim that an answer to an interrogatory is not responsive or is incomplete, the initial focus is on the question, not the answer, for on the question you ask depends the answer you get." *Todero v. Blackwell*, 2018 WL 10601816, at *5 (S.D.Ind., 2018) citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 323 (N.D. Ill. 2005).

Apart from questions of scope, Paycor claims that "all information" would necessarily include its code, which it says is proprietary. In fact, it is clear from Plaintiff's Motion that he does, in fact, seek code as well as "any other numerous items of information that Mike Shaker testified would be stored" on the platforms. (Doc. 310, p. 4) It is not clear why Plaintiff believes he is entitled to Paycor's coding relative to the two platforms but he nevertheless fails to clearly demonstrate why the interrogatories he propounded would call for the production of the coding or, for that matter, "any other numerous items of information that Mike Shaker testified would be stored" on the platforms.

Another problem with Plaintiff's Motion is that Paycor contends that its responses are complete and that Plaintiff has not identified an incomplete discovery request or disclosure. (Doc. 314, p. 3). Likewise, the Court is unable to identify any incomplete discovery response identified in the instant Motion. "The fact that Plaintiff may disbelieve or disagree with Defendants' discovery response, however, is not a ground upon which it may compel discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect." *Todero* at *6. The proponent of a discovery request who believes the answers are incomplete has the burden of showing that they are incomplete. While Plaintiff argues need, he fails to demonstrate incompleteness. Indeed, the meetings and conferences, the joint report, the motion to compel, the briefing, the in-court oral arguments and this Order could have been avoided with narrowly and precisely drawn supplemental discovery requests.

### DISPOSITION

Accordingly, Plaintiff Juan Barron's Second Motion to Compel (Doc. 309) is

DENIED.[2]

**SO ORDERED.**

Dated: July 7, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.07.07 21:25:56 -05'00'

_____

DAVID W. DUGAN
United States District Judge

---

[2] Plaintiff's Motion to Compel also sought the production of insurance policies and communications. (Doc. 310, p. 7-8). However, the parties "agreed that the Paycor's production of the Chubb Reservation-of-Rights Letters in unredacted form moots Plaintiff's Second Motion to Compel only as to the specific Chubb Reservation-of Rights Letters produced." (Doc. 331, pg. 2) This Order does not address those mooted issues.