**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF ILLINOIS**

KELLIN JOHNS, individually and on
behalf of all others similarly situated,
and JUAN BARRON,

    Plaintiffs,

vs.

PAYCOR, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:20-cv-264-DWD

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court relative to yet another discovery dispute between the parties, this time regarding production of insurance related documents and whether those documents are subject to disclosure under Rule 26. In Plaintiff's Second Motion to Compel (Doc. 309) he seeks production of "all tenders, denials, agreements, emails, and other correspondence" related to the two policies Plaintiff claims were disclosed out of time. (Doc. 309, p. 10). Defendant claims the documents need not be produced because they are protected by attorney-client privilege, common interest privilege, insurer-insured privilege and attorney work product privilege. (Doc. 299 and Doc. 314) At oral argument on the Motion, the Court directed the Defendant to submit the documents for an *in camera* review and determination as to whether they are subject to privilege or are otherwise appropriately disclosed. Defendant complied and provided a privilege log. The Court has reviewed each of the documents

1

### BACKGROUND

Defendant submitted for the Court's *in camera* consideration 12 document files, A-L. They are described individually.

File A consists of Chubb policy that provides for Digital Technology & Professional liability Coverage. It consists of the Policy, Policy Declaration pages, and endorsements for the policy period 9-30-2017 to 9-30-2018. Defendant represents that this document was produced in November 2024 subject to an Agreed Confidentiality Order.

File B consists of a Chubb policy endorsement that extends policy period from 9-30-2017 to 11-1-2018. According to Defendant, this document(s) has been provided pursuant to an Agreed Confidentiality Order.

File C  is Reservation of Rights letter from Chubb dated January 19, 2019, relative to the *Bolds v Paycor* matter pending in Cook County, Illinois (2018 Ch 01811). According to Defendant, this document(s) has been provided pursuant to an Agreed Confidentiality Order. Defendant nevertheless claims that the letter need not be produced because it is protected by attorney-client privilege, common interest privilege, insurer-insured privilege and attorney work product privilege.

File D is a Reservation of Rights letter from Chubb dated June 25, 2019, relative to the *Bolds v Paycor* and the *Ragsdale v Paycor* pending Cook County Illinois. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File E also a Reservation of Rights letter dated May 17, 2021, related to the present matter as well as the *Bolds v Paycor* and the *Ragsdale v Paycor* matters pending Cook

2

County Illinois. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File F. General Liability Notice of Occurrence/Claim made to National Fire Insurance Company of Hartford dated 5/22/24 regarding present matter. This document was not produced. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File G.  Denial of Coverage letter from CNA to Paycor's representative dated July 17, 2024, relative to the claim made to National Fire Insurance Company of Hartford, Transportation insurance Company, and Continental Insurance Company. This document was not produced. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File H.  Declarations page and policy from Chubb for policy period 11/02/19 to 11-02-2020. This document was produced subject to the Agreed Confidentiality Order but not until February 12, 2026. Paycor claims that this is privileged by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File I. Tender letter from Paychex, Inc. to Ace American Insurance company (Chubb) under a Chubb DigiTech Risk policy relative to *Johns vs Paycor*. Paycor claims

that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File J. Chubb letter dated June 19, 2026, denying coverages on the present matter but agreeing to continue to defend. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

File K Transmittal letter from AXA XL to Marsh USA regarding Paycor dated December 13, 2019, attaching Excess Error and Omissions Policy. These documents were produced on February 12, 2026, subject to an Agreed Confidentiality Order.

File L Tender Letter and Notice of Claim from Paycheck, Inc, successor, to Paycor, to ACE American Insurance Company ("Chubb") dated May 26, 2026. Paycor claims that this is privileged and therefore not produced by reason of the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product.

## LEGAL STANDARDS

The Court enjoys "extremely broad discretion" in controlling discovery and considering relevancy issues. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); see also *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising [*8] discovery."). *Heselton v. Espinoza*, 2023 WL 167093 *3. This Court has observed that in all but a small percentage of cases, the Court's involvement in unraveling discovery disputes is not necessary

4

because the rules governing discovery are so comprehensive. The issues presented in this dispute, as in many discovery disputes, are largely answered by Rule 26.

A defendant must produce at the time of initial disclosure any "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Certainly, the language of Rule 26 does not specifically require the disclosure of any other document related to insurance. Some Courts find that the requirement to produce any insurance agreement is limited to the agreement. See *Resolution Trust Corp. v. Thornton*, 41 F.3d 1539, 1547, 309 U.S. App. D.C. 384 (D.C. Cir. 1994) (discovery rule production requirement limited to insurance policy only); *Excelsior College v. Frye*, 233 F.R.D. 583, 585-86 (S.D. Cal. 2006) (same); 1970 Advisory Committee Note to Rule 26(b)(2) and 1993 Advisory Committee Note to Fed. R. Civ. P. 26(a)(1)(D)[1] (required production of insurance agreement does not include application for discovery purposes). But neither does the language of the Rule necessarily bar production of such documents in the course of discovery. However, because there are a variety of claims and issues that can arise where insurance related documents other than the insuring agreement might be relevant to a given cause of action, Rule 26(a)(1)(A)(iv) should not be read to necessarily exclude from production documents such as letters, policy endorsements, claim forms or letters expressing a reservation of rights. See *Oppenheimer Fund, Inc. v. Sanders*, 98 S.Ct. 2380, 2389, 437 U.S. 340, 351

---

[1] Rule 26(a)(1)(D) was renumbered and is now Rule 26(a)(1)(A)(iv).

(U.S.N.Y., 1978) ("Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.") Cases involving claims for bad faith, breach of contract, and fraud, for example, could call for the disclosure of letters and correspondence underlying or related to the policy. Rule 26 would not exclude production of such documents.  So, while the language of the Rule is plain regarding scope of production at the time of initial disclosure, this Court does not believe that it is an absolute bar to production of non-policy insurance documents when they are otherwise discoverable.

The scope of permissible document discovery is governed in large part by Fed. R. Civ. Pro. Rule 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." The term "relevant" for discovery purposes "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 98 S.Ct. 2380, 2389, 437 U.S. 340, 351 (U.S.N.Y., 1978) "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. Pro. Rule 26(b)(1).

### DISCUSSION

As noted, Paycor contends that it need not produce certain documents and claims the protection of privilege under the Common Interest Doctrine, attorney client privilege, insurer-insured privilege and attorney work product. Paycor does not provide a factual basis or develop a legal argument in support of its claims of privileges other than to point

to Doc. 299, p.19 and Doc. 314, p. 6 where it cites to several cases: *Jump v. Montgomery Cnty.*, 2015 U.S. Dist. LEXIS 97176, *4 (2015) (where "responsive documents sought include litigation management reports from trial counsel to the [insurer]" such documents may be subject to attorney client and work product privilege). *Native Am. Arts, Inc. v. Bundy-Howard, Inc.*, 2003 U.S. Dist. LEXIS 4393, *3-4 (2003) ("Though the parties dispute the answer to the question at issue, what their submissions clearly have in common is a demonstration that no reported case has dealt directly with the question whether the Rule's reference to "any insurance agreement" embraces an insurer's reservation-of-rights letter."); *Sea Salt, LLC v. Bellerose*, 2020 U.S. Dist. LEXIS 154147, *4 (2020) ("Indeed, other courts have relied upon the plain language of [Rule 26] to conclude that other insurance-related documents, including reservation-of-rights letters, are not discoverable"); *Excelsior College v. Frye*, 233 F.R.D. 583, 585 (2006) ("Case law does not support an extension of the requirements of Rule 26(a)(1)(D), beyond its plain meaning").

With the exception of *Jump*, none of the cases cited by Paycor mention the word "privilege" let alone address whether a privilege exists to form a legitimate basis for objection to production of non-policy insurance documents or communications. In *Jump*, the communications at issue involved trial counsel's reports regarding case management, which clearly fall at least within the realm of work product and possibly protected attorney-client communications.

On the other hand, Plaintiff points to no particular need to have access to any insurance documents or any pending issue, nor does he demonstrate relevance. *Hollis v. CEVA Logistics*, 603 F. Supp. 3d 611, 620 (N.D. Ill., 2022) ("Under general discovery

7

principles, the party seeking to compel discovery has the burden of showing relevance."). Rather, Plaintiff claims that the insurance agreements should have been produced by Paycor years ago and their late disclosure warrants a deeper look by directing the production of "all tenders, denials, agreements, emails, and other correspondence". Still, Rule 26(b)(1) requires a showing of relevance to support compelling production.

Nevertheless, in several of the documents at issue there is information that leaves room for the argument that they are privileged communications, and, on that basis, they should be barred from disclosure and production.

Files A, B, H and K contain Policy and insurance agreement documents under which the insurance company may be liable to satisfy all or part of a possible judgement or to indemnify or reimburse for payments made to satisfy the judgment. As such, the mandate of Rule 26(a)(1)(A)(iv) requires, regardless of legal relevance, the disclosure of these documents and Defendant will be ordered to produce them to Plaintiff.

Files C, D, E, F, G, I, J, and L contain communications between an insurer and Paycor's representatives. Some of these files contain arguably privileged communications and would not be discoverable. In any event, these documents are also not relevant to any claim, defense or issue pending before this Court and, therefore, need not be disclosed.

## CONCLUSION

Plaintiff's Second Motion to Compel (Doc. 309) is GRANTED in part and DENIED in Part. The Documents contained in Files A, B, H and K are not subject to any privilege

and shall be produced within seven (7) days. The Documents contained in Files C, D, E, F, G, I, J, and L are not relevant under Rule 26(b)(1) and need not be produced by Defendant.

**SO ORDERED.**

Dated: August 1, 2026.

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.08.01 13:37:44 -05'00'

_____
DAVID W. DUGAN
United States District Judge